# Exhibit G

Gregory Baka
Acting Attorney General

Tom Schweiger (F0196)
Assistant Attorney General
Office of the Attorney General
Juan A. Sablan Memorial Building
Capitol Hill, 2nd Floor
Caller Box 10007
Saipan, MP 96950

(670) 664-2341
(670) 664-2349 Fax

Attorneys for Intervenor-Plaintiff

E-FILED
CNMI SUPERIOR COURT
E-filed: Jan 28 2009 1:58PM
Clerk Review: Jan 29 2009 8:49AM
Filing ID: 23499053
Case Number: 04-0449-CV
Elsa Duenas

IN THE SUPERIOR COURT

FOR THE

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| THE BANK OF SAIPAN INC., <br>     Plaintiff <br><br> CNMI DEPT. OF PUBLIC LANDS successor in interest to MARIANAS PUBLIC LANDS AUTHORITY, <br><br>     Intervenor – Plaintiff <br><br> v. <br><br> RANDALL T. FENNELL, RICHARD W. PIERCE; WHITE, PIERCE, MAILMAN & NUTTING, DAVID W. AXELROD; SCHWABE, WILLIAMSON & WYATT; AND DOES 1-20, <br>     Defendants | C.A. No. 04-0449 <br><br><br><br><br><br> **CNMI's JOINDER IN REQUEST FOR SCHEDULING CONFERENCE** <br><br><br> Judge: Arthur R. Barcinas <br> Date:_____ <br> Time:_____ |

Now comes the CNMI Dept. of Public Lands and joins in the Bank of Saipan's request for a scheduling conference. Some motions have been filed and argued extensively in this matter, yet there has been no ruling made upon them. In the desire to cease the numerous delays that have occurred in this

**EXHIBIT G-1**

case, the CNMI proposes that all motions that have been argued before this Court don't need to be re-argued. Rather the Court can review the appropriate pleadings on file and listen to the audio recordings of the hearings. Numerous other motions have been made and not yet been argued. The motions dealing purely with issues of law can be decided on the pleadings. The motions dealing with issues of fact must be quickly scheduled for hearing. The CNMI is confident that this Court can determine the most efficient manner and order in which these issues should be heard and decided.

The issues which are of direct concern to the CNMI are as follows:

1. The issue of whether or not Defendant Randall T. Fennell was a government employee or not,[1] and

2. If Defendant Randall T. Fennell is found to have been a government employee, whether or not his actions exceeded the authority given him as a government employee.

The adjudication of these two issues will determine how the CNMI will proceed in the rest of this matter.

Numerous acts have not yet been done by the parties to this litigation and a definite timeline needs to be set for them to be finished. As this matter has been pending for a number of years without any significant progress being made towards final adjudication, the CNMI requests that this Court place this case on

---

[1] Now that the CNMI is not the Trier of Fact for this issue, they feel that they can argue their position in this matter.

**EXHIBIT G-2**

an expedited schedule and set short deadlines for all the various matters pending in it. A scheduling conference with the parties involved would help in getting this matter on a track to be resolved in an expeditious manner.

Respectfully Submitted by,

*Tom Schweiger* (signature)

Tom Schweiger – Asst. Attorney General

**EXHIBIT G-3**

# Exhibit H

LAW OFFICES OF
# REXFORD C. KOSACK
POST OFFICE BOX 500410
SAIPAN, MARIANA ISLANDS 96950

REXFORD C. KOSACK
GLENN A. JEWELL
DOUGLAS K. DALEY

TEL: (670) 322-8800
FAX: (670) 322-7800

March 9, 2009

*Via Hand Delivery*

Honorable Gregory Baka
Acting Attorney General
Office of the Attorney General
Commonwealth of the Northern Mariana Islands
Caller Box 10007
Saipan, MP 96950

Re: *Bank of Saipan, Inc. v. Randall T. Fennell, et al.,* **Commonwealth Superior Court Civil Action No. 04-0449A**

Dear Mr. Baka:

As you know, I represent Randall T. Fennell in the above-entitled lawsuit. Mr. Fennell has been sued for acts allegedly done by him as Receiver for the Bank of Saipan. The purpose of this letter is to, again, point out the conflict of interest possessed by your office and to suggest that appropriate remedial action be taken by you forthwith.

