December 8, 2005

Honorable Robert C. Naraja
Presiding Judge
Commonwealth Superior Court
House of Justice, Guma Husticia Building
Saipan, MP 96950

Re: **Payment of Defense of Former Receiver in Bank of Saipan Lawsuit Reconsidered**

Dear Presiding Judge Naraja:

On August 26, 2005, I was informed by Attorney General Pamela Brown that you had authorized my indemnification in the lawsuit of *The Bank of Saipan, Inc. v. Randall T. Fennell, Richard Pierce, White, Pierce, Mailman & Nutting, David W. Axelrod, Schwabe, Williamson & Wyatt*, CNMI Superior Court Civil Action No. 04-449A. The same letter indicates that with respect to my request for defense costs, you denied this request as conflicts do not prevent the Attorney General from representing me in this matter. I believe that as this case has developed over the past three months, conflicts have begun to arise that were not anticipated before. For that reason, I am asking that you reconsider your denial and grant my request for private counsel.

I recognize that the decision whether to provide a defense through the Attorney General or through separate counsel is committed to the entity that was the employer by the PELDIA statute. 7 CMC § 2304(a) ("at the public entity's discretion"). This discretion, however, must be guided by the ethical rules governing lawyers addressing actual and potential conflicts of interest which may arise in the course of representing multiple clients. Rule 1.7 of the Model Rules of Professional Conduct provides that a lawyer should not engage in multiple representation of

Honorable Robert C. Naraja
December 8, 2005
Page 2

clients if "there is a significant risk that he representation of one or more clients will be materially limited by the lawyer's responsibilities to another client" unless "the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client" and "each affected client gives informed consent, confirmed in writing." *See also, Eriks v. Denver*, 824 P.2d 1207, 1212 (Wash. 1992).

The potential conflict of interest in this case arises from the Attorney General's representation of the Secretary of Commerce, the plaintiff who petitioned the Bank of Saipan into receivership, presently and for the past 3 ½ years. Initially, I was willing to accept your decision based upon the belief that there would be no potential conflict in the same office representing both the Secretary and myself. Since then, conflicts have begun to arise between the Secretary's position and mine on several issues. In particular, a critical issue in this case has been whether the receivership of the Bank should continue or be terminated. The position of the Secretary of Commerce, acting as the Director of Banking, on this issue is crucial, particularly since the Secretary is the plaintiff in the receivership. This issue has been repeatedly reevaluated by the Secretary. We are informed that as Secretary Andrew Salas has recently returned to the job, this issue is once again being examined.

It is very much in my interest that the receivership continue. In receivership, the Bank Directors' decision to use the Bank to sue me is subject to the review and authorization of the receivership court. In fact, this issue was raised as one of the first issues we raised. On October 14, 2005, Judge Lizama, sitting as the receivership judge, ordered that the prosecution could continue only once the Directors comply with certain cost restrictions in order to protect the