JUN 18 2002 17:27 FR ...
JUN-18-02 07:28 PM    BERGERON, DIANE K.    621 757 6999    P.09

## SECTION TWO
## INVESTMENT AND APPLICATION OF TRUST FUND AND INCOME

Trustees shall hold the Trust Fund and, in their discretion, invest it or parts of it in securities in which Trustees are permitted to invest under the laws of the Commonwealth of the Northern Mariana Islands, or retain the fund in cash, and collect the income. Trustees shall, from time to time, and in such amounts as in their discretion Trustees shall deem proper, devote and apply the Trust Fund and income from the Trust Fund exclusively to the charitable uses and purposes described above solely by means of contributions to any charitable corporation, trust, community chest, fund or foundation which at the time of the contribution by Trustees is one of those organizations specified in the Internal Revenue Code of the United States, contributions to which are deductible for income tax purposes. ※ *all language of 1/100K start ...*

Trustees shall make distributions at times and in a manner as not to subject it to tax under Section 4942 of the Internal Revenue Code, as amended, and shall not engage in any act of self-dealing as defined in Section 4941 of the Internal Revenue Code. Trustees shall not retain any excess business holdings as defined in Section 4943 of the Internal Revenue Code and shall not make any investments as defined in Section 4944 of the Internal Revenue Code nor make any taxable expenditure which would subject the Trust or the Corporation Trustee to tax under Section 4945 of the Internal Revenue Code.

## SECTION THREE
## RESTRICTIONS ON THE USE OF TRUST FUND

The Trust Fund and the income of the Trust Fund shall be devoted exclusively to the purposes described above and shall in no part and in no event be given or contributed to or inure to the benefit of any private person or corporation, except to the extent of the compensation of the Corporate Trustee. No part of the Trust Fund shall be used to carry on propaganda or otherwise attempt to influence legislation, or to participate in any political campaign.

## SECTION FOUR
## ADDITIONAL GIFTS TO FUND

Either the Donors or other persons may, from time to time, make additional gifts of money or property to Trustees to become part of the Trust Fund.

## SECTION FIVE
## GOOD FAITH DUTY OF TRUSTEES

Trustees shall be chargeable only with the exercise of good faith in carrying out the provisions of the Trust. Trustees shall not, in the absence of bad faith, be responsible or accountable for errors of judgment in making the contributions and gifts pursuant to the provisions of Section Two.

JUN 10 2002 17:04 FR SU... WILLI...... ........... .. ........
JUN-10-02 07:50 PM    BERGERON, DIANE.K.    321 757 6999    P.11

## SECTION SIX
### REIMBURSEMENT AND COMPENSATION OF TRUSTEES

Trustees shall be reimbursed for all expenses reasonably incurred by them in the administration of the Trust Fund. The Corporate Trustee shall be entitled to such reasonable compensation for its services as may be from time to time agreed upon with the Trustees. Such compensation shall be paid out of and charged to the Trust Fund. The individual Trustees shall serve without compensation.

## SECTION SEVEN
### DISSEMINATION OF INFORMATION AND EMPLOYMENT OF PERSONNEL

In properly carrying out and aiding the purposes and objects of the Trust, the Trustees shall have full power and authority:

(a) To employ and pay attorneys, lecturers, writers, investigators, and such assistants and employees of every kind as they may deem necessary;

(b) To buy, print, publish, and/or distribute, by mail or otherwise, to whom they may think proper, appropriate pamphlets, cards, notices and information;

(c) To buy and distribute, by mail or otherwise, to whom they may think proper, copies of appropriate newspapers, magazines, and books.

(d) To disseminate by all lawful means such information as in the judgment of the Trustees may be useful in carrying out the purposes of this Trust.

## SECTION EIGHT
### DECISION OF MAJORITY OF TRUSTEES

The act of a majority of Trustees on all matters pertaining to this Trust, including the investment and distribution of funds, shall be conclusive. Evidence of such majority actions shall be in writing and shall be filed with the Corporate Trustee.

## SECTION NINE
### CORPORATE TRUSTEE CONTROLS FUNDS

The Corporate Trustee shall have exclusive custody of the securities, cash, and other property of the Trust Fund. The Corporate Trustee shall have the right to register securities or other property held under and pursuant to this instrument in the name of its nominee.

