# EXHIBIT 5

MAIR, MAIR, SPADE & THOMPSON
Attorneys at Law
238 A.F.C. Flores Street
Suite 801 Pacific News Building
Hagåtña, Guam 96910
Telephone: (671) 472-2089
Facsimile: (671) 477-5206

CALVO & CLARK, LLP
MH II Building
Marina Heights Business Park
PMB 951 Box 100001
Saipan, MP 96950
Telephone: (670) 323-2045
Facsimile: (670) 323-2776

*Attorneys for Plaintiff The Bank of Saipan, Inc.*

IN THE SUPERIOR COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| THE BANK OF SAIPAN, INC.<br><br>Plaintiff,<br><br>v.<br><br>RANDALL T. FENNELL; RICHARD PIERCE; WHITE, PIERCE, MAILMAN & NUTTING; DAVID W. AXELROD; SCHWABE, WILLIAMSON & WYATT; AND DOES 1-20<br><br>Defendants. | Civil Action No. 04-0449A<br><br>**THRESHOLD MOTION AND REQUEST FOR HEARING ON ISSUE OF IMMUNITY**<br><br>Date: _____<br>Time: _____<br>Judge: Honorable Juan T. Lizama |

{P0000220.DOC;4}

The Bank of Saipan, Inc. (the "Bank") submits this memorandum of point and authorities in support of its threshold motion requesting a plenary hearing before a jury on whether former Bank receiver Randall T. Fennell may assert the defense of qualified immunity in this case.

## INTRODUCTION

On March 7, 2005, the Supreme Court reversed the "exoneration" orders purporting to immunize and indemnify defendant Fennell for "any and all acts" committed during his fraudulent Bank receivership. The Court held that defendant Fennell is not entitled to qualified immunity or to indemnity if he acted in "bad faith or outside the scope of authority granted by the court." *Bank of Saipan v. Atalig*, 2005 MP 3 ¶ 11. And it held that whether Fennell is entitled to qualified immunity must be resolved at a "plenary hearing with sworn witnesses and documentary proof." *Id.* ¶ 10. Qualified immunity is a threshold issue that must be determined at the outset of every case in which it is asserted as a defense. Where there are factual questions relevant to this determination, they must be decided by a jury. This threshold determination is doubly important in this case, where defendant Fennell has purported to obtain "indemnity" from the government. Like Mr. Fennell, the government should be anxious to have this issue resolved as soon as possible, so that it is not forced to bear any unnecessary costs.

Accordingly, the Bank respectfully requests that the Court set a date in early November for the plenary hearing mandated by the Supreme Court on whether Mr. Fennell is entitled to qualified immunity.

## FACTS

### A. The Jury Needs to Determine Whether Fennell Acted in Bad Faith

There are a number of factual questions that a jury will need to resolve at the plenary hearing on qualified immunity. By way of example, the jury will need to determine whether defendant Fennell acted in **bad faith,** when he:

- Failed to disclose to the Court prior to his appointment as receiver his conflicts of interest with the Bank and its directors. (Jacob Decl. Exh. 5, April 30, 2002 Transcript at 26-28 )

- Insisted upon liquidation of the Bank, when Receiver Muna was able to quickly establish a successful rehabilitation plan soon after he took over. (*Id.* Exhs. 6-8; Exh. 10.)

- Retained counsel with known conflicts of interest and failed to disclose the conflicts to the Court in seeking approval of their fees and contracts. (First Amended Complaint ("FAC") ¶¶ 12-14; Exh. 17)

- Opened the Bank days after the receivership started with no safeguards in place and irresponsibly declared that the Bank was a "failed institution." (FAC ¶¶ 17, 20.)

- Failed to pursue persons who had caused the Bank's receivership, even after they were indicted by a federal grand jury. (Jacob Decl. Exhs. 12, 13.)

- Attempted to cause huge losses for depositors, creditors and minority shareholders in order to in order to pursue a personal vendetta. (FAC ¶¶ 12-14, 16; Jacob Decl. Exhs. 14, 16.)

- Misused "*ex parte*" proceedings that he proclaimed were for routine, non-adversarial matters such as buying a "stapler" to instead mislead the Court as to material issues of fact in advance of hearings on contested matters. (Jacob Decl. Ex. 8, FAC ¶¶ 16, 18.)

- Engaged in other frauds on the receivership Court as set forth in other briefing that has been filed by the Bank. *See, e.g.,* Bank of Saipan Inc.'s Objections to Request for Judicial Notice, filed September 15, 2005; Reply in Support of Motion to Terminate Receivership, filed September 23, 2005.

### B. The Jury Needs to Determine If Fennell Took Actions that Exceeded His Authority

Similarly, the jury will need to determine whether defendant Fennell took actions that **exceeded his authority** as receiver when he:

- Engaged in secret coordination with the Bank's adversaries in the Receivership proceedings. (*Id.* Exh. 18.)

