## FOURTH CAUSE OF ACTION
### FRAUD
### (FENNELL AND THE RECEIVERSHIP ATTORNEYS)

46.     The Bank of Saipan hereby realleges and incorporates by this reference as if fully set forth herein the allegations contained in paragraphs 1 through 45 of the Complaint.

47.     Fennell and the Receivership Attorneys owed the Bank fiduciary duties of loyalty, due care, confidentiality and full disclosure.

48.     Fennell and the Receivership Attorneys intentionally, knowingly, or otherwise culpably concealed or suppressed by means of written and oral communications, and by conduct, from the Bank that their true intent was to destroy the Bank so as to be able to retaliate against the Bank's shareholders, directors and attorneys.

49.     Fennell and the Receivership Attorneys fraudulently concealed or suppressed material facts that he was bound to disclose or, in the alternative, told the Bank and the Court facts to mislead the Bank and the Court from discovering the concealed or suppressed facts.

50.     Fennell and the Receivership Attorneys fraudulently and actively concealed material facts with the intent to deceive and defraud the Bank and the Court.

51.     The Bank was unaware of the concealed or suppressed facts and would have taken action had it known the true facts.

52.     The omissions and representations of Fennell and the Receivership Attorneys were material, false and misleading, and Fennell and the Receivership Attorneys knew they were

12

false and misleading at the time they were made, and they were made for the purpose of inducing

the Bank and the Court to rely upon them and to act or to refrain from acting in reliance thereon.

53.    The Bank reasonably and justifiably relied upon untruthful representations,

statements and omissions and acted in accordance thereof.

54.    As a direct and proximate result of Fennell and the Receivership Attorneys'

conduct detailed above and in other respects, the Bank has been damaged in an amount to be

proved at trial.

### FIFTH CAUSE OF ACTION
**CONDUCT BEFORE APPOINTMENT AS RECEIVER;**
**CONDUCT IN EXCESS OF APRIL 30, 2002 ORDER;**
**CONDUCT IN EXCESS OF MAY 10, 2002 ORDER;**
**CONDUCT IN EXCESS OF MAY 29, 2002 ORDER;**
**CONDUCT IN EXCESS OF MAY 31, 2002 ORDER;**
**CONDUCT IN EXCESS OF SEPTEMBER 27, 2002 ORDER**
**(FENNELL)**

55.    The Bank of Saipan hereby realleges and incorporates by this reference as

if fully set forth herein the allegations contained in paragraphs 1 through 54 of the Complaint.

56.    Fennell's powers as receiver are clearly set forth in the Court's orders of

April 30, 2002, May 10, 2002, and September 27, 2002 and the Supreme Court's Orders of May

29, 2002 and May 31, 2002.

57.    Before his appointment and during his tenure as receiver, Fennell

intentionally, willfully and maliciously acted in excess of these powers to the detriment of the Bank.

13

58.     As a direct and proximate result of Fennell's conduct detailed above and in other respects, the Bank has been damaged in an amount to be proved at trial.

### SIXTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY
### (FENNELL)

59.     The Bank of Saipan hereby realleges and incorporates by this reference as if fully set forth herein the allegations contained in paragraphs 1 through 58 of the Complaint.

60.     Fennell owed strict fiduciary duties to the Bank. Fennell was required at all times honestly and in good faith with a view to the best interests of the Bank to exercise care, skill and diligence that a reasonably prudent person would exercise in comparable circumstances.

61.     Fennell failed to fulfill his obligations to the Bank, failed to faithfully execute service, and breached his duties to the Bank in various ways, including, without limitation, the acts and omissions alleged herein.

62.     As a direct and proximate result of Fennell's breach of fiduciary duty detailed above and in other respects, the Bank has been damaged in an amount to be proved at trial.