**Appointment as Receiver**

At the request of your office, Mr. Fennell was first appointed by Presiding Judge Edward Manibusan as Receiver on April 30, 2002. He acted as Receiver until September 27, 2002 when Judge Manibusan relieved him from serving as Temporary Receiver.

**Lawsuit Filed**

On September 27, 2004, the Bank of Saipan, Inc. sued Mr. Fennell for acts done as the Temporary Receiver. A First Amended Complaint was filed on November 19, 2004. Mr. Fennell

**EXHIBIT H-1**

RECEIVED
Office of the Attorney General
Civil Division
Date: 3-9-09
Time: 130
Rec'd by: [signature]

Acting Attorney General Gregory Baka
March 9, 2009
Page 2

is currently defending against the action brought by the First Amended Complaint.

**The Attorney General's Office Becomes Mr. Fennell's Attorney**

Mr. Fennell requested the Commonwealth Superior Court to provide him with legal representation and indemnification under the Public Employees Legal Defense and Indemnification Act, 7 CMC § 2301, *et seq.* ("PELDIA"). This request was granted on August 26, 2005 by Presiding Judge Robert C. Naraja. *See* Letter from Attorney General to Mr. Fennell, attached hereto as Exhibit "A." <u>Attorney General Pamela Brown assigned Assistant Attorney General David Lochabay to represent Mr. Fennell.</u> *Id.* Mr. Fennell on numerous occasions has had confidential communications with Mr. Lochabay and other attorneys at the Office of the Attorney General in furtherance of his defense of this case.

**MPLA is Allowed into the Lawsuit**

On October 7, 2005, the Court granted the Marianas Public Land Authority the right to intervene in the lawsuit.[1] On October 12, 2005, MPLA filed a different complaint than the one approved for intervention. That complaint was signed by your predecessor, Matthew Gregory, in his then-capacity as MPLA's attorney.

**The AG's Office Takes Over Representation of MPLA, a Plaintiff, and Argues a Position Adverse to its Client Mr. Fennell, a Defendant**

On July 10, 2006, a motion to dismiss MPLA's complaint was filed on the ground that Public Law 15-2 dissolved MPLA and transferred its powers and duties, but not its rights, to the Department of Public Lands. The granting of the motion to dismiss, obviously, was in Mr.

---

[1] MPLA had sought intervention on August 18, 2005.

**EXHIBIT H-2**

Acting Attorney General Gregory Baka
March 9, 2009
Page 3

Fennell's interest. The Attorney General's office took two acts in this regard which were a violation of its duties to Mr. Fennell.

First, the Attorney General's office had to decide whether to represent Public Lands, now an executive branch department, in its role as a putative plaintiff. Given the fact that it already represented Mr. Fennell, surely the answer would be no. Shockingly, the answer was yes. <u>You, personally, signed documents in which you were stated to be attorney</u> for "Intervenor-Plaintiffs, former Board of Marianas Public Land Authority and former Marianas Public Land Authority; and for the Commonwealth of the Northern Mariana Islands Department of Public Lands." *See, e.g.,* Motion for Continuance; Declaration of Counsel[;] Certificate of Service (filed August 14, 2006) *and* Memorandum re: Standing of Intervenor-Plaintiffs; Certificate of Service (filed August 24, 2006). By agreeing to represent an adverse party, your office violated its duties to Mr. Fennell.

Second, despite the fact that it was adverse to Mr. Fennell's interest to do so, the Office of the Attorney General chose to attempt to further the interest <u>of its other client</u> in the case, and opposed Mr. Fennell's motion on behalf of Public Lands. The Court ruled on August 31, 2006 that Public Lands had standing to litigate MPLA's claims. As a result, Mr. Fennell is still subject to the risk presented by the Public Lands' complaint filed against him. By arguing for a result adverse to Mr. Fennell's interests, your office violated its duties to him.

**Mr. Fennell Seeks Certification Under P.L. No. 15-22**

On August 3, 2006, the Fifteenth Northern Marianas Commonwealth Legislature enacted Public Law 15-22, the "Commonwealth Employees' Liability Reform and Tort Compensation Act

**EXHIBIT H-3**

Acting Attorney General Gregory Baka
March 9, 2009
Page 4

of 2006" (the "Act"). The Act provides: "The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Commonwealth . . . ." § 2209. It further provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his/her office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a court against an employee shall be deemed an action against the Commonwealth and the Commonwealth shall be substituted as the party defendant, if the Commonwealth was not already a defendant in the suit. An Order dismissing the employee from the suit shall be entered.