## SECTION TEN
### APPOINTMENT OF SUCCESSOR TRUSTEE

In case of the death, resignation or replacement of any of the Trustees, the successor of such Trustee may be appointed by the remaining Trustees. Until such time as such successor trustee is appointed, the remaining Trustees shall have full power to act under and pursuant to this instrument.

JUN 10 2002 17:27 FR  BE WILLIAMSON ... TO ...
JUN-10-02 07:29 PM          BERGERON, DIANE K.          221 757 6939          P.10

## SECTION ELEVEN
## GIFTS IRREVOCABLE

Gifts made in trust to Trustees under this Agreement shall be irrevocable. If it shall be determined by the Internal Revenue Service, subsequent to the creation of this Trust and the transfer of any funds to Trustees by the Donors or other person, that the Trust Fund is not exempt from the payments of income tax upon its income or that the Donors to the fund may not be entitled to charitable deductions for income tax purposes for contributions made thereto in the manner and to the full extent provided by the Internal Revenue Code, then such gifts as remain in the Fund at the time of such determination shall be given by Trustees to a qualified tax exempt charitable organization selected by Trustees to best carry out the purposes of this Trust. This Trust shall thereupon terminate.

## SECTION TWELVE
## QUALIFICATION AS TAX EXEMPT

The creation of this Trust is contingent on a determination prior to its inception by the Internal Revenue Service that its purpose, organization and proposed operation qualify it as a tax exempt trust. If no such tentative or advance determination can be obtained, this Trust Instrument shall be void and of no force or effect and no trust shall be created.

## SECTION THIRTEEN
## NUMBER OF TRUSTEES

Except during periods following the death, removal, or resignation of a Trustee, there shall always be one Corporate Trustee and a minimum of three and a maximum of ~~five~~ seven individual Trustees.

## SECTION FOURTEEN
## GOVERNING LAW

The operation of the Trust shall be governed by the laws of the Commonwealth of the Northern Mariana Islands. However, the Trustees are prohibited from exercising any power or discretion granted under such laws that would be inconsistent with the qualification of the Trust under the Internal Revenue Code and the corresponding regulations.

## SECTION FIFTEEN
## LIMITED POWER OF AMENDMENT

The Trust is irrevocable. However, the Trustees shall have the power to amend the Trust in any manner required for the sole purpose of ensuring that the Trust qualifies and continues to qualify as a charitable trust within the meaning of the Internal Revenue Code.

## SECTION SIXTEEN
## DIRECTION TO INCORPORATE

On the acceptance of this Trust, Donors direct that the Trustees incorporate as a non-profit corporation under the provisions and laws of the Commonwealth of the Northern Mariana Islands, and that the title to all property in this Trust be transferred to and held by the corporation in the corporate name. The execution by the Trustees of the Articles of Incorporation shall operate as an assignment and delivery to that corporation of all the property in the Trust. The name of the Trust created hereby and the corporation shall be the Hillblom Memorial Fund.

The powers of the Trustees and of the corporation shall be exercised by the Trustees by not less than two-thirds majority vote of all the Trustees. Two-thirds of all the Trustees shall constitute a quorum for the transaction of business at the meeting of the Trustees. The Chairperson of the Board, the President, and the Vice-President must be members of the Board of Trustees; other officers may be elected or appointed who are not members of the Board of Trustees.

## SECTION SEVENTEEN
## INTERPRETATION OF TRUST AGREEMENT

This Trust is intended, through its purpose, organization, and proposed operation, to qualify as a tax-exempt charitable trust as provided for in the Internal Revenue Code of the United States. Any ambiguities or questions concerning this instrument shall be resolved in accordance with that end.

## SECTION EIGHTEEN
## PUBLIC INSPECTION OF TRUST AGREEMENT

It shall be the duty of the corporate trustee to keep one copy of this Trust Agreement, bearing the date of its adoption duly certified by an executive officer of the corporate trustee, on file permanently at the office of the Bank of Saipan, Chalan Kanoa branch. The Trust Agreement shall be open to public inspection at such office of the corporate trustee during business hours.

In Witness Whereof, the parties hereto have signed and sealed this instrument on the ____ day of _____, 2000.