- Assisted Tomas Aldan (represented by Rexford Kosack), who was convicted and sentenced to prison for defrauding the Bank. (*Id.* Exh.11.)

- Began his efforts to liquidate the Bank before fraudulently obtaining expanded powers in the Order of May 10, 2002. (*Id.* Exh.15.)

- Continued to seek liquidation after the Supreme Court's Order of May 31, 2002 removed his powers to do so. (*Id.* Exhs. 4, 8.)

- Hired consultants without prior Court authorization. (*Id.* Exhs. 2-3)

- Smeared CNMI judicial officers in CNMI and Guam media. (*Id.* Exhs.1, 9.)

## ARGUMENT

### I. QUALIFIED IMMUNITY IS A THRESHOLD ISSUE

The plenary hearing on qualified immunity required by the Commonwealth Supreme Court must occur at the outset of this case. *E.g. Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (court "repeatedly ha[s] stressed the importance of resolving immunity questions at the earliest possible stage in litigation."); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) ("we have emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation").

## II. THE SUPREME COURT'S MANDATE REQUIRES A PLENARY JURY HEARING

The only way to determine the threshold question of qualified immunity is in a "plenary hearing," with "sworn witnesses" and "documentary proof." *Bank of Saipan*, 2005 MP 3 ¶¶ 10.[1] All fact issues must be determined by a jury. *E.g. Thompson v. Mahre*, 110 F.3d 716, 719 (9th Cir. 1997) ("where there is a genuine issue of fact on a substantive issue of qualified immunity ... if there is a jury demand and a material issue of fact, the Seventh Amendment, require submission to a jury"); *Sova v. City of Mount Pleasant*, 142 F.3d 898, 903 (6th Cir. 1998) ("where ... the legal question of qualified immunity turns upon which version of the facts one accepts, the jury, not the judge, must determine liability"). The Court is empowered to empanel a jury for the threshold hearing. Com. R. Civ. P. 42(b); *Arthur Young & Co. v. Dist. Ct.*, 549 F.2d 686, 697 (9th Cir. 1977).[2] Accordingly, the Bank requests that the Court reserve time for a one-week hearing in November to carry out the Supreme Court's mandate.

//

//

//

---

[1] The examples set forth above reference some, but not all, of the issues and evidence that will be relevant at the mandated plenary hearing. As such, the Bank reserves the right to assert other issues and evidence in addition to those raised in this Motion.

[2] Given the factual nature of the immunity determination, the Bank has propounded discovery focused on immunity issues. *Bank of Saipan*, 2005 MP 3 ¶¶ 10-11 (hearing must include witnesses and documentary evidence). Unfortunately, defendants are interfering with Supreme Court's mandated process by helping themselves to a "discovery stay" without permission from this Court and have filed a motion to further delay immunity discovery. The Bank will respond to this attempt to evade a meaningful hearing shortly.

## CONCLUSION

The Bank requests a hearing in November before a jury to resolve all disputed factual questions related to the issue of Mr. Fennell's qualified immunity, as required by the Supreme Court's mandate.

Respectfully submitted this 26th day of September, 2005.

**MAIR, MAIR, SPADE & THOMPSON**
**CALVO AND CLARK, LLP**
Attorneys for The Bank of Saipan, Inc.

By: _____
RODNEY J. JACOB (F0186)

# EXHIBIT 6

MAIR, MAIR, SPADE & THOMPSON
Attorneys at Law
238 A.F.C. Flores Street
Suite 801 Pacific News Building
Hagåtña, Guam 96910
Telephone: (671) 472-2089
Facsimile: (671) 477-5206

CALVO & CLARK, LLP
MH II Building
Marina Heights Business Park
PMB 951 Box 100001
Saipan, MP 96950
Telephone: (670) 323-2045
Facsimile: (670) 323-2776

*Attorneys for Plaintiff The Bank of Saipan, Inc.*

IN THE SUPERIOR COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| THE BANK OF SAIPAN, INC.<br><br>Plaintiff,<br><br>v.<br><br>RANDALL T. FENNELL; RICHARD PIERCE; WHITE, PIERCE, MAILMAN & NUTTING; DAVID W. AXELROD; SCHWABE, WILLIAMSON & WYATT; AND DOES 1-20<br><br>Defendants. | Civil Action No. 04-0449A<br><br>**DECLARATION OF RODNEY J. JACOB IN SUPPORT OF THRESHOLD MOTION AND REQUEST FOR HEARING ON ISSUE OF IMMUNITY**<br><br>Date: _____<br>Time: _____<br>Judge: Honorable Juan T. Lizama |

{P0000226.DOC;1}

I, RODNEY J. JACOB, declare:

1. I am a partner with the law firm of Calvo & Clark, LLP, counsel of record for Plaintiff Bank of Saipan, Inc., in this matter. I make this declaration on personal knowledge, and if called to testify I could and would testify competently to the matters stated herein.