### SEVENTH CAUSE OF ACTION
### TORTIOUS INTERFERENCE WITH BUSINESS RELATION
### (FENNELL)

63.     The Bank of Saipan hereby realleges and incorporates by this reference as if fully set forth herein the allegations contained in paragraphs 1 through 62 of the Complaint.

64.     Fennell intentionally and willfully injured the Bank by publicly disparaging the Bank, seeking to destroy the Bank, prematurely reopening the Bank without a Rehabilitation Plan

14

and causing a "run" on the Bank, inducing the Bank's customers to withdraw their funds from the Bank while precluding them from doing other forms of business with the Bank, refusing to cooperate and respond to depositor requests in a prudent manner and by other conduct that disparaged, neglected or harmed the Bank's customers and depositors.

65.     By reason of the foregoing conduct, Fennell interfered with the Bank's business relations with certain of its customers, and willfully, purposefully, maliciously and oppressively caused general, special and consequential damages to the Bank in an amount to be proved at trial.

66.     As a direct and proximate result of Fennell's conduct detailed above and in other respects, the Bank has been damaged in an amount to be proved at trial.

## EIGHTH CAUSE OF ACTION
## CONSPIRACY
## (ALL DEFENDANTS)

67.     The Bank of Saipan hereby realleges and incorporates by this reference as if fully set forth herein the allegations contained in paragraphs 1 through 66 of the Complaint.

68.     Defendants formed an unlawful agreement to engage in the conduct set forth herein, including but not limited to, breaching their fiduciary duties to the Bank and interfering with the Bank's business relations.

69.     Defendants each agreed to participate and did participate in the conspiracy, in furtherance of their own financial gain.

15

70.    As a direct and proximate result of their conspiracy and acts taken in furtherance of the conspiracy, the Bank has been damaged in an amount to be proven at trial.

## PUNITIVE DAMAGES

71.    The Bank of Saipan hereby realleges and incorporates by this reference as if fully set forth herein the allegations contained in paragraphs 1 through 70 of the Complaint.

72.    Because of the willful, wanton, vile, and intentional nature of Defendants' conduct as alleged herein, and their conscious disregard and abuse of a position of trust, Defendants are liable for punitive damages, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Bank of Saipan prays for judgment against the Defendants as follows:

1.    General damages against all Defendants, jointly and severally, in an amount to be proven at trial;

2.    Punitive damages in an amount appropriate to punish Defendants and set an example to others;

3.    Disgorgement of all costs and fees paid by the Bank to the Defendants;

4.    An award of attorney's fees and costs incurred in this action; and

16

5.    For other such relief as the Court may deem proper.

Dated this __18__ day of November, 2004.

> MAIR, MAIR, SPADE & THOMPSON
> CALVO AND CLARK, LLP
> Attorneys for The Bank of Saipan, Inc.
>
>
> By: _____
>         DAVID A. MAIR


## DEMAND FOR JURY TRIAL

The Bank of Saipan hereby demands a trial by jury of all issues triable of right by

jury.

Dated this __18__ day of November, 2004.

> MAIR, MAIR, SPADE & THOMPSON
> CALVO AND CLARK, LLP
> Attorneys for The Bank of Saipan, Inc.
>
>
> By: _____
>         DAVID A. MAIR

P042163.rtt

17

WENDEL ROSEN BLACK AND Fax:5108341928          May  3 2005  14:41



WENDEL
ROSEN
BLACK
&DEAN
L L P
ATTORNEYS AT LAW

1111 Broadway, 24ᵗʰ Floor
Oakland, CA 94607-4036

Post Office Box 2047
Oakland, CA 94604-2047

Telephone: (510) 834-6600
Fax: (510) 834-1928
drapaport@wendel.com

May 3, 2005

Joshua Berger, Esq.
Law Offices of S. Joshua Berger
Post Office Box 504340 C.K.
Saipan, NMI 96950

Re:  *Bank of Saipan v. Fennell*

Dear Mr. Berger:

This letter is written on behalf of Randy Fennell the original receiver in the Bank of Saipan receivership. Please consider this to be our formal request that the receiver, as a representative of the Bank of Saipan, agree to pay attorneys' fees which have been and may be incurred in civil action number 04-0449A *Bank of Saipan, Inc. v. Randall T. Fennell, et al.* We also request confirmation that it will indemnify Fennell from all claims not founded on intentional misconduct. The basis for our demand for defense and indemnity is that Mr. Fennell, as the receiver for the Bank, is entitled to protection by the Bank for any action brought by any party resulting from his actions as a receiver even based upon a mistake or error. As you know, the complaint and first amended complaint allege that Mr. Fennell should be liable to the Bank based upon claims that he failed to disclose material information, engaged in ex parte communications with the Court, did not provide requested information to the Bank, refused to meet with the Bank's directors, reopened the Bank without any rehabilitation plan in place, exceeded his authority, and made erroneous public statements regarding the condition of the Bank. These facts are claimed to create a liability for breach of fiduciary duty as well as negligence.

While we dispute all aspects of the claims made by the Bank, Mr. Fennell is nonetheless entitled to defense and indemnity by the Bank. Any recovery against a receiver for the performance of his duties is a charge upon the estate and receivership. *Jun v. Myers* (2001) 88 Cal.App.4ᵗʰ 117, 124. *See also Chiesur v. Superior Court* (1946) 76 Cal.App.2d 198, 201, and in *MacMorris Sales Corporation v. Kozak* (1967) 249 Cal.App.2d 998, 1005 the Court ordered attorneys' fees incurred by a receiver in defending against an attack by the estate be paid by the estate. In *People v. Riverside University* (1973) 35 Cal.App.3d 572, 587 the Attorney General sought appointment of a receiver for a university. The university's challenges to the receiver's requests for attorneys' fees was denied. The appellate court found such costs are necessary expenses in the course of the receiver's duties. Similarly, federal courts have found that the

WENDEL ROSEN BLACK AND Fax:5108341928          May  3 2005  14:42          P.03

Joshua Berger, Esq.                                    WENDEL, ROSEN, BLACK & DEAN LLP
May 3, 2005
Page 2

receiver's attorneys' fees should be paid by the receivership estate even if the receiver makes a
mistake or commits an error during his stewardship of the estate. Mr. Fennell is entitled to the
services of counsel at the expense of the estate to defend him personally under these
circumstances. *See Missouri and K.I. Ry. Cl. v. Edson* 224 Fed. 79 (Kan.D.C. 1915). *See also*
the opinion of Justice Bradley in *Cowdre v. Railroad Co.*, 6 Fed.Cas. 660, 663, 664 and an
opinion of Mr. Justice Paxton in *Biddle's* appeal 83 Pa. 340, 346. In the case of *Lebbos v.
Judges of Superior Court, Santa Clara County*, 883 Fd.2d 810 (9th Cir. 1989), a judgment debtor
brought an action against the judgment creditor, the court-appointed receiver and the Superior
Court seeking an injunction to stop collection efforts. In that case, the receiver and the judge
were found to be entitled to representation and defense.

Here, the actions of the receiver were all approved explicitly or implicitly by the Court
and just as the Court would be entitled a defense if sued, so is the receiver. This is especially
true when the actions of the receiver were approved by the judge.

We ask that you have your client agree to the Bank's obligations in this regard and
communicate that to Judge Lizama. As you know, we believe the case has no merit, but
certainly the anticipated expenses for the Bank will be very substantial, as well as the risk to the
Bank in terms of attorneys' fees, are important considerations for the Court in determining
whether or not to authorize this action to proceed. Thank you for your consideration.

                                        Very truly yours,

                                        WENDEL, ROSEN, BLACK & DEAN LLP

                                        Daniel Rapaport

DAN/gcc

cc:    Rex Kosack, Esq.