§ 2210(a).

The new law directed Mr. Fennell to request the Attorney General to certify that he was a government employee and was acting within the scope of his office at the time of the incident out of which these claims arose. Mr. Fennell did so, through his counsel, on September 14, 2006. It was pointed out to Mr. Gregory, however, that he was compelled to decline to make any determination on the grounds of conflict. This conflict included, but was not limited to, Mr. Gregory's "prior involvement as MPLA's counsel, and your office's present involvement as counsel to Public Lands, both representing an adversary to Mr. Fennell, makes your determination of certification (or the determination by any member of your office) untenable. The conflicts of interest are apparent, and Mr. Fennell would be denied his due process rights should your office participate in this important decision."[2] That letter was concluded with the following language: "I

---

[2] One additional conflict was the fact Mr. Gregory, as Attorney General, had duties to the Governor, who previously had been a member of the Bank of Saipan's board of directors. Another was that Mr. Gregory approached Mr. Fennell, when he was Receiver, claimed that he was acting on behalf of Tan family members who sat on the board, and attempted to lobby Mr. Fennell regarding Bank business.

**EXHIBIT H-4**

Acting Attorney General Gregory Baka
March 9, 2009
Page 5

would appreciate the courtesy of a prompt determination of this request. I believe any delay in handling this matter would appear to be adversarial and unprofessional given the clear facts of your office's conflict."

**The AG's Office Does Nothing for Over Two Years**

Despite the request that the AG's office act promptly, <u>it took over two years for your office to do anything with respect to Mr. Fennell's request for action on the matter</u>. This delay clearly was not in Mr. Fennell's best interests. Again, your conduct was adverse to him. And, there was not just one request for action, there were numerous requests for action and they all fell on deaf ears:

- On October 11, 2006, Glenn Jewell of my office spoke to you regarding the request for certification concerning Mr. Fennell. He was told no decision had been made.

- On October 31, 2006, Mr. Jewell spoke to you again regarding the request for certification concerning Mr. Fennell. He was told no decision had been made. He asked for an estimate when an answer might be received. You said you thought three weeks was a good estimate.

- On November 27, 2006, Mr. Jewell spoke to you again regarding the request for certification concerning Mr. Fennell. He was told no decision had been made. You said we should have an answer by the end of the year.

- On January 1, 2007, I spoke with you to renew my request for an answer. You informed me that a decision would be made by January 5, 2007.

- On January 5, 2007, I contacted you through Assistant Attorney General Anthony Welch,

**EXHIBIT H-5**

Acting Attorney General Gregory Baka
March 9, 2009
Page 6

who had been handling the matter. I was informed that a decision had not yet been made, but that a decision would be made soon.

- On January 9, 2007, Mr. Jewell spoke to Mr. Welch, who told Mr. Jewell he would call him with a decision the next day. Mr. Welch did not do so.

- On March 26, 2008 there was a status conference in this case. On that date, I reminded Mr. Welch that no action had been taken on my letter relating to certification.

- On March 31, 2008, Doug Daley of my office spoke by telephone with Mr. Welch regarding the request for certification concerning Mr. Fennell. He told Mr. Daley he hoped to have a decision on Mr. Fennell's request for certification by the following Friday, but could make no promises. He said he had other priorities: first a matter in the U.S. District Court, then a matter in the CNMI Supreme Court, and then Mr. Fennell's request.

- On May 14, 2008 there was an oral argument in this case relating to the rule of necessity. On that date, I again reminded Mr. Welch that no action had been taken on my letter relating to certification.

Your office failed to act, or acknowledge that it must decline to act, despite the fact your office recognized that it had a conflict. During the May 14, 2008 hearing, in which the Court was considering whether a judge of the CNMI Superior Court could handle the case pursuant to the Rule of Necessity, Mr. Welch stated on the record that: "I filed for the government a joinder in this matter. Uh, because of individual ethical conflicts, I move to withdraw that, and then once this matter is settled, put the ethical matter before the court, so, uh, that's withdrawn."