_____
Junior Larry Hillbroom Trust

_____
Walsworth Law Firm

_____
David Lujan, Esq.

_____
Justice Alexandro Castro

_____
Diane K. Bergeron, Esq.

_____
Diego Mendiola

TO: David Lujan, Tony Atalig, Diego Mendiola, Joe Bermudes, Wadsworth/Sigler
CC: Alexandro C. Castro, Judge Pro Tem
FROM: Diane K. Bergeron, Temporary Trustee
DATE: May 9, 2000
RE: Larry Lee Hillblom Memorial Foundation

RECEIVED JUN 1 1 2002
000696

## MEMORANDUM

Dear Gentlemen:

Justice Castro ask me to contact all of you and invite you to a luncheon meeting on Friday, May 12, 2000 from 11:30am until 1:30pm at the Grand Hotel's private dining room. The purpose of this meeting will be to determine the present status of the *Larry Lee Hillblom Memorial Foundation* and the creation of a final trust instrument. As you are all aware I have lost my full time job in Saipan as the Special Research Attorney to the Hillblom Estate. Since I am the "Temporary Trustee" and the only signatory on the trust account and the CD on file at the Bank of Saipan; it is imperative that we create the final instrument and make all the transfers prior to my departure from Saipan. Be prepared to input ideas and make decisions on who the Directors of the Trust will be, who the permanent Trustee will be, how the Trust is to operate and what are the parameters of this Trust. There are also administrative issues that need to be handled, particularly, obtaining a TIN (tax identification number) and the establishment of a non-profit charitable entity with a proper business license in Saipan.

Justice Castro and I look forward to meeting with all of you at 11:30 at the Grand Hotel.

Sincerely yours,

Diane K. Bergeron

JUN 10 2002 17:30 FR SCHABE WILLIAMSON

JUN-10-02 07:54 PM          BERGERON, DIANE. K.          321 757 6999          P.14

RECEIVED JUN 1 1 2002

000697

# Hillblom Memorial Fund
# Trust Agreement

The purpose of the Hillblom Memorial Fund is: 1) to foster the academia and scholarship of the Commonwealth of the Northern Mariana Islands; particularly in the fields of law, science and medical research; 2) to promote the practice of law in the Northern Mariana Islands by lending support to the CNMI Judicial Branch Law Library so that justices, judges, law clerks, attorneys, and the general public will have access to necessary legal research and materials.

The Junior Larry Hillbroom Trust, the Mercedita Feliciano Trust and the Law Firm of Walsworth, Franklin, Bevins & McCall as Donors, created a Trust Fund with initial irrevocable gifts of $259,104.12 donated by the Junior Larry Hillbroom Trust; $250,000.00 still to be donated by the Mercedita Feliciano Trust, pledged to in the December 21, 1999 Letter of Agreement and an additional $150,000.00 donated by the Walsworth Law Firm. Pursuant to the December 21, 1999 Letter of Agreement Creating the Larry Lee Hillblom Memorial Foundation, Diane K. Bergeron, Esq. was named Temporary Trustee until such time as this Trust Agreement would be prepared.

The Donors and the Temporary Trustee have subsequently decided to rename the Trust the "Hillblom Memorial Fund".

I, Diane K. Bergeron, Temporary Trustee, have established a Trust Account, with the Trust Funds listed above, at the Bank of Saipan, Commonwealth of the Northern Mariana Islands.

I hereby give, transfer, and deliver the funds of that Trust Account to the Trustees in trust for the purposes stated above.

These funds shall be known as the Hillblom Memorial Fund. Donors; Diane K. Bergeron as Temporary Trust; Supreme Court Justice Alexandro C. Castro of the Northern Mariana Islands; Diego D. Mendiola of the Northern Mariana Islands; and David J. Lujan, Esq. of Guam, USA; as individual trustees, hereby agree as follows:

## SECTION ONE
## TRANSFER OF TRUST FUNDS

Temporary Trustee hereby gives and transfers to above named Trustees the Hillblom Memorial Fund Trust Fund together with its income and profits and any other sums that may be transferred to Trustees or their successors pursuant to the terms of this Agreement, to hold in trust for the uses and purposes set forth in this Agreement.