2. Attached as Exhibit 1 is a true and correct copy from the Bank's files of a document that states it is a telefacsimile from Randall T. Fennell to Cindy Adams dated July 18, 2002 re: 6pg. Invoice for BYT.

3. Attached as Exhibit 2 is a true and correct copy of the Report of Randall T. Fennell, Receiver for The Bank of Saipan Report filed August 22, 2002.

4. Attached as Exhibit 3 is a true and correct copy of the Order filed September 27, 2002.

5. Attached as Exhibit 4 is a true and correct copy of the Order filed on May 31, 2002 in the *Bank of Saipan vs. Atalig*, Civil Action No. 02-0268B ("Receivership Action").

6. Attached as Exhibit 5 are true and correct copies of selected pages of the Transcript of Proceedings on Petitioner's Ex Parte Petition to Appoint A Receiver held on April 30, 2002 and filed May 17, 2002 in the Receivership Action.

7. Attached as Exhibit 6 is a true and correct copy of the Declaration of Jon Bargfrede in Support of Joint Motion To: (1) Approve Termination and Release Agreement; (2) Terminate

Receivership; and (3) Discharge and Exonerate Receiver filed August 18, 2005 in the Receivership Action.

8. Attached as Exhibit 7 is a true and correct copy the Declaration of Antonio S. Muna in Support of Joint Motion To: (1) Approve Termination and Release Agreement; (2) Terminate Receivership; and (3) Discharge and Exonerate Receiver filed August 18, 2005 in the Receivership Action.

9. Attached as Exhibit 8 are true and correct copies of (1) Affidavit of Martha I. Perez; and (2) Declaration of Jon Bargfrede filed on August 19, 2005 in the Receivership Action.

10. Attached as Exhibit 9 is a true and correct copy from the Bank's files of a document that states it is a handwritten note re: "I need copies for the PDN".

11. Attached as Exhibit 10 is a true and correct copy of the Order Approving Directors of The Bank of Saipan, Inc.'s Rehabilitation Plan filed February 13, 2003 in the Receivership Action.

12. Attached as Exhibit 11 is a true and correct copy from the Bank's files that states it is a document of a telefacsimile cover page from Randall T. Fennell to Rex Kosack dated June 7, 2002 without attachments; re: 9pg. letter of David Lujan – re: BofS "Thought you might find it interesting to find out what Mr. Lujan says about your client, Tom Aldan".

13. Attached as Exhibit 12 is a true and correct copy of a Letter from Eduardo A. Calvo to Randall T. Fennell dated May 3, 2002 with attachments.

14. Attached as Exhibit 13 is a true and correct copy of the Superseding Indictment filed on August 14, 2002 in the *United States of America vs. Bert Douglas Montgomery*, et al.; Criminal Case No. 02-00010.

15. Attached as Exhibit 14 is a true and correct copy from the Bank's files of a document that states it is a telefacsimile from Randall T. Fennell to Pierce; re: "Can I sue O'Conner? 'patholigically devoted' 'Not telling the truth'".

16. Attached as Exhibit 15 is a true and correct copy of the Receiver's Report of Randall T. Fennell, Receiver for the Bank of Saipan filed on May 8, 2002 in the Receivership Action.

17. Attached as Exhibit 16 is a true and correct copy of the Declaration of Randall T. Fennell, Receiver for the Bank of Saipan filed on May 28, 2002 in the Receivership Action.

18. Attached as Exhibit 17 is a true and correct copy of the *Ex Parte* Application for Order Authorizing the Engagement & Payment of Employees and Consultants filed on May 20, 2002 in the Receivership Action.

19. Attached as Exhibit 18 is a true and correct copy from the Bank's files of a document that states it is a transmittal cover page from Cindy Adams to Fermin M. Atalig without attachments; re: (1) Receiver's Report of Randall T. Fennell, Receiver for the Bank of Saipan, Report of May 20, 2002, Filed under seal (8pp) (2) Report of Randall T. Fennell, Receiver for the Bank of Saipan, Report of May 22, 2002, Filed under seal (103pp) dated May 24, 2002.

I declare, under penalty of perjury under the laws of the Commonwealth of the Northern Mariana Islands (7 CMC § 3305) that the foregoing is true and correct.

Executed on this 26th day of September, 2005, in Saipan, Commonwealth of the Northern Mariana Islands.