013419.0001\742688.1

WENDEL ROSEN BLACK AND Fax:5108341928          May  3 2005  14:42          P.04

WENDEL, ROSEN, BLACK & DEAN LLP

Joshua Berger, Esq.
May 3, 2005
Page 3

bcc:    All Counsel

05/09/2005  22:29    6702350070              LAW OFFICE SJBERGER



# LAW OFFICES OF S. JOSHUA BERGER
D'TORRES BUILDING, GARAPAN
P. O. BOX 504340
SAIPAN, MP 96950
PHONE (670) 235-8060   FAX 235-8070
E-MAIL "JOSHUA.BERGER@SAIPAN.COM"

S. JOSHUA BERGER, ATTORNEY AT LAW
LICENSED TO PRACTICE IN:
   COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
   STATE OF CALIFORNIA
   STATE OF ALASKA

## FACSIMILE TRANSMISSION

This facsimile contains confidential information which may also be privileged. Unless you are the addressee (or are authorized to receive for the addressee), you may not copy, use or distribute it. If you have received it in error, please advise us by telephone.

TO:   Daniel Rapaport, Esq.

FAX NO.:   (510) 834-1928

TO:   David A. Mair, Esq.

FAX NO.:   (671) 477-5206

DATE:   5-10-05

NO. OF PAGES (inclusive):  3

# LAW OFFICES OF S. JOSHUA BERGER
D'TORRES BUILDING, GARAPAN
P. O. BOX 504340
SAIPAN, MP 96950
PHONE (670) 235-8060   FAX 235-8070
E-MAIL "JOSHUA.BERGER@SAIPAN.COM"

May 10, 2005

David A. Mair, Esq.
238 AFC Flores Street
Pacific News Bldg., Suite 801
Hagatna, GU 96910
Fax:   (671)477-5206

Via Facsimile & Mail

Daniel Rapaport, Esq.
Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24ᵗʰ Floor
Oakland, CA 94607-4036
Fax:   (510)834-1928

Subject:   Randall T. Fennell's Request for Defense & Indemnity

Gentlemen:

On May 3, 2005, the Receiver, through my law office, received a request from Mr.
Rapaport that the Bank pay for Randall T. Fennell's costs and attorney fees in the ongoing CNMI
Civil Action, No. 04-449. Mr. Rapaport also sought confirmation that the Bank would indemnify
Mr. Fennell for all claims not founded on intentional misconduct. We assume that this secondary
request for indemnity is made with the belief that all of Mr. Fennell's actions and conduct are
protected by his qualified immunity.

As to the request for indemnity, the Receiver shall not make that recommendation to
Judge Lizama but shall let the case run its course, since a decision on whether Mr. Fennell is
entitled to indemnity cannot logically be made until there is a resolution of that case.
Importantly, whether indemnity is appropriate and whether Mr. Fennell is afforded the protection
of his qualified immunity, will likely be determined not by the Receivership Court, but by the
Court hearing the lawsuit against Mr. Fennell, as was articulated in the Supreme Court's March
7, 2005 decision involving the Receivership. *Bank of Saipan vs. Atalig, 2005 MP 02, at ¶'s 7, 10.*

However, as to Mr. Fennell's request that the Bank pay for his defense costs and attorney
fees in *C.A. 04-449,* the present Receiver, Antonio S. Muna, believes that the Bank should pay
these fees and costs, and shall so recommend to Judge Lizama. It is clear from Judge Juan T.
Lizama's December 20, 2004 *Order Granting Randall T. Fennell's Motion for Attorney fees* that
there are strong public policy reasons for this position, and that this ruling is not conditioned
upon the outcome of the recent Supreme Court decision. *Id at 3, 4.* Furthermore, not only did

Judge Lizama rule on December 20, 2004 that Mr. Fennell's reasonable attorney fees should be paid by the Bank in situations such as this, he made it clear that "future fees and costs" would also be paid, apparently anticipating the prosecution of *Civil Action 04-449*. Hence, it is the Receiver's position, and shall be his recommendation to the Receivership Court, that all of Mr. Fennell's defense costs and fees should be paid by the Bank.