# EXHIBIT H-6

Acting Attorney General Gregory Baka
March 9, 2009
Page 7

(Emphasis added.)[3]

It took another seven months for your office to act, despite this admission. (Furthermore, we are not aware that the "ethical matter" was ever actually "put before the court" as was indicated would occur.) By waiting for over two years before issuing its declination notice, when it was so clear that that was what was called for, your office violated its duties to Mr. Fennell – especially when it appears the delay was intended to be an attempt to benefit your office's other client, Public Lands.

**When the AG's Office Finally Takes Action, it Still Advocates Against Mr. Fennell**

On December 1, 2008, we made our final request for your office to take action on Mr. Fennell's certification request. That letter states in part, "Mr. Fennell once again requests that the Office of the Attorney General immediately decline to make the certification decision on the grounds of conflict so that he may bring this matter to the Superior Court for determination." You were informed that if this was not done by December 15, 2008, then we would petition the Court to determine the issue of certification.

On December 12, 2008, 27 months after it had been requested to act, your office finally acknowledged that it could not decide this matter. Your "Notice of Declination to Act on Defendant Fennell's Request for Certification" was filed. Instead of filing a straight-forward document stating that your office was declining to act on the petition for certification and

---

[3]The "joinder" mentioned by Mr. Welch was a joinder in the Bank of Saipan's position that the Rule of Necessity did not apply, a position opposed by Mr. Fennell. <u>Once again, your office chose to advocate the supposed interests of one client, Public Lands, against the interests of another client, Mr. Fennell, in the very same case.</u>

**EXHIBIT H-7**

Acting Attorney General Gregory Baka
March 9, 2009
Page 8

deferring the matter to the Court, your office chose to submit inapposite legal authority on the matter, apparently attempting to poison the well on your way out. It seems the temptation to continue to act against Mr. Fennell's position was just too great. This act was simply unnecessary, if your only goal was to indicate that you would not act on the matter.

Since this filing, your office has apparently and inexplicably taken the position that its actions are now unfettered, despite the fact that your office has attorneys are on both sides of the dispute. Indeed, your office wants to weigh in on the issues of (1) whether its client, Mr. Fennell, was a government employee or not and (2) whether his actions exceeded the authority given to him. See "CNMI's Joinder in Request for Scheduling Conference," filed January 28, 2009. Obviously, it is in Mr. Fennell's interest that his advocates argue for an answers of "yes" to question one and "no" to question two. Unfortunately, it appears that you are prepared to – once again – take a position on these issues contrary to Mr. Fennell's position.

Thus, your office has violated its duties to Mr. Fennell in numerous ways. First, by deciding to represent a plaintiff, Public Lands, against its client Mr. Fennell, a defendant, in the same lawsuit. This is a continuing violation. Second, by advocating positions on behalf of Public Lands within the lawsuit that are adverse to its client Mr. Fennell. Third, by artificially delaying for over two years the act of declining to act on his certification request under P.L. 15-22. Fourth, by continuing to advocate against Mr. Fennell's interests, even while, and after, declining to act on the certification request.

**The AG's Office Needs to Take Appropriate Action**

It is beyond dispute that the Attorney General's Office is hopelessly conflicted in this

**EXHIBIT H-8**

Acting Attorney General Gregory Baka
March 9, 2009
Page 9

matter. It represents parties on both sides of the matter, which is the most basic of conflicts. *See* Model Rule of Professional Conduct 1.7(a) (concurrent conflict of interest exists when representation of one client is directly adverse to another client); Model Rule of Professional Conduct 1.7(b) (concurrent conflict of interest may not be waived when representation involves assertion of a claim by one client against another client represented by the lawyer in the same litigation). It appears that the best course of action to attempt to mitigate some of the harm caused by the conduct of the Attorney General's office would be for the office to withdraw completely from all involvement in the proceeding.

Please let me know if you believe I have misapprehended either the facts or the law. I would be happy to discuss this matter in greater detail if you believe I have done so or if you believe there is another reason for us to talk. Please do not, however, turn a blind eye to the issues I have raised, as has occurred so often in the past with respect to this case. This matter will have to be resolved in an acceptable manner. I hope you will agree that these are serious issues which require prompt and effective remedial measures. Thank you.