 
## SECTION TWO
## INVESTMENT AND APPLICATION OF TRUST FUND AND INCOME

Trustees shall hold the Trust Fund and, in their discretion, invest it or parts of it in securities in which Trustees are permitted to invest under the laws of the Commonwealth of the Northern Mariana Islands, or retain the fund in cash, and collect the income. Trustees shall, from time to time, and in such amounts as in their discretion Trustees shall deem proper, devote and apply the Trust Fund and income from the Trust Fund exclusively to the charitable uses and purposes described above solely by means of contributions to any charitable corporation, trust, community chest, fund or foundation which at the time of the contribution by Trustees is one of those organizations specified in the Internal Revenue Code of the United States, contributions to which are deductible for income tax purposes.

Upon execution of this document, $100,000.00 will be segregated for the benefit of the CNMI Judicial Branch Law Library to be disbursed at the direction of Trustee Castro.

For as long as this Trust Fund's principal remains under $1,000,000.00, as much as 100% of the income from investments may be used for the intended purposes of the Fund. At such time as the principal is increased to exceed $1,000,000.00, the Trustees shall determine at that time whether limits will be set on distributions of both income or principal.

Trustees shall make distributions at times and in a manner as not to subject it to tax under Section 4942 of the Internal Revenue Code, as amended, and shall not engage in any act of self-dealing as defined in Section 4941 of the Internal Revenue Code. Trustees shall not retain any excess business holdings as defined in Section 4943 of the Internal Revenue Code and shall not make any investments as defined in Section 4944 of the Internal Revenue Code nor make any taxable expenditure which would subject the Trust or the Corporation Trustee to tax under Section 4945 of the Internal Revenue Code.

## SECTION THREE
## RESTRICTIONS ON THE USE OF TRUST FUND

The Trust Fund and the income of the Trust Fund shall be devoted exclusively to the purposes described above and shall in no part and in no event be given or contributed to or inure to the benefit of any private person or corporation. No part of the Trust Fund shall be used to carry on propaganda or otherwise attempt to influence legislation, or to participate in any political campaign.

## SECTION FOUR
## ADDITIONAL GIFTS TO FUND

Either the Donors or other persons may, from time to time, make additional gifts of money or property to Trustees to become part of the Trust Fund.

## SECTION FIVE
## GOOD FAITH DUTY OF TRUSTEES

Trustees shall be chargeable only with the exercise of good faith in carrying out the provisions of the Trust. Trustees shall not, in the absence of bad faith, be responsible or accountable for errors of judgment in making the contributions and gifts pursuant to the provisions of Section Two.

## SECTION SIX
## REIMBURSEMENT AND COMPENSATION OF TRUSTEES

Trustees shall be reimbursed for all expenses reasonably incurred by them in the administration of the Trust Fund. The Designated Bank shall only be entitled to such reasonable fees for its services as are customarily charged for similar services and as may be from time to time agreed upon with the Trustees. Such reimbursement and fees shall be paid out of and charged to the Trust Fund. The individual Trustees shall serve without compensation.

## SECTION SEVEN
## DISSEMINATION OF INFORMATION AND EMPLOYMENT OF PERSONNEL

In properly carrying out and aiding the purposes and objects of the Trust, the Trustees shall have full power and authority:
(a) To employ and pay an Administrator of the Trust, attorneys, lecturers, writers, investigators, and such assistants and employees of every kind as they may deem necessary;
(b) To buy, print, publish, and/or distribute, by mail or otherwise, to whom they may think proper, appropriate pamphlets, cards, notices and information;
(c) To buy and distribute, by mail or otherwise, to whom they may think proper, copies of appropriate newspapers, magazines, and books.
(d) To disseminate by all lawful means such information as in the judgment of the Trustees may be useful in carrying out the purposes of this Trust.

## SECTION EIGHT
## DECISION OF MAJORITY OF TRUSTEES

The act of a majority of Trustees on all matters pertaining to this Trust, including the investment and distribution of funds, shall be conclusive. Evidence of such majority actions shall be in writing and shall be filed with the Designated Bank or the Administrator of the Trust.

## SECTION NINE
## DESIGNATED BANK HAS EXCLUSIVE CUSTODY OF FUNDS

The Designated Bank shall be the Bank of Saipan, the Bank of Saipan shall have exclusive custody of the securities, cash, and other property of the Trust Fund. The Designated Bank shall have the right to register securities or other property held under this instrument and invest these Funds pursuant to the direction of the Trustees.