*/s/ Rodney J. Jacob*
**RODNEY J. JACOB**

{P0000226.DOC:1}                                            4

# EXHIBIT 7

MAIR, MAIR, SPADE & THOMPSON
Attorneys at Law
238 A.F.C. Flores Street
Suite 801 Pacific News Building
Hagåtña, Guam 96910
Telephone: (671) 472-2089
Facsimile: (671) 477-5206

CALVO & CLARK, LLP
MH II Building
Marina Heights Business Park
PMB 951 Box 100001
Saipan, MP 96950
Telephone: (670) 323-2045
Facsimile: (670) 323-2776

*Attorneys for Plaintiff The Bank of Saipan, Inc.*

IN THE SUPERIOR COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| THE BANK OF SAIPAN, INC. <br><br> Plaintiff, <br><br> v. <br><br> RANDALL T. FENNELL; RICHARD PIERCE; WHITE, PIERCE, MAILMAN & NUTTING; DAVID W. AXELROD; SCHWABE, WILLIAMSON & WYATT; AND DOES 1-20 <br><br> Defendants. | Civil Action No. 04-0449A <br><br> **ADDENDUM TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THRESHOLD MOTION AND REQUEST FOR HEARING ON ISSUE OF IMMUNITY** <br><br> Date: <br> Time: <br> Judge: Honorable Juan T. Lizama |

The Bank of Saipan Inc. submits this Addendum to the Memorandum of Points and Authorities in Support of its Threshold Motion and Request for Hearing on Issue of Immunity, filed herein on September 26, 2005. In its Motion, the Bank disclosed a number of issues that it seeks to raise at the threshold immunity hearing. In addition, the Bank also intends to raise the following:

**Payment "at Receiver's Request" to Justice Castro's Former Law Clerk/Special Research Assistant ("SRA")**: As shown in the billing records of defendant Schwabe, Williamson & Wyatt, P.C. ("Schwabe"), on June 10, 2002, Schwabe paid $11,977.40 to the Hillblom SRA, Dianne Bergeron, "at Receiver's request" for use in the "Superior Court." (Declaration of Rodney J. Jacob in Support of Addendum to Threshold Motion and Request for Hearing on Issue of Immunity ("Jacob Decl."), Ex. 1.) The SRA payment appears in a bill related to the *Estate of Hillblom* litigation, rather than the receivership matter. The SRA payment appears to have been made from an account belonging to Jellian Cuartero, the joint minor client of Fennell and Schwabe in the *Estate of Hillblom* litigation.

David Axelrod, from Schwabe, Cindy Adams, from the Law Offices of Brian McMahon, and Fennel wrote a series of emails from June 11 to June 19, 2002, that identified Dianne Bergeron as their "source." (Jacob Decl., Ex 2-5) Ms. Bergeron provided intimate details with regards to Justice Castro's contacts. (Jacob Decl., 6) It seems unavoidable to conclude that Ms. Bergeron was solicited for information that she obtained to due her position with Justice Castro to benefit defendants' motion to disqualify him.

1

1  Why did defendants do this? Fennel at least partially revealed defendants' intent when he wrote to Axelrod, copied to Cindy Adams and Richard Pierce, "Can you recall exactly how and when we got screwed?" (Jacob Decl., Ex. 7)

The information obtained from Ms. Bergeron was used by defendants to disqualify Justice Castro. Indeed, it was submitted to the court by Fennel in his declaration of June 20, 2002, attaching "different letters, e-mail and faxes between these parties...[T]hese documents were provided to my attorneys within the last two weeks by Dianne Bergeron, Judge Castro's former SRA." (Jacob Decl. Ex. 8 at p.4)

In light of this evidence, a jury will need to determine whether Fennell was authorized by the Superior Court to request defendants David Axelrod and his law firm Schwabe to make a large payment to a former judicial employee in furtherance of their efforts to disqualify Justice Castro. At a minimum, a jury will need to decide (1) whether Mr. Fennell disclosed to the Superior Court that he intended to pay almost $12,000 to the SRA, (2) whether there was judicial approval of the SRA payment, (3) whether this payment was in made "bad faith" or "outside the scope" of authority granted by the court, (4) whether Fennell and his counsel committed a fraud on the Court with respect to this payment, and (5) whether this payment was unlawful.

The bank also submits additional documents in its accompanying declaration with respect to the threshold immunity motion and the issues raised therein. (Jacob Decl., Exs. 9 & 10)

//

//

//

1     **Earliest Possible Hearing Requested**: The Bank asks that the threshold immunity hearing
2 be set for the earliest possible date available to the Court.
3     Respectfully submitted this _6th_ day of October, 2005.

4                     **MAIR, MAIR, SPADE & THOMPSON**
5                     Attorneys at Law

6                     **CALVO & CLARK, LLP**
7                     Attorneys for the Bank of Saipan, Inc.

8           By: _/s/ Rodney J. Jacob_
                    RODNEY J. JACOB (F0186)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26