We expect that not all parties will be in agreement with this position. Since there are numerous hearings already scheduled for May 24, 2005 before Judge Lizama, we recommend that if you are in disagreement with this position, you take it up with the Receivership Court on the scheduled hearing date, with Notice to all interested parties that this issue shall be addressed.

Thank you for your prompt attention to this important matter.

Respectfully,

S. JOSHUA BERGER, Esq.
Attorney for Receiver, Antonio S. Muna

cc:    Judge Juan T. Lizama
       Antonio S. Muna, Receiver – Bank of Saipan
       Alan Lane, Esq. – MPLA Legal Counsel
       Retirement Fund Board
       Benjamin Sachs, Esq. – Deputy AG





LAW OFFICES OF
# REXFORD C. KOSACK
POST OFFICE BOX 500410
SAIPAN, MARIANA ISLANDS 96950

REXFORD C. KOSACK
GLENN A. JEWELL

TEL: (670) 322-8800
FAX: (670) 322-7800

September 16, 2005

S. Joshua Berger, Esq.
P.O. Box 504340
Saipan, MP  96950

Re:    **Former Receiver Randall T. Fennell Cost of Defense**

Dear Mr. Berger:

On May 10, 2005, you wrote a letter in your capacity as legal counsel to Receiver Tony
Muna indicating that Randall T. Fennell, our client, should receive his defense costs from the
Bank of Saipan.  In reliance upon this, Mr. Fennell has had my legal firm work with the law firm
of Wendel, Rosen, Black & Dean in preparing his defense to the lawsuit filed against him which
has included work in the associated receivership case.  We are surprised to see that you and Mr.
Muna have unexpectedly joined in a motion to terminate the receivership.  While we believe that
motion should be denied, we note that reimbursement of Mr. Fennell will be difficult if the
receivership does terminate before the conclusion of this litigation.  Please let us know by
September 23, 2005 how Mr. Muna plans to preserve Mr. Fennell's right to reimbursement for
his defense costs and his time.  If we do not hear from you, then we will bring this matter to the
receivership court.

Very truly yours,

Rexford C. Kosack

Sep-22-2005  05:24pm   From-Calvo & Clark Saipan                    +670 3232777        T-343

# CALVO&CLARK LLP

MH II Building
Marina Heights Business
PMB-951, Box 10001
Saipan, MP 96950
P: 670.323.2045  F: 670.323.2776
WWW.CALVOCLARK.COM

September 22, 2005

**TO:**      Rexford Kosack, Esq.

**Facsimile No.:**  322-7800

**FROM:**   Rodney Jacob

**NUMBER OF PAGES INCLUDING THIS ONE: 7**

**RE:**   Bank of Saipan, Inc.

**DOCUMENTS TRANSMITTED HEREWITH:**

I.      Letter of even date

## MESSAGE

## CONFIDENTIALITY NOTICE

The documents accompanying this FACSIMILE transmission may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in this transmission is strictly <u>PROHIBITED</u>. If you have received this transmission in error, please immediately notify us by telephone and mail the original transmission to us. Thank you.

Should you have any trouble please call (670) 323-2045 or fax (670) 323-2776. Thank you.