Very truly yours,

Rexford C. Kosack

cc: Tom Schweiger

**EXHIBIT H-9**




EXHIBIT A

Commonwealth of the Northern Mariana Islands
## Office of the Attorney General

2nd Floor Hon. Juan A. Sablan Memorial Bldg.
Caller Box 10007, Capitol Hill
Saipan, MP 96950

**Civil Division**
Tel: (670) 664-2341/42
Fax: (670) 664-2349

**Criminal Division**
Tel: (670) 664-2366/67/68
Fax: (670) 234-7016

**Investigative Unit**
Tel: (670) 664-2310/12
Fax: (670) 664-2319

**Division of Immigration**

**Saipan**
Tel: (670) 236-0922/23
Fax: (670) 664-3190

**Rota**
Tel: (670) 532-9436
Fax: (670) 532-3190

**Tinian**
Tel: (670) 433-3712
Fax: (670) 433-3730

**Domestic Violence Intervention Center**
Tel: (670) 664-4583/4
Fax: (670) 234-4589

August 26, 2005

Randy Fennell
Saipan, MP 96950

Re: *Bank of Saipan, Inc. v. Fennell, et al.*, Civil Action No. 04-449A (N.M.I. Super. Ct.)

Dear Mr. Fennell:

    We have received the requests you have made for legal representation under the Public Employees Legal Defense and Indemnification Act, 7 CMC § 2301, *et seq.*, or PELDIA for the above-captioned litigation. Specifically, you have made requests to the N.M.I. Supreme Court, N.M.I. Superior Court, Department of Commerce, and Attorney General's Office. You have not been sued for your employment with the N.M.I. Supreme Court, the Department of Commerce, or the Attorney General's Office, so you are ineligible for PELDIA coverage from those agencies. As you know, we have previously indicated Presiding Judge Robert C. Naraja's approval of your request because you have been sued for actions you took as an employee (as determined by then-Presiding Judge Manibusan) of the Superior Court. This letter clarifies the Court's position.

    Under the provisions of 7 CMC §2304(a), certain conditions must be satisfied in order for a public employee to receive a legal defense at the expense of a public entity. Moreover, a public entity's obligation to indemnify or "pay any settlement (to which the public entity has agreed) or any judgment" against a public employee is subject to the same conditions. *Id.*

    Specifically, government employees are only eligible for defense and indemnification if:

> (1) The employee requests the public entity to pay for his defense or to defend him against any claim against him for an injury arising out of an act that he reasonably and in good faith believes has occurred within the scope of his employment as an employee of the public entity (whether or not the employee is sued in an official or private capacity);
> (2) The employee has not acted because of actual fraud, actual malice, or willful criminal misconduct;

**EXHIBIT H-10**

(3) The employee reasonably cooperates in good faith in the defense of the claim ....

7 CMC §2304(a).

First, we have reviewed the request and reviewed the information we currently possess regarding your actions. As I have indicated, the Court is agreeable to extending defense and indemnification coverage. The allegations in the complaint, if proven true, however, may place you outside of PELDIA coverage. As a result, the coverage provided is with reservations of rights on behalf of the Commonwealth to later determine if your conduct falls under PELDIA coverage.

Second, for defense, you may use the services of David Lochabay, an Assistant Attorney General, as we have previously informed you. Because conflicts do not prevent our office from representing you in this matter, we cannot justify using public funds to pay for your outside counsel. Indeed, Presiding Judge Naraja has denied this request.

Third, if you need to be indemnified in this action, the funds will be taken from the "Judgments Against the Government" Account (No. 1623.65350) maintained by the Department of Finance, subject to appropriation by the Legislature if necessary. I am the expenditure authority for this account, which is used to pay judgments and settlements.

Finally, we understand that you have obtained private insurance coverage that is independent from PELDIA coverage for your actions as Receiver and have requested coverage from the Bank of Saipan. The PELDIA coverage provided is secondary to your private insurance and any coverage provided by Bank of Saipan. This is consistent with the law regarding receiverships in which the entity under receivership generally pays all the expenses of the receivership, including defending and indemnifying the receiver in subsequent receivership-related litigation.

If you have any questions or comments, please let us know.

Best regards,

Pamela Brown
Attorney General

cc: Hon. Miguel Dempan, Chief Justice, N.M.I. Supreme Court
Hon. Robert C. Naraja, Presiding Judge, N.M.I. Superior Court
Daniel Camacho, Acting Secretary, Commerce
Rexford Kosack

**EXHIBIT H-11**