## SECTION TEN
## APPOINTMENT OF SUCCESSOR TRUSTEE

Each Trustee sits as the representative of each Donor, with the exception of Justice Alexandro C. Castro, whom sits as a representative of the CNMI Supreme Court, which shall always be a source of one of the Trustees. In case of the death, resignation or replacement of any of the Trustees whom sit as the representative of a Donor, the successor of such Trustee shall be appointed by the Donor or successor to the Donor. In the case of death, resignation or replacement of the Trustee sitting as a representative of the Supreme Court, the Court will determine who will be the successor Trustee.

## SECTION ELEVEN
## GIFTS IRREVOCABLE

Gifts made in trust to Trustees under this Agreement shall be irrevocable. If it shall be determined by the Internal Revenue Service, subsequent to the creation of this Trust and the transfer of any funds to Trustees by the Donors or other person, that the Trust Fund is not exempt from the payments of income tax upon its income or that the Donors to the fund may not be entitled to charitable deductions for income tax purposes for contributions made thereto in the manner and to the full extent provided by the Internal Revenue Code, then such gifts as remain in the Fund at the time of such determination shall be given by Trustees to a qualified tax exempt charitable organization selected by Trustees to best carry out the purposes of this Trust. This Trust shall thereupon terminate.

## SECTION TWELVE
## QUALIFICATION AS TAX EXEMPT

The creation of this Trust is contingent on a determination prior to its inception by the Internal Revenue Service that its purpose, organization and proposed operation qualify it as a tax exempt trust. If no such tentative or advance determination can be obtained, this Trust Instrument shall be void and of no force or effect and no trust shall be created.

## SECTION THIRTEEN
## NUMBER OF TRUSTEES

Except during periods following the death, removal, or resignation of a Trustee, there shall always be a minimum of three and a maximum of seven individual Trustees. In addition to the three Trustees presently named in this instrument, one additional Trustee can be named by each future Donor that gives a gift of at least $250,000.00; in no event shall the total number of Trustees ever exceed seven.

## SECTION FOURTEEN
## GOVERNING LAW

The operation of the Trust shall be governed by the laws of the Commonwealth of the Northern Mariana Islands. However, the Trustees are prohibited from exercising any power or discretion granted under such laws that would be inconsistent with the qualification of the Trust under the Internal Revenue Code and the corresponding regulations.

## SECTION FIFTEEN
## LIMITED POWER OF AMENDMENT

The Trust is irrevocable. However, the Trustees shall have the power to amend the Trust in any manner required for the sole purpose of ensuring that the Trust qualifies and continues to qualify as a charitable trust within the meaning of the Internal Revenue Code.

## SECTION SIXTEEN
## DIRECTION TO INCORPORATE

On the acceptance of this Trust, Donors direct that the Trustees incorporate as a non-profit corporation under the provisions and laws of the Commonwealth of the Northern Mariana Islands, and that the title to all property in this Trust be transferred to and held by the corporation in the corporate name. The execution by the Trustees of the Articles of Incorporation shall operate as an assignment and delivery to that corporation of all the property in the Trust. The name of the Trust created hereby and the corporation shall be the Hillblom Memorial Fund.

The powers of the Trustees and of the corporation shall be exercised by the Trustees by not less than two-thirds majority vote of all the Trustees. Two-thirds of all the Trustees shall constitute a quorum for the transaction of business at the meeting of the Trustees. The Chairperson of the Board, the President, and the Vice-President must be members of the Board of Trustees; other officers may be elected or appointed who are not members of the Board of Trustees.

JUN 10 2002 17:32 FR SCHWABE WILLIAMSON

JUN-10-02 07:29 PM       BERGERON, DIANE. K.        321 757 6999        P.10

## SECTION SEVENTEEN
## INTERPRETATION OF TRUST AGREEMENT

This Trust is intended, through its purpose, organization, and proposed operation, to qualify as a tax-exempt charitable trust as provided for in the Internal Revenue Code of the United States. Any ambiguities or questions concerning this instrument shall be resolved in accordance with that end.

## SECTION EIGHTEEN
## PUBLIC INSPECTION OF TRUST AGREEMENT

It shall be the duty of the Designated Bank to keep one copy of this Trust Agreement, bearing the date of its adoption duly certified by an executive officer of the bank, on file permanently at the office of the Bank of Saipan, Chalan Kanoa branch. The Trust Agreement shall be open to public inspection at such office during business hours.