GUAM          SAIPAN          SAN FRANCISCO



# CALVO & CLARK LLP

MH II BUILDING   MARINA HEIGHTS BUSINESS PARK
PMB 951, Box 10001
SAIPAN, MP 96950
P. 671.646.9355 F. 671.646.9403
WWW.CALVOCLARK.COM

writer's direct e-mail:
rjacob@calvoclark.com

September 22, 2005

**VIA FACSIMILE: (670) 322-7800**

Rexford C. Kosack
**LAW OFFICES OF REXFORD C. KOSACK**
Bank of Hawaii Bldg. Third Floor
P.O. Box 410
Saipan , MP  96950

## RE:   BANK OF SAIPAN

Dear Rex:

I am responding to your letter of September 16, 2005 to Josh Berger, Esq., counsel to Bank of Saipan Receiver Antonio S. Muna. In your letter, you ask that the Bank pay for Randall T. Fennell's defense costs and indemnify him in the Bank's lawsuit against him. Receiver Muna has sent this claim to the Bank for its consideration, which is why I am responding.

The Bank is not going to indemnify Mr. Fennell for his cost of defending the Bank's lawsuit against him based on your purported "reliance" on Mr. Berger's letter reflecting Mr. Muna's initial recommendation regarding payment of Mr. Fennell's defense costs in the above-referenced lawsuit. Your purported "reliance" was misplaced. In *Bank of Saipan v. Atalig*, the Supreme Court stripped Mr. Fennell of his exoneration, immunity and indemnity. The Court reversed in their entirety the Orders requiring the Bank to defend and indemnify Mr. Fennell, holding that the obligation to defend and indemnify was only available for acts by a receiver done "honestly and in good faith in the exercise of the authority derived from their appointment and in an honest endeavor to discharge their duties as officers of the courts." 2005 MP 3, ¶ 14 (quotation and emphasis omitted). Thereafter, by its Order of May 26, 2005, the Supreme Court rejected your rehearing petition designed to protect findings regarding Mr. Fennell's "conduct" and reaffirmed its reversal of the order granting Fennell and his service providers fees. As you are aware, the Bank of Saipan's First Amended Complaint alleges that Mr. Fennell acted in bad faith and outside his authority. Accordingly, at the time of your "reliance," you were aware that the Bank had no obligation to defend Mr. Fennell.

We also refer you to Mr. Berger's Declaration in Opposition to your Motion to Vacate, (a copy of which is attached) which indicates that his initial recommendation in the letter to which

# CALVO & CLARK LLP

Rexford C. Kosack
September 22, 2005
Page 2 of 2

---

you refer has been superceded by the decision in *Bank of Saipan v. Atalig*, Sup. Ct. Appeal Nos. 02-00239-GA & 03-0008-GA (May 26, 2005 Order Denying Rehearing).

Last, but not least, we ask that you discontinue your harassment of Receiver Muna and his counsel in your continuing effort to end run the Supreme Court's mandate, which, along with personal attacks on Mr. Muna and the Bank's Board of Directors and counsel, seems to be the hallmark of Mr. Fennell's litigation tactics. The Supreme Court's decision and mandate are clear and unequivocal.

Very truly yours,

CALVO & CLARK, LLP

Rodney J. Jacob

cc:    S. Joshua Berger, Esq.

RJJ:mmr

1
2   MAIR, MAIR, SPADE & THOMPSON
     Attorneys at Law
3   238 A.F.C. Flores Street
     Suite 801 Pacific News Building
4   Hagåtña, Guam 96910
     Telephone: (671) 472-2089
5   Facsimile: (671) 477-5206

6   CALVO & CLARK, LLP
7   MH II Building
     Marina Heights Business Park
8   PMB 951 Box 100001
     Saipan, MP 96950
9   Telephone: (670) 323-2045
     Facsimile: (670) 323-2776
10

11  *Attorneys for Plaintiff The Bank of Saipan, Inc.*

12

13              IN THE SUPERIOR COURT
                    FOR THE
14  COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

15  ACTING SECRETARY OF COMMERCE,     Civil Action No. 02-0268B
16  FERMIN M. ATALIG, in his official
     capacity as the CNMI DIRECTOR OF
17  BANKING under 4 CMC § 6105(a),