In Witness Whereof, the parties hereto have signed and sealed this instrument on the ___ day of _____, 2000.

_____          _____
Junior Larry Hillbroom Trust        Justice Alexandro C. Castro

_____          _____
Walsworth Law Firm                  Diane K. Bergeron, Esq.

_____          _____
David J. Lujan, Esq.                Diego D. Mendiola

_____          _____
Mercedita Feliciano Trust           Antonio M. Atalig

JUN 10 2002 17:33 FR SCHWABE WILLIAMSON
JUN-10-02 07:40 PM    BERGERON, DIANE K.    321 737 6999    P.20

RECEIVED JUN 11 2002
000698

# RESIGNATION OF TEMPORARY TRUSTEE

On the 29th day of June, 2000, I, Diane K. Bergeron, Temporary Trustee of the "Larry Lee Hillblom Memorial Foundation"; created by the "Letter of Agreement" executed on December 21, 1999; do hereby resign my position as Temporary Trustee and relinquish all Trust Documents, correspondence and Funds over to Joe Hill, Esq., a resident of Saipan, Northern Mariana Islands.

The original donation of $259,104.12 from the Junior Larry Hillbroom (JLH) Trust; the additional $150,000 donation from the Law Firm of Walsworth, Franklin, Bevins & McCall; and all interest that has accrued, for a total of $413,167.17, has been received by Joe Hill as evidenced by his signature hereto.

A passbook savings account at the Bank of Saipan; Acct. #0200-301884, with a balance of $13,167.17; and two Certificates of Deposit; Acct. No. 0200-409898 for $150,000 and Acct. No. 0200-410153 for $250,000, both of which mature on July 13, 2000 have all been transferred to Joe Hill.

The $250,000.00 pledged donation of the Mercedita Feliciano (MF) Trust referred to in the December 21, 1999 "Letter of Agreement" was never transferred to the Temporary Trustee.

With this instrument, I, Diane K. Bergeron relinquish and designate all my responsibilities and duties with regard to the charitable purposes of the Larry Lee Hillblom Memorial Foundation to the capable protection of Joe Hill, Esq.

I, Diane K. Bergeron, disclaim, surrender and assign all interest I have as Temporary Trustee and hereby temporarily appoint Joe Hill, Esq. as the "Interim Trustee" until such time as the Donors create the Trust Agreement.

1

JUN-18-02 07:41 PM  BERGERON, DIANE.K.  321 757 6999  P.21

The validity, effect and construction of this document shall be determined in accordance with the laws of the CNMI.

_____  June 29, 2000
DIANE K. BERGERON, Esq., Temporary Trustee  Date

_____  6-29-2000
Receipt acknowledged by:  Date
JOE HILL, Esq.

_____  June 29, 2M
LICERIA S. LOTRANO  Date
Witness

_____  _____
Witness  Date

2

# Exhibit 10

LAW OFFICES OF

# BRIAN W. MCMAHON

PO BOX 501267
SAIPAN, MP 96950

TEL: (670) 234-9314/9315
FAX: (670) 234-9316

brian.mcmahon@saipan.com
cindy.adams@saipan.com
wbogdan@pticpacifica.net

BRIAN W. MCMAHON*
CINDY ADAMS†
WESLEY M. BOGDAN‡

000516

## TRANSMITTAL LETTER

**FAXED**
Date: May 24, 2002

| | |
|---|---|
| To: | Mr. Fermin M. Atalig<br>Acting Secretary of Commerce<br>Department of Commerce |
| From: | Cindy Adams |
| Re: | Bank of Saipan |

Via Facsimile: 664-3067

Pages: 112 including cover

*Per your request:*

(1) Receiver's Report of Randall T. Fennell, Receiver for the Bank of Saipan, Report of May 20, 2002, Filed under seal (8pp)
(2) Report of Randall T. Fennell, Receiver for the Bank of Saipan, Report of May 22, 2002, Filed under seal (103pp)

cc:

File: 6260:01

*Confidentiality Notice:*

The information is intended for the named recipient(s) only. It may contain privileged and confidential matters. If you have received this transmittal by mistake please do not disclose or discuss the contents with anyone and promptly notify us at the telephone number listed above. Thank you.

JLR /f2 6260.5/24/02/F Atalig/fax