18            Plaintiff,
                               **DECLARATION OF S. JOSHUA**
19           v.                  **BERGER IN SUPPORT OF THE BANK**
                                  **OF SAIPAN'S OPPOSITION TO**
20  THE BANK OF SAIPAN, INC.           **RANDALL T. FENNELL'S MOTION**
21            Defendants.        **FOR A DECLARATION OR TO**
                                  **VACATE**
22

23

24

25

26

27

28

   {P0000100.DOC:2}

I, S. Joshua Berger, hereby declare and state as follows:

1. I am admitted to practice law in the Commonwealth of the Northern Mariana Islands and I am the attorney of record in this matter for Mr. Antonio S. Muna, the Court-appointed receiver for the Bank of Saipan, Inc. (the "Bank"). I make this declaration on personal knowledge, and if called to testify I could and would testify competently hereto. I make this declaration in conjunction with the concurrently filed declaration of Mr. Muna.

2. Mr. Muna carried out the Rehabilitation Plan subject to the Court's supervision, and as his counsel I assisted Mr. Muna with briefing the Court and obtaining the Court's approval of the conduct of the Receivership. As the Rehabilitation Plan was carried out, I submitted Mr. Muna's monthly reports to the Court. The parties to the Receivership had two weeks to object to each report. However, very few objections to Mr. Muna's reports were made. The Court approved each of the reports.

3. The Receiver ensured that major government depositors had notice and could appear at the hearing on the *in camera* petition for instructions with the Court regarding the lawsuit against Mr. Fennell. MPLA chose to appear and the Retirement Fund chose not to appear. The Bank and Receiver did not give notice to the Attorney General's office. The reason for not notifying the Attorney General's office was because of the Bank's concern that Assistant Attorney General Benjamin Sachs (who is no longer with that office now) had joined Mr. Fennell in asserting arguments contrary to the Bank's lawsuit against Mr. Fennell (such as in the appeal of the exoneration and indemnification orders) and the Bank wanted to protect the confidentiality of litigation matters related to its decision to bring the lawsuit.

{P0000100.DOC:2}

2

1       4.     The hearing was held on November 5, 2004, on the record.

2       5.     It is my opinion from the Court's comments at the hearing and from the

3   Court's November 16, 2004 Order that the Court authorized the lawsuit to continue while

4   the costs issue was being addressed.  Under the Order, we had the option of returning to

5   the Court and requesting further assistance on the cost issue if we believed it necessary

6   after a 45 day period set by the Court.  We never requested such a hearing.

7

8       6.     The Bank reached an agreement with its counsel in which they agreed to

9   cap costs and to prosecute the lawsuit against Mr. Fennell on a contingency fee basis.

10  This agreement is consistent with the November 16, 2004 Order and Mr. Muna has not

11  vetoed this agreement.

12

13      7.     Previously, I wrote a letter dated May 10, 2005 stating my belief that Mr.

14  Fennell should receive his defense costs from the Bank.  That letter was based on my

15  understanding of previous orders in this matter regarding attorneys' fees.  I wrote that

16  letter prior to the Supreme Court's May 26, 2005 Order denying Mr. Fennell's petition

17  for rehearing of the Opinion vacating the exoneration and indemnification orders.  I was

18  never served with the May 26, 2005 Order, and only learned of it and reviewed it in

19  August.  Having reviewed that Order, I now believe that the issues of indemnification and

20  //

21  //

22  //

23  //

24  //

25  //

26

27

28

{P0000100.DOC;2}

3

1    defense costs must be determined, if at all, at a future time, following the plenary hearing

2    on Mr. Fennell's immunity.

3          I declare under penalty of perjury under the laws of the Commonwealth of the

4    Northern Mariana Islands (7 C M.C. § 3305) that the foregoing is true and correct.

5          Executed this 13th day of September, 2005 in Saipan, Commonwealth of the

6    Northern Mariana Islands.

7

8

9                                        S. JOSHUA BERGER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{P0000100.DOC;2}

4