# EXHIBIT 26

**LAW OFFICES OF S. JOSHUA BERGER**
D'Torres Building, Garapan
P.O. Box 504340
Saipan, MP 96950
Phone (670) 235-8060
Fax (670) 235-8070

*Attorney for Receiver Antonio S. Muna*

IN THE SUPERIOR COURT
OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ACTING SECRETARY OF COMMERCE, FERMIN M. ATALIG, in his official capacity as the CNMI DIRECTOR OF BANKING under 4 CMC § 6105 (a), | CIVIL ACTION NO. 02-0268 B |
| Plaintiff, | |
| vs. | **FINAL ACCOUNTING BY RECEIVER** |
| THE BANK OF SAIPAN, | |
| Defendant. | |

Comes now the Receiver, ANTONIO S. MUNA, and in coordination with his legal counsel, S. JOSHUA BERGER, hereby files his **Final Accounting** to facilitate the termination of the receivership.

Dated this 12ᵗʰ day of October, 2005.

S. JOSHUA BERGER - F0173
Attorney for Antonio S. Muna.

BANK OF SAIPAN
PO BOX 500690
SAIPAN MP 96950
PH# (670) 235-6260
FAX# (670) 235-1802

**RECEIVER'S REPORT**
for the Period of 1 June to 31 Aug 2005 – **FINAL ACCOUNTING**

It has been a long three years since my appointment as Receiver on 9/27/02. On 9/27/02, the Bank was five months removed since having gone into receivership on 4/30/02. The depositors had only been allowed to withdraw a small portion of their deposits. The relationship between the original Receiver and the Major shareholders was contentious and litigious. The Secretary of Commerce was supportive (or at the very least, was not in opposition) of the original Receiver's actions in managing the Bank. The press coverage painted a very bleak picture for any chance for the Bank's recovery and the full restoration of depositors' monies.

Ironically, I received more condolences than congratulatory comments in accepting the appointment.

On Oct 21 2002, I met with the Court (See Exhibit A) and advised the Court of a plan of action to set the course for the Bank's Rehabilitation by way of a close working relationship with the Major Shareholders.

In Jan of 2003, we renewed the Bank's license with the Court's approval despite opposition by the Secretary of Commerce. The following month, the Bank's Rehabilitation Plan was approved while, again, opposed by the Secretary of Commerce. The Bank reopened in May of 2003 along with $2.0 million dollars of fresh capital.

By Nov 2004, all nongovernment depositors (save restricted major shareholder/ director accounts) had 100% access to their deposits. As of today and since Aug 2004 (Court Approval of the Deposit Agreements), Government Agencies (Retirement, MPLA) have received over **$3.0 million** in principal reduction and interest. The CDA deposit agreement has been recently approved and CDA has received over **$140,000** in principal reduction and interest since Aug 2005.

The Bank's Rehabilitation has been a success and, clearly, has been in the best interests of the Depositors.

**FINANCIAL CONDITION:**

A summary financial statement (See Exhibit B) is attached through period ending 8/31/05. To date, the Bank is reflecting a net income of $227,071 from Bank Revenues totaling $1.660 million. The Bank's Capital stands at a healthy $3.22 million.

As of 10/07/05, the Bank's net retail deposit base (See Exhibit C, Row 3 Col U) totals $7.294 million. Total Cash & Investments available to ensure that Banks retail customers are guaranteed 100% access to their deposits stands at $10.445 million (See Exhibit D Grand Total Row under Ending Balance Column). The Bank has $1.43 for every $1.00 of net retail deposit. The Bank is more than sufficiently liquid.

There is even better news for the Government Agencies. As of 10/07/05, Cash & Investments in excess of 100% of net retail deposit base is $3.151 million (10.445MM (Cash) less 7.294MM (net Retail Deposit) - see above). Inclusive of the Bank's loan portfolio of greater than $14.0 million, the Bank currently has $17.151 million in cash and loans for which is potentially available for principal reduction or to secure Government Agency deposits of $12.672 million. The Government Agencies are scheduled for increased payments to principle reduction (in addition to the monthly fixed payments of principle and interest) 60 days after year end and starting June 30 2006 (and every 90 days thereafter).

The Bank is liquid, profitable, and well capitalized.

**The Bank is in sound financial condition.**

**OVERSIGHT**:

Secretary Of Commerce: The current Regulatory Agreement (See Exhibit E) will survive the Receivership Termination. Since the approval (June 25, 2003) of the current Regulatory Agreement by the Secretary of Commerce (Secretary) and the Bank, the Bank has submitted monthly financial reports to the Secretary. The latest report submitted is for the period ending 8/31/05. The monthly report package submitted is extensive. The report package includes the following:

         a) a detailed Financial Statement
         b) Calculation of Capital
         c) Analysis of Liquidity
         d) Status Report of Government Agency Accounts
         e) Detailed Listing of Shareholder and Director Restricted Deposits
         f) Detailed Listing of New Loans
         g) Detailed Performance Report of the Loan Portfolio as well as Listing
         h) Allowance for Loan Losses Reconciliation

The Secretary desires to amend the current Regulatory Agreement by way of an Addendum proposing additional provisions. The proposed Addendum does not need to be finalized **prior** to Receivership termination as desired by the Secretary. With or **without** the Receivership, a number of the provisions stated in the proposed Addendum could be imposed on the Bank in accordance with the Banking Code. Nonetheless, the monthly reporting requirement as detailed above would continue.

Government Agencies: By way of the Deposit Agreements which will survive the Receivership, the Government Agencies will have access to Bank financial reports and be permitted attendance to Bank Loan plus Asset & Liability Committee meetings. Furthermore, the Agreements allow the Agencies to address their concerns with the Bank at anytime, plus seek Court relief if needed.

Board of Directors(BOD): The BOD meets regularly on a monthly basis to discuss the Bank's financial condition and other matters. I have attached the Agenda outline of every regularly monthly meeting that has taken place since June 2005 (See Exhibit F). The BOD's attention is **not** dominated by litigation matters but rather on all matters important to the sound management of the Bank.

The Bank is an open book.

**The public or the persons having securities and funds in the Bank are in no danger of being defrauded.**

### ADVERSE EFFECT OF THE FENNELL LITIGATION:

There has been a lot mentioned about the adverse effect of the Fennell Litigation with respect to costs and unwanted publicity. The Secretary and Mr. Fennell contend that the Bank is in danger of reverting back into Receivership as a result of pursuing this litigation.

The Secretary and Mr. Fennell presume the following:

          1) They will win the case
          2) That the Bank will be unable to pay for the costs of litigation
          3) The Publicity will cause irreparable damage to the Bank's credibility

The BOD has made a business decision to pursue this litigation. The BOD fully expects to win its case, not have to pay Mr. Fennell's legal fees, and recover a judgment from Mr. Fennell.

However, I am sure that the BOD fully understands the repercussions of a failed lawsuit. I am confident that the BOD will act accordingly to ensure that the failure of the lawsuit will not return the Bank back to Receivership. I am also sure that the Government Agencies will closely monitor litigation costs such that, if overly excessive, they will request Court ordered relief if not addressed satisfactorily by the BOD and the Major Shareholders.

Currently, the Bank has minimized litigation costs by way of a contingency fee agreement with the firms of Mair Mair & Calvo & Clark. The $200,000.00 cost cap imposed by the Court is in incorporated in the fee agreement. When the Receivership

Receiver's Report  Final Accounting dtd 10/13/05 Page No. 3

terminates, Bank's counsels cannot exceed that $200,000 cost cap without prior approval by the BOD and in consultation with the Government Agencies. I am satisfied with the Bank's management of litigation costs.

I am fully confident that the BOD is prepared to neutralize any adverse publicity generated by the litigation. Furthermore, the issues that Mr. Fennell raises with respect to the actions of the certain Board members and major shareholders have been raised and publicized previously during his Receivership term. To raise these same issues again will not have the same detrimental or shock effect as it originally did. Additionally, the same Board members and major shareholders that he continues to accuse of negligence have since recapitalized and saved the Bank for which the depositors have greatly benefited. The adverse publicity may be of greater concern to Mr. Fennell since the public will be hearing or reading details about the alleged misconduct of Mr. Fennell for the first time.

**IN CONCLUSION**: I hope that the Court finds this final accounting satisfactory and pray for its decision to justly terminate the Receivership. The Bank as managed by its BOD, its CEO – Mr. Jon Bargfrede, and its staff along with the advice and counsel of a team of Legal and Financial experts have **earned** it. Congratulations are in order to the Shareholders, BOD, Management, staff, and advisors. A job well done. It has been a pleasure, both personally and professionally, to work with the Court and all Parties in this worthwhile endeavor. I have no regrets. I would like to thank (most especially) my Legal counsel Mr. Joshua Berger, as well as legal consultant Wayne Lamprey plus legal staff Danny Aguilar and Mark Smith for their tireless support.

I address my final remarks to the Secretary of Commerce.

I strongly urge the Secretary of Commerce to reconsider its opposition to terminate the Receivership. Today, the final accounting has been completed. There is no reason that the proposed addendum to the existing Regulatory Agreement (which will survive the Receivership) cannot be finalized post Receivership termination. The issues or concerns addressed in the proposed addendum, if left unaddressed, would not be a cause to put the Bank into Receivership. The Government Agencies have deposit agreements which secure their Deposits, schedules recurring payments of principle reduction plus interest, insight to the Bank's financial condition, plus a venue for Court relief to address concerns if not satisfied by Bank management. The reasons originally cited by then Secretary Atalig placing the Bank in Receivership on 4/30/02 no longer exist today. Then Secretary Atalig placed the Bank into Receivership to protect the Depositors' best interests. Today, these same Depositors have either availed their accounts 100% or have agreements in place to ensure repayment or deposit availability.

Mr. Secretary, so who is being protected if the Depositors you want to protect have already been satisfied and have voiced no opposition to the Receivership's termination? In fact, Government Agency MPLA, a bank depositor, having over $6.877 million in the Bank has successfully filed for intervention as Plaintiff in the lawsuit against Mr. Fennell.

How are your reasons in opposing the Receivership termination consistent with the best interests of MPLA?

It is unfortunate that Mr. Fennell is the subject of a lawsuit for alleged misconduct while the Bank's Receiver. However, the Fennell litigation is not a reason to continue the Receivership. If I am sued for alleged misconduct, after the Receivership termination, would that be reason enough to put the Bank back in Receivership to protect my interests in like manner that Mr. Fennell's interest are currently being protected? I believe not. As advised by the Supreme Court decision dated 3/07/05 vacating the Court's order exonerating Mr. Fennell, Mr. Fennell (as would I if subject to a lawsuit for alleged misconduct while Receiver) would be best served to seek a plenary hearing to determine if he is entitled to immunity at the soonest possible time. The Secretary's action to hold the Receivership hostage will not get Mr. Fennell immunity. Mr. Fennell should be held personally accountable for costs incurred in delaying the scheduling of a plenary hearing.

Mr. Secretary, please be reminded of your office's purpose per the Banking Code as stated below:

§ 6102.      Purpose.
      It is the purpose of this division to establish a comprehensive code for the regulation of the banking business within the Commonwealth which will **protect depositors and consumers while also encouraging development of the banking, finance and investment industry and in particular locally owned and managed firms**.

It is twofold. The first is to protect depositors and consumers. The second to encourage, most especially, the development of locally owned and managed firms.

The depositors of the Bank, as of this point in time, are protected and satisfied to greatest extent allowed by the Banking Code. The Bank of Saipan is currently profitable and well capitalized satisfying the second purpose of your office.

Protecting a Receiver from accusations of alleged misconduct is clearly not one of your office's purpose. Mr. Fennell, if deserving of and entitled to immunity, will receive immunity as determined by the Court at a plenary hearing. It is that time that your office can testify in support of Mr. Fennell's actions while Receiver. Your office's time to show its support to Mr. Fennell is at the plenary hearing and to do so at this time is premature and contra to the purposes of your office.

Again, I urge you, to reconsider your position and request your support to terminate the Receivership and **satisfy** the purposes of your office. The job is done. The mission accomplished.

Yours truly,

Antonio S. Muna, Receiver

Receiver's Report  Final Accounting dtd 10/13/05 Page No. 5

# EXHIBIT 27

APPEAL NO. 05-0025-GA



FILED
CNMI
SUPREME COURT
DATE: 5-24-06   10: A—
BY: _____
CLERK OF COURT

IN THE

## SUPREME COURT

OF THE

# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

---

### THE BANK OF SAIPAN, INC.,
*Appellant-Defendant,*

*v.*

## ACTING SECRETARY OF COMMERCE DANIEL L. CAMACHO,
in his official capacity as the
CNMI DIRECTOR OF BANKING, under 4 CMC § 6105(a),
*Appellee-Plaintiff.*

---

**Supreme Court No. 05-0025-GA**
**Superior Court Case No. 02-0268B**

---

# ORDER VACATING THE OCTOBER 14TH
## "SPENDING CAP ORDER"

| CNMI SUPREME COURT | |
|---|---|
| ORIGINAL | |
| Update | |
| Docket | |
| Scan | |

BEFORE: MIGUEL S. DEMAPAN, *Chief Justice;* ALEXANDRO C. CASTRO, *Associate Justice;* JOHN A. MANGLONA, *Associate Justice.*

**PER CURIAM:**

¶1    This case is an appeal from an order in a receivership case,[1] *Acting Secretary of Commerce Daniel L. Camacho v. Bank of Saipan, Inc.,* Civil Action No. 02-0268B (the lawsuit will be referred to as the "Receivership Lawsuit" while the court will be referred to as the "Receivership Court"). The Receivership Court issued an order that required, among other things, the Bank to secure indemnification pledges in the amount of $2,000,000 in private property. Because there has been no plenary hearing, as mandated by this Court's *Atalig* decision, and it is unclear whether, and to what extent, the Fennell Defendants enjoy immunity, the Receivership Court abused its discretion when it ordered the Bank to procure *$2,000,000* worth of private property indemnification.

¶2    The Bank, and more importantly its depositors, have had to weather a legal typhoon that consisted of two receivers, possible liquidation, rehabilitation, and protracted and prodigious litigation. When placed into receivership, the Receivership Court appointed Randall T. Fennell the receiver for the Bank. For various reasons, the Receivership Court removed Fennell and replaced him with Mr. Antonio S. Muna. Subsequently, the Bank set off on a course of rehabilitation.

---

[1]    The groups involved in the instant appeal, are the Bank of Saipan (the "Bank"), its directors (the "Directors"), former receiver Randall T. Fennell (sometimes hereinafter referred to as "Fennell"), David Axelrod and the law firm of Schwabe, Williamson & Wyatt (hereinafter collectively referred to as the "Schwabe Firm") (Fennell and the Schwabe Firm will be collectively referred to as the "Fennell Defendants.") The ancillary lawsuit, *Bank of Saipan* v. *Randall T. Fennell, et al.,* Civil Action No. 04-*0449A* suit will be referred to as the "Fennell Lawsuit" or "Fennell Litigation" and its court as the "Fennell Court."

¶3   **As** with most receiverships, it is possible for the entity in receivership, in this case the Bank, to pursue persons who wronged it.  At some point, the Bank directors identified the Fennell Defendants as potential wrongdoers and decided to bring suit.  Any suit against a former receiver, however, could prove potentially costly due to a receiver's qualified immunity.

¶4   Originally, Fennell received blanket judicial immunity from a lower court for his actions taken while receiver.  This Court held that such blanket immunity was improper.

> In addition to the premature confirmation of immunity to Fennell, the obligation of the Bank to defend and indemnify Fennell for 'any and all claims' is patently overbroad. It is appropriate for a court to order indemnification and the obligation to defend for 'all cases arising out of acts done or omitted by receivers **honestly** and in **goodfaith** in the exercise of the authority derived from their appointment and in an honest endeavor to discharge their duties as officers of the courts.  Here, however, the Exoneration Order and Clarification Order made no mention of the requirement of honesty or good faith. Instead, these Orders simply provide that Fennell is indemnified for "any and all claims," without any prerequisite at all. Consequently, the grant of indemnity here by the trial court is likely too broad and over-reaching[2]

With its Atalig decision, this Court made it clear that Fennell could be entitled, as all receivers are, to immunity and indemnification.  But, he is only so entitled after a plenary hearing on the matter that determines if his acts were done honestly, in a good faith, and in the exercise of the authority derived from his appointment.

¶5   Receiver Muna, while not vetoing the idea of a lawsuit against Fennell, had concerns regarding the costs of a suit against Fennell.   Additionally, the Receivership Court had the same concerns.[3] The Receivership Court issued an order on November 16 ("November 16"

---

[2]  *Bank of Saipan v. Atalig,* 2005 MP 02, ¶ 14 (2005).

[3]  See ER 307 1 I. 1-3

Order") the purpose of which, both the Bank and the Fennell Defendants agree, was to control the costs of any suit against the Fennell Defendants. The Court ordered the Directors and Receiver Muna to :

> ...meet in the next 45 calendar days to discuss methods of limiting exposure. In conducting their negotiations, the [Directors] and Receiver should be aware that the Court will be reluctant to allow expenditure of Bank funds exceeding $200,000 total - including the costs of defending against counterclaims and paying damages on successful counterclaims. Should the Board and Receiver fail to agree, the Court will intervene after the 45-day period has elapsed and upon request.[4]

¶6        The ambiguity in this order coupled with animus that exists between the Bank and the Fennell Defendants produced a situation where it is simultaneously possible for: (1) the Bank, its directors, and Receiver Muna to agree upon sufficient cost controls without going before the Receivership Court; and (2) the Bank directors filing a lawsuit not sanctioned by the Receivership Court because it failed to follow the Receivership Court's November 16th Order.

¶7        On its face, the November 16" Order puts the onus on the Receivership Court to make sure the Bank complied rather than on the Bank itself. By its own terms, if the Bank and the Receiver agree, the Receivership Court did not have to intervene. Not surprisingly, the Bank and the Fennell Defendants have conflicting interpretations on the November 16[th] Order. Since the onus was on the Receivership Court and "the Court neither expressly authorized the lawsuit nor expressly denied permission to continue[]", it seems reasonable that the Receivership Court, the Bank and the Fennell Defendants could all be correct in their respective interpretations. Such confusion necessitated the order at issue in this appeal.

---

¶8        Although the Bank's Directors and their lawyers arranged for some cost controls, the Receivership Court was not impressed with these efforts.  Thus, the Receivership Court ordered that the Bank: (1) couldn't expend additional corporate funds to support the Fennell Litigation; (2) must, within forty-five days, submit a new cost control plan that met certain requirements; and (3) must submit indemnification agreements from individuals and/or corporations regarding expenses related to the Fennell Litigation.    Additionally, the individuals or corporations that agreed to indemnification must pledge $2,000,000 in real or personal property in the event the costs came due (the "Spending Cap Order").'    The Spending Cap Order is the only subject of the instant appeal.

## I.

¶9        We have jurisdiction to hear appeals from final judgments and orders from the superior court.[6]  Absent the final order rule, a litigant must demonstrate that his appeal fits within an exception.  The Bank failed to argue that the Spending Cap Order is a regular final order or that its appeal falls within a recognized exception to the final order doctrine.  Since these issues were not argued and the **Bank** offered no support for any such arguments, we will not address these issues.[7]  The **Bank,** however, argues that the Spending Cap Order amounts to an injunction, and is therefore appealable.[8]  The Spending Cap Order requires the Bank to solicit a very large amount of private property for an indemnification that may or may not be necessary, and it requires this before the Bank may proceed with its suit.  Without

---

[5]      *See Re: The Matter of The Bank of Saipan, No.* 02-0268; (Order Concerning the Court's Order of November 16, 2004, signed October 14, 2005).

[6]      N.M.I. Const., art. **IV, § 3.**

[7]      *See, e.g. Tyler v. Runyon, 70* F.3d 458, 464-65 (7th Cir. 1995) (deeming argument waived because litigant and attorney failed to cite case law or statutory authority).

[8]      *See Villanueva v. Tinian Shipping* & *Transp., Inc.,* 2005 *MP* 12, ¶ 6.

this security, the bank may not move forward with its lawsuit, and because such relief is clearly injunctive in nature, we have jurisdiction for this appeal.

¶10        The Bank contends that the standard of review in this case is *de novo*.[9]  While we accept that the Spending Cap Order was injunctive in nature, it is an order in a receivership action.  Therefore, the proper standard of review is abuse of discretion.[10]

## II.

¶11        A reading of the Spending Cap Order indicates that the Receivership Court was concerned with the costs that a lawsuit against the Fennell Defendants might impose on the Bank in two forms: (1) the cost of defending the **Bank,** the Board, and the current Receiver against counterclaims; and (2) the expense of Fennell's fees and costs because of his claim of qualified immunity.  Cost controls placed on an entity in receivership are a necessary and legitimate measure for a receivership court to take.[11]  Indemnification that holds a lawsuit hostage until satisfied is a more drastic remedy.  Here, the Receivership Court ordered indemnification even though there is no determination as to the extent the Fennell Defendants enjoy immunity or what actions were taken in good faith.

¶12        Again, "[w]hether or not a receiver is entitled to immunity is to be resolved at a plenary hearing with sworn witnesses and documentary proof . . ."[12]  There has been no determination of immunity in the Fennell Litigation because the Fennell Litigation has not progressed to that stage yet.  Regardless of this fact, the Receivership Court has issued the

---

[9]    *See* Bank of Saipan's Opening Brief at *22.*

[10]   *See Commodity Futures Trading Comm'n. v. Topworth International, Ltd.,* 205 **F.3d** *1107, 115* **(9th Cir.** *1999).*

[11]   *See CLARK ON RECEIVERS*, § 583(a),  **p.** *950.*

[12]   *Bank of Saipan v. Atalig, 2005 MP 02,* ¶  10*(2005)*

Spending Cap Order which forces the Bank to secure a large amount of private property before it may proceed with the suit. Not only is the $2,000,000 amount cost prohibitive, shutting the Fennell Litigation down by requiring the deposit before a determination of the need for it violates *Atalig.*

¶13          Upon a plenary hearing,[13] a determination can be made in the Fennell Lawsuit regarding the Fennell Defendants' immunity, if any. With this determination, the Receivership Court can then make a decision about the amount of money required for indemnification, if any. All of this, however, assumes that the Receivership is even open at the time of the plenary hearing. That determination, however, is not for this Court.

¶14          While it may be necessary for the Receivership Court to issue a comprehensive order requiring indemnification, it is premature to order one before a plenary hearing on the matter. Cost controls, however, may, **and** can be, separate and apart from any indemnification order. Although the Spending Cap Order does not indemnify the Fennell Defendants per se it's requirements are onerous enough as to operate as a defacto indemnification of the Fennell Defendants. As this Court has previously ruled, indemnification should only take place after the Fennell Court holds a plenary hearing on the matter.

¶15          Further, it is unclear as to what costs the **Bank** would incur in a countersuit. Does the contingency fee agreement include fees incurred in a countersuit? The Fennell Defendants claim that it does not while the Bank claims that it does. There isn't a finding of fact in the Spending Cap Order either way. Without more information it is impossible to determine how much protection the depositors of the Bank need. At this stage, however, $2,000,000

---

[13]   **While** the Bank appears to be demanding a plenary hearing, the Commonwealth Rules of Civil Procedure allow for **a** resolution of these matters and the lower courts need no instructions on how to follow the procedural rules.

is a prohibitive amount and an abuse of discretion. Further, after reviewing the briefs in this case as well as the record, it becomes difficult to tell who the Spending Cap Order is designed to protect, the depositors of the Bank (and thereby the Bank itself) or the Fennell Defendants.

¶16        In its *amicus* brief, Fennell states that "in determining whether – and, if so, on what conditions – the company in receivership may bring a lawsuit, has nothing to do with whether Fennell is entitled to qualified immunity."[14]   We agree with this proposition. Likewise, the Fennell Defendants have nothing whatsoever to do with whether – and, if so, on what conditions – the company in receivership may bring a lawsuit.[15]  If the Receivership Court makes a determination that the depositors will be protected that is one thing, but the record and the *amicus* briefs seem to indicate that the Fennell Defendants are the ones being protected by the Spending Cap Order.

¶17        The Bank receivership exists for the benefit of the shareholders and depositors.[16] The Spending Cap Order coupled with Fennell's assertion that "[n]o one is more affected by the determination of these issues than Fennell" indicate that the Spending Cap Order isn't crafted to protect the depositors, but rather the Fennell Defendants. While a plenary hearing may indicate that the Fennell Defendants are entitled to protection, no such determination has yet been made. The Spending Cap Order seems crafted to protect the Fennell Defendants primarily and the depositors as an afterthought. Such an order is an abuse of discretion.

---

[14]        *See* Brief of Amicus Randall T. Fennell, p. 38.

[15]        This Court is mindful of the Fennell Defendants' arguments regarding the proper person to bring a suit in a receivership. Without commenting on the defense itself, the Court notes that it is entirely appropriate to raise this issue in the Fennell Court, but doubts the propriety of bringing it in the Receivership Court.

[16]        *See Valley View State Bank v. Owen*, 737 P.2d 35, 38 (Kan.1987).

¶18        The Fennell Defendants have pointed out that the Directors and not Receiver Muna brought the Fennell Litigation. They have every right to use this defense in the Fennell Court, using it in the Receivership Court, however, is a different matter. The Receivership Court must protect the Bank's assets, but it must follow the edicts of this Court in *Atalig.* While the Fennell Defendants are correct and the Bank has no "right" to demand the timing of a plenary hearing, the Fennell Defendants have no "right" to request the Bank seek $2,000,000 in indemnification before a plenary hearing on the matter. Both the Bank and the Fennell Defendants would do well to remember that the Receivership Court does not exist to gain an advantage in the Fennell Litigation.

¶19        Although the instant appeal was from the Spending Cap Order, the Directors and their attorneys have used the appeal to request all manner of remedies. For example, the Bank requests that this Court reassign the Receivership and Fennell Litigation, instruct the Receivership Court on "void" or "vacated" orders, instruct the Fennell Court on the plenary hearing, issue a show cause order to the Attorney General, and terminate the receivership. Putting aside the fact that most of these requests are so strikingly premature they could be sanctioned, proceeding as requested would involve this Court in motions that are currently pending. The Bank has requested remedies that are unavailable and untimely, and thus we decline any invitation to go beyond our jurisdiction or intrude in matters that are not properly before us.

¶20        Because the Spending Cap Order requires a substantial amount of private property, before the Bank may proceed with the Fennell litigation, it operates as an injunction. An injunction that requires the Bank to indemnify, before a determination that indemnification is needed, is premature and a violation of the *Atalig* decision. Therefore, the Spending Cap Order is premature considering the stage of the Fennell Litigation.

¶21        .For the foregoing reasons, we VACATE the Spending Cap Order, the Receivership

Court may issue orders that control costs, but absent a plenary hearing in the Fennell Court,

as required by this Court in *Atalig,* it may not require indemnification for immunity that may

or may not exist.   All other requests made by the Bank, the Fennell Defendants or the

Secretary of Commerce, not herein specifically granted are DENIED.


          SO ORDERED this ___ day of May 2006.


          _____
          MIGUEL **S. DEMAPAN,** Chief Justice

_____          _____
ALEXANDRO C. CASTRO, Associate Justice          JOHN A. MANGLONA, Associate Justice

# EXHIBIT 28

# CNMI SUPERIOR COURT

## Case Proceedings

**Case No.:** 04-0449-CV

The Bank of Saipan vs. Randall T. Fennell, et al

| Date | Proceedings | Notes |
|------|-------------|-------|
| 9/27/2004 3:58:00 PM | Complaint & Demand for Jury Trial | R#1144788 $400.00 |
| 11/19/2004 11:52:00 AM | First Amended Complaint | Delivery Method: Laywer's Serviceand Demand For Jury Trial |
| 4/1/2005 3:35:00 PM | Summons | Randall T. Fennell |
| 4/1/2005 3:35:00 PM | Summons | David W. Axelrod |
| 4/1/2005 3:36:00 PM | Summons | White, Pierce, Mailman & Nutting |
| 4/1/2005 3:36:00 PM | Summons | Schwabe, Williamson & Wyatt |
| 4/1/2005 3:36:00 PM | Summons | Richard W. Pierce |
| 4/12/2005 2:58:00 PM | Proof of Service | |
| 4/12/2005 2:58:00 PM | Proof of Service | |
| 4/19/2005 3:25:00 PM | Proof of Service | of Summons and First Amended Complaint and Demand for JT on David Axelrod |
| 4/19/2005 3:25:00 PM | Proof of Service | Summons and First Amended Complaint and Demand for Jury Trial on Randall Fennell. |
| 4/29/2005 1:56:00 PM | Stip & Order | Stipulation For Time To Respond To First Amended Complaint |
| 4/29/2005 4:31:00 PM | Stipulation | for time to respond to first amended complaint |
| 4/29/2005 4:32:00 PM | Stipulation | EXTENDING TIME TO PLEAD AND ORDER FILED BY RAPAPORT. |
| 5/3/2005 11:06:00 AM | Stip & Order | Stipulation Extending Time to Answer/Plead And Order (to file First Amended Complaint on file herein to May 23, 2005) |
| 5/10/2005 4:20:00 PM | Ex Parte | Ex Parte Request for Enlargement of Time To Respond To First Amended COmplaint (the Court permits Pierce until 5/23/05 to respond) |
| 5/13/2005 3:48:00 PM | Certificate of Service | |
| 5/18/2005 11:07:00 AM | Affidavit | Delivery Method: Not Indicatedof service of Summons and First amended complaint and demand for jury trial |

Certified by:_____

1 of 23    As of:8/28/2009

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 5/18/2005 11:07:00 AM | Affidavit | Delivery Method: Not Indicatedof service of summons and first amended complaint and demand for jury trial |
| 5/18/2005 4:00:00 PM | Second | Bruce Mailman's stipulation for time to respond first amended complaint |
| 5/23/2005 11:06:00 AM | Case Assignment Order | For purposes of Judicial economy,this matter is re-assigned to AJJTL. |
| 5/23/2005 2:49:00 PM | Stipulation | Delivery Method: By Clerkfor standstill agreement  - all signatories refrain from taking any judicial action; responsive pleadings due 8/19/05; |
| 7/12/2005 4:00:00 PM | Order | Delivery Method: Not IndicatedIn RE the PRO HAC Vice Admission of Robert P. Berry |
| 7/12/2005 4:00:00 PM | Order | Delivery Method: Not Indicatedin RE te PRO HAC Vice admission of Kevin S. Rosen |
| 8/12/2005 10:17:00 AM | Order | supreme court  pro Hac Vice NO 05-0907 |
| 8/18/2005 3:12:00 PM | Memorandum | in support of motion to intervene |
| 8/18/2005 3:12:00 PM | Motion | to intervene |
| 8/18/2005 3:14:00 PM | Not. of Hearing | |
| 8/19/2005 11:05:00 AM | Declaration | of Ma. rita A. Maravilla in support of motion to dismiss |
| 8/19/2005 11:07:00 AM | Memorandum In Support | of motion to dismiss |
| 8/19/2005 12:18:00 PM | Defendant's | David axelrod and schwabe, willimson & wyatt's notice of motion to dismiss first amended complaint |
| 8/19/2005 12:18:00 PM | Defendant's | David Axelrod and schwabe, Williamson & Wyatt's motion to dismiss first amended complaint and memorandum of points and authorities |
| 8/19/2005 12:19:00 PM | Request | for judicial notice in support of defendants David axelrod and schwabe, williamson & Wyatt's motion to dismiss first amended complaint |
| 8/19/2005 4:00:00 PM | Declaration | of Rodney J. Jacob in support of motion todisqualify rexford C. Kosack |

Certified by:_____

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 8/19/2005 4:02:00 PM | Memorandum | of points and authorities in support of motion to disqualify rexford c. Kosack |
| 8/19/2005 4:03:00 PM | Not. of Motion | and motion to disqualify rexford c. kosack |
| 8/19/2005 4:23:00 PM | Memo of Points and Authorites | in support of Motion to Transfer Action to Receivership Court |
| 8/19/2005 4:26:00 PM | Not. of Motion | and motion to dismiss |
| 8/19/2005 4:28:00 PM | Not. of Motion | and Motion to Strike Jury Demand {COM.R.CIV.P.RULE 12(f)} |
| 8/19/2005 4:35:00 PM | Memo of Points and Authorites | in support of Motion to Strike Portions First Amended Complaint {COM.R.CIV.P.12(f)} |
| 8/19/2005 4:39:00 PM | Mot for Summary Judgment | |
| 8/19/2005 4:40:00 PM | Motion | requesting permission to exceed page limits and (proposed) order |
| 8/22/2005 2:37:00 PM | Certificate of Service | |
| 8/22/2005 2:38:00 PM | Certificate of Service | |
| 8/23/2005 2:03:00 PM | Proof of Service | |
| 8/23/2005 2:04:00 PM | Proof of Service | |
| 8/23/2005 3:39:00 PM | Proof of Service | |
| 8/25/2005 3:39:00 PM | Order Granting | Delivery Method: By Clerkmotion to exceed page limit |
| 8/25/2005 4:07:00 PM | Amended Notice of Hearing | on motion to disqualify rexford kosack set for Oct. 25 from Sept. 20 2005 |
| 8/26/2005 3:43:00 PM | Original for faxed filed | Memorandum of points and authorities in support of motion to strike jury demand |
| 8/26/2005 3:43:00 PM | Original for faxed filed | Notice of motion and motion to strike jury demand |
| 8/26/2005 3:44:00 PM | Original for faxed filed | request for judicial notice in support of motion to strike portions of first amended complaitn |
| 8/26/2005 3:44:00 PM | Original for faxed filed | memorandum of points and authorities in support of motion to strike portions of first amended complaint |
| 8/26/2005 3:44:00 PM | Original for faxed filed | Notice of motion and motion to traster action to recievership court |
| 8/26/2005 3:44:00 PM | Original for faxed filed | Notice iof motion and motion to strike portions of first amended complaint |

Certified by:_____

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 8/26/2005 3:44:00 PM | Original for faxed filed | Memorandum of points and authorities in support of motion to transfer action to receivership court |
| 8/29/2005 2:44:00 PM | Second | amended notice of hearing on motion of disqualify Rexford C. Kosack |
| 8/29/2005 2:44:00 PM | Amended | Notice of hearing |
| 8/30/2005 9:34:00 AM | Second Amended | Corrected Second amended Notice of hearing on motion to disqualify Rexford C. Kosack set for 10.25.05 1:30pm is hereby rescheduled 10.25.05 at 9:00am |
| 9/2/2005 2:11:00 PM | Stip & Order | Delivery Method: By Clerkextending time to respond to pending motions 1. to disqualifiy kosack; mpla and bord motion to intervene; Pierce's motion to disiss; Axerold, etal motion to dismiss; fennel's motion to strike portions; to strike jury demand; to transfer action to receivership ct; to dismiss; for summary judgment; and to take judicial notice. |
| 9/6/2005 2:49:00 PM | Stipulation | Delivery Method: By Clerkextending time to respond to mpla's motion to intervene |
| 9/6/2005 4:18:00 PM | Memorandum | in opposition to MPLA & Board of MPLA Motion to Intervene |
| 9/7/2005 1:13:00 PM | Memorandum In Support | of objection to intervention by MPLA |
| 9/7/2005 4:38:00 PM | Defendant's | David Axelrod & Schwabe, Williamson & Wyatt's Notice of joinder in randall t. fennell's Opposition to MPLA and Board of MPLA motion to intervene |
| 9/8/2005 9:28:00 AM | Certificate of Service | |
| 9/9/2005 2:45:00 PM | Proof of Service | |
| 9/9/2005 3:23:00 PM | Joinder | The BOS , Inc. Joinder in the board of the MPLA and MPLA's Motion to intervene |

Certified by:_____

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 9/9/2005 3:26:44 PM | Second | Delivery Method: By Clerkstip & order extending time to respond to pending motions an additional 7 days to file motion to disqualify kosack; Pierce, et al. motion to dismiss; Axerod's motions to dismiss and fennel's motions to strike portioons; strike jury demand; transfer acction to receivership court; to dismiss; for summary judgment and to take judicial notice |
| 9/12/2005 1:39:00 PM | Sua Sponte Order | Delivery Method: By Clerkcontinuing 9/20/05 motion to 10/25/05 |
| 9/14/2005 3:59:00 PM | Order | Delivery Method: By Clerksetting following motions hearing on 10/7/05:  Motion to dismiss; motion to intervene; motion to dismiss amended complaint; motion to disqualify kosack; motion to dismiss fennell; motion to strike jury demand; moton to strike portions of 1st amended complaint and motion to transfer action to receivership court. |
| 9/14/2005 5:11:00 PM | Declaration | of Sean E. Frink in support of opposition to joint monitionto (1) approve termination and release agreement (2) terminate recievership and (3) discharge and exonerate receiver |
| 9/14/2005 5:13:00 PM | Defendant's | david axelrod & Schwabe, williamson & Wyatt's joinder and notice of joinder in richard w. pierce & nutting motion to dismiss |
| 9/14/2005 5:13:00 PM | Defendant's | david axelrod & Schwabe, williamson & Wyatt's joinder and notice of joinder in randall t. fennell's motions to dismiss, for summary judgment, & to strike various portions of the complaint |
| 9/15/2005 9:50:00 AM | Memorandum In Opposition | to motion to disqualify rexford c. kosack |
| 9/15/2005 3:30:00 PM | Objection | to defendant's requests for judicial notice |

Certified by:_____

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 9/15/2005 3:31:00 PM | Opposition | The BOS opposition to randll t fennell's motion to transfer action to receivership court |
| 9/15/2005 3:34:00 PM | Opposition | the BOS opposition to randall t. fennell's motion to strike portions of the first amended complaint |
| 9/15/2005 3:35:00 PM | Opposition | the BOS consolidated opposition to motion to dismiss re: statute of limitations issues |
| 9/15/2005 3:36:00 PM | Opposition | the BOS consolidated opposition to the motions to dismiss re: pleadings issues |
| 9/15/2005 3:40:00 PM | Declaration | of daniel m. benjamin in support of the BOS objection to defendants' requests for judicial notice |
| 9/15/2005 3:43:00 PM | Declaration | of daniel m. benjamin in support of opposition to randall t. fennell's motionfor summary judgment |
| 9/15/2005 3:45:00 PM | Notice | first request for judicial notice in support of the BOS (1) consolidated oppositions to the motion to dismiss(2) opposition to the motion for summary judgment; and (30 opposition to the motion to strike |
| 9/15/2005 3:48:00 PM | Opposition | The BOS opposition to randall t. fennell's motion to strike jury demand |
| 9/15/2005 3:50:00 PM | Opposition | the BOS opposition to randall t. fennell's motionfor summary judgment |
| 9/15/2005 3:52:00 PM | Second | request for judicial notice in support of the BOS (1) consolidated oppositions to the motions to dismiss;(2) opposition to the motion for summary judgment; and (3) opposition to the motion to strike |
| 9/16/2005 4:06:00 PM | Stipulation | Delivery Method: By Clerkextending time to file and reply and order - deadline for filing replies and responses until 9/21/05 to defendant's opposition and/or objection to the Board of MPLA and MPLA's motion to intervene. |
| 9/19/2005 1:39:00 PM | Proof of Service | |

Certified by:_____

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 9/19/2005 3:39:00 PM | Not. of Motion | and motion to stay discovery |
| 9/19/2005 3:40:00 PM | Memorandum | of points and authorities in support of motion to stay discovery |
| 9/19/2005 3:41:00 PM | Affidavit | of Daniel Rapaport in support of motion to stay discovery |
| 9/19/2005 4:04:00 PM | Joinder | Richard w. pierce's joinder in motion for stay of discovery |
| 9/20/2005 10:22:00 AM | Certificate of Service | |
| 9/20/2005 2:08:00 PM | Not. of Entry of Appearance | of Counsel - Matthew T. Gregory, Esq. |
| 9/20/2005 2:36:00 PM | Proof of Service | |
| 9/20/2005 3:37:00 PM | Stip & Order | Extending Time to File Reply Briefs |
| 9/21/2005 2:08:00 PM | Defendant's | david axelrod & schwabe, williamson & wyatt's joinder and notice of joinder in randall t. fennell's motion to stay discovery |
| 9/21/2005 4:29:00 PM | Reply | to defendants' opposition and objection to motion to intervene |
| 9/22/2005 11:34:00 AM | Order | Delivery Method: By Clerkmotions for summary judgment continued to 10/7/05 at 1:30pm |
| 9/23/2005 2:08:00 PM | Affidavit | of daniel rapaport in support of motion to stay discovery |
| 9/23/2005 2:08:00 PM | Not. of Motion | and motion to stay discovery |
| 9/23/2005 2:09:00 PM | Memorandum | of points and authorities in support of motion to stay discovery |
| 9/26/2005 3:32:00 PM | Declaration | of rodney J. Jacob in support of threshold motion and request for hearing on issue of immunity |
| 9/26/2005 3:35:00 PM | Motion | threshold motion and request for hearing on issue of immunity |
| 9/28/2005 4:06:00 PM | Ex Parte Motion | Delivery Method: By Clerkfor extension of time ti file opposition (Threshold Motion and Request for Hearing on issue of immunity) - by kosack |
| 9/29/2005 3:49:00 PM | Opposition | BOS Partial Opposition to fennell's ex parte motion for extension of time to file opposition |
| 9/30/2005 2:41:00 PM | Reply | memorandum in support of motion to dismiss (statute of limitations) |

Certified by:_____  _____

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 9/30/2005 2:43:00 PM | Objection | to evidence presented in the declaration of daniel m. benjamin in support of opposition to randall t. fennell's motion to transfer action to receivership court |
| 9/30/2005 2:43:00 PM | Objection | to evidence presented in the declaration of daniel m. benjamin in support of objection to defendant's request for judicial notice |
| 9/30/2005 2:45:00 PM | Reply | in support of motion for summary judgment |
| 9/30/2005 2:45:00 PM | Reply | memorandumin support of motion to dismiss (pleading issues) |
| 9/30/2005 2:48:00 PM | Supplemental | request for judicial notice in support of motin to strike portions of first amended complaint |
| 9/30/2005 2:50:00 PM | Response | to Bank's objections to request for judicial notice submitted in support of motion to strike portions of first amended complaint |
| 9/30/2005 2:51:00 PM | Reply | memorandum of points and authorities in support of motion to strike portions of first amended complaint |
| 9/30/2005 2:53:00 PM | Memorandum | of points and authorities in reply to opposition to randall t. fennell's motion to strike jury demand |
| 9/30/2005 2:54:00 PM | Memo of Points and Authorities | in reply to opposition to randall t. fennell's motion to transfer action to receivership court |
| 9/30/2005 2:58:00 PM | Reply | richard w. pierce and white, pierce, mailman & Nutting reply memorandum in support of motion to dismiss |
| 9/30/2005 3:01:00 PM | Second | declaration of richard w. pierce in spport of motion to dismiss |
| 9/30/2005 3:33:00 PM | Reply | in supportt of motion to disqualify rexford c. kosack |
| 9/30/2005 3:34:00 PM | Opposition | The BOS Opposition to motion to stay discovery |
| 9/30/2005 3:36:00 PM | Declaration | of Kathleen V. Fisher in support of reply in support of mtoion to disqualify rexford c kosack |

Certified by:_____

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 9/30/2005 3:37:00 PM | Declaration | of Kathleen V. Fisher in support of opposition to motion to stay discovery |
| 9/30/2005 4:04:00 PM | Defendant's | david axelrod and schwabe, williamson & wyatt's reply to motion to dismiss first amended complaint and memorandum of points and authorities-"pleading issues" |
| 9/30/2005 4:05:00 PM | Defendant's | David Axelrod & Schwabe, Williamson & Wyatt's joinder and notice of motion for declaration, or in the alternative, to vacate |
| 9/30/2005 4:05:00 PM | Defendant's | David Axelrod and schwabe, williamson & wyatt's objections to evidence submitted in support of oppositon to motion to transfer action to receivership court and in support of objections to defendants' request for judicial notice |
| 9/30/2005 4:07:00 PM | Defendant's | david axelrod and schwabe, williamson & wyatt's reply to plaintiff's objections to defendants' request for judicial notice |
| 9/30/2005 4:08:00 PM | Defendant's | david axelrod and schwabe, williamson & wyatt's request for judicial notice in support of reply to motion to dismiss first amended complaint and memorandum of points and authorities-pleading issues |
| 9/30/2005 4:08:00 PM | Defendant's | david axelrod and schwabe, williamson & wyatt's reply to plaintiff's consolidated opposition to motions to dismiss re: "statute of limitations issues |
| 9/30/2005 4:09:00 PM | Defendant's | Delivery Method: By ClerkAxerod and Schwabe, etal.'s joinder and notice of joinder in fennell's motion for extension of time to file opposition and proposed scheduling compromise and order. |

Certified by:_____

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 9/30/2005 4:15:00 PM | Reply | Delivery Method: By Clerkto Bank of Saipan's partial opposition to ex parte motion for extension of time to file opposition (to Threshold Motion and Request for hearing on issue of immunity) |
| 10/3/2005 10:20:00 AM | Certificate of Service | |
| 10/3/2005 2:44:00 PM | Proof of Service | |
| 10/3/2005 2:44:00 PM | Proof of Service | |
| 10/3/2005 4:15:00 PM | Stipulation | to and notice of dismissl of the law firm of white, pierce, mailman & nutting without prejudice pursuant to com. r. civ. proc. 41 (A)(1) |
| 10/5/2005 11:34:00 AM | Order | Delivery Method: By Clerkgranting all defendants up to 10/21/05 to respond to threshold motion and request for hearing on issue of immunity; pltf to have till 11/14/05 to reply |
| 10/5/2005 3:41:00 PM | Original for faxed filed | 09.30.05 memorandum of points, etc |
| 10/5/2005 3:42:00 PM | Original for faxed filed | 09.30.05 response to Bank's Objections |
| 10/5/2005 3:42:00 PM | Original for faxed filed | 09.30.05 supplemental request, etc |
| 10/5/2005 3:42:00 PM | Original for faxed filed | 09.30.05 objections to evidence, etc |
| 10/5/2005 3:42:00 PM | Original for faxed filed | 09.30.05 reply memorandum, etc. |
| 10/5/2005 3:42:00 PM | Original for faxed filed | for 09.30.05 memorandum of points and authorities, etc. |
| 10/5/2005 3:42:00 PM | Original for faxed filed | 09.30.05 objections to evidence, etc |
| 10/6/2005 4:03:00 PM | Request | for judicial notice in support of motion to disqulaify clavo & Clark, LLP and Mair, mair, Spade & thompson as counsel for BOS |
| 10/6/2005 4:05:00 PM | Declaration | of Randall T. Fennell in support of motion to disqulaify clavo & Clark, LLP and Mair, mair, Spade & thompson as counsel for BOS |
| 10/6/2005 4:05:00 PM | Declaration | of Richard W. Pierce in support of motion to disqulaify clavo & Clark, LLP and Mair, mair, Spade & thompson as counsel for BOS |

Certified by:_____

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 10/6/2005 4:06:00 PM | Declaration | of Sean E. Frink in support of motion to disqulaify calvo & Clark, LLP and Mair, mair, Spade & thompson as counsel for BOS |
| 10/6/2005 4:07:00 PM | Memo of Points and Authorities | and authorities in support of motion to disqulaify clavo & Clark, LLP and Mair, mair, Spade & thompson as counsel for BOS |
| 10/6/2005 4:07:00 PM | Not. of Motion | and motion to disqualify clavo & Clark, LLP and Mair, mair, Spade & thompson as counsel for BOS (set for 11.29.05 9:am is move to 11.30.05 9:00am) |
| 10/6/2005 4:21:00 PM | Response | The BOS Resoponse to Randall T. Fennell's objections to evidence presented in the declaration of Daniel M. Benjamin in support of opposition to Randall T. Fennell's motion to transfer action to receivership court |
| 10/6/2005 4:22:00 PM | Response | The BOS response to Randall T. Fennell's objections to evidence presented in the declaration of Daniel M. Benjamin in support of objections to defendants' request for judicial notice |
| 10/6/2005 4:23:00 PM | Declaration | of rodney J. Jacob in support of addendum to threshold motion and request for hearing on issue of immunity |
| 10/6/2005 4:23:00 PM | Addendum | to memorandum of points and authorities in support of threshold motion and request for hearing on issue of immunity |
| 10/6/2005 4:23:00 PM | Response | The BOS response to defendants David Axelrod and Schwabe, Williamson & Wyatt's Objections to Evidence submitted in support of opposition to motion to transfer action to receivership court and in support of objections to defendants' request for judicial notice |
| 10/11/2005 9:24:00 AM | Joinder | in motion to disqualify the Law firms of Mair, Mair, Spade & Thompson and calvo & Clark |

Certified by:_____

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 10/11/2005 3:33:21 PM | Order | Following Hearing - MPLA's Motion to intervene Granted; all Dispositive Motions not heard on 10/07/05 to be heard on 10/12/05; all other matters previously schedule for 10/07/05 set for 11/30/05. |
| 10/11/2005 3:34:00 PM | Reply | in support of motion to stay discovery |
| 10/11/2005 4:22:00 PM | Defendant's | David Axelrod and schwabe, williamson& wyatt's reply to bank directors of saipan, inc.'s opposition to motion to stay discovery |
| 10/12/2005 11:02:00 AM | Complaint & Demand for Jury Trial | |
| 10/12/2005 11:03:00 AM | Summons | |
| 10/13/2005 11:13:00 AM | Certificate of Service | |
| 10/13/2005 2:36:00 PM | Proof of Service | |
| 10/14/2005 1:46:00 PM | Sua Sponte Order | Delivery Method: By Clerk10/25 hrng continued to 11/29 |
| 10/14/2005 4:09:00 PM | Errata | Delivery Method: By ClerkMPLA's motoin to intervene is granted |
| 10/17/2005 10:48:00 AM | Certificate of Service | |
| 10/17/2005 2:46:00 PM | Opposition | Delivery Method: By Clerkto BoS exparte motion for extension of time to file opposition to disqualify counsel (by Frink ) |
| 10/17/2005 2:56:00 PM | Opposition | to stipulation to modify august 18,2005 Joint motin to approve release |
| 10/17/2005 3:48:00 PM | Intervenor's | opposition to defendants' motions to dismiss |
| 10/17/2005 3:51:00 PM | Intervenor's | oppoaition to defendant Fennell's Motion for summary judgment |
| 10/18/2005 3:33:00 PM | Proof of Service | |
| 10/18/2005 3:34:00 PM | Supplemental | authority at court's request for statute of limintations motion |
| 10/20/2005 9:15:00 AM | Withdrawal | of Fennell's Opposition to stipulation to modify august 18,2005 Joint Motion to approve release |
| 10/20/2005 1:49:00 PM | Proof of Service | |

Certified by:_____

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 10/21/2005 4:08:00 PM | Opposition | to so-called "threshold Motion" and request for hearing on immunity issue |
| 10/21/2005 4:09:00 PM | Proof of Service | |
| 10/21/2005 4:18:00 PM | Defendant's | David Axelrod and schwabe, williamson & Wyatt's objection to evidence filed and referenced in support of the Bank Directors' of Saipan's threshold motion and request for hearing on issue of immunity |
| 10/21/2005 4:18:00 PM | Defendant's | David axelrod and schwabe, williamson & Wyatt's opposition to bank directors' threshold motion and request for hearing on issue of immunity |
| 10/21/2005 4:22:00 PM | Joinder | richard W. Pierce's joinder in the oppositions to plaintiff's threshold motion for setting hearing date for immunity |
| 10/24/2005 11:06:00 AM | Proof of Service | |
| 10/24/2005 1:25:00 PM | Declaration | of Richard W. Pierce in Support of Motion to Dismiss or Quash |
| 10/25/2005 11:33:00 AM | Certificate of Service | |
| 10/25/2005 11:34:00 AM | Certificate of Service | |
| 10/27/2005 11:26:00 AM | Reply | to intervenor's opposition to motion for summary judgment |
| 10/27/2005 11:28:00 AM | Reply | memorandum to intervenor's opposition to defendant's motions to dismiss complaint of bos |
| 10/27/2005 3:35:00 PM | Corrected Exhibits | B, F and O to the request for judicial notice in support of motion to disqualify Calvo & Clark and Mair, mair, Spade & Thompson as counsel for BOS |
| 10/27/2005 3:36:00 PM | Corrected Exhibits | 5 to the Declaration of Sean E. Frink in support of motion to disqualify Calvo & Clark and Mair, mair, Spade & Thompson as counsel for BOS |
| 10/27/2005 3:38:00 PM | Corrected Exhibits | C,F and J to the declaration of Richard W. Pierce in support of motion to disqualify Calvo & Clark and Mair, mair, Spade & Thompson as counsel for BOS |

Certified by:_____

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 10/27/2005 3:38:00 PM | Corrected Exhibits | H to the Declaration of Randall T. Fennell in support of motion to disqualify Calvo & Clark and Mair, mair, Spade & Thompson as counsel for BOS |
| 10/27/2005 3:38:00 PM | Notice | of Errata to Memorandum of points and authorities in support of motion to disqualify Calvo & Clark  and Mair, Mair, Spade & Thompson as Counsel for BOS, Request for judicial notice, and declarations of Randall T. Fennell, Sean E. Frink, and Richard W. Pierce |
| 10/27/2005 3:38:00 PM | Memorandum | Corrected* Memorandum of points and authorities in support of motion to disqulify Clavo & Clark and Mair, Mair, Spade & thompson as counsel for BOS |
| 10/28/2005 11:32:00 AM | Amended Summons | |
| 10/28/2005 4:23:00 PM | Defendant's | David Axelrod and schwabe, williamson & Wyatt's reply to intervenors' opposition to defendants' motion to dismiss |
| 11/1/2005 2:24:46 PM | Unfiled Document | motion to strike the MPLA Complaint and demand for jury trial |
| 11/1/2005 2:41:00 PM | Memorandum | in support of motion to strike the MPLA complaint and demand for jury trial |
| 11/1/2005 2:43:00 PM | Proof of Service | |
| 11/2/2005 11:15:00 AM | Notice | regarding  motion to disqualify Judge Juan T. Lizama |
| 11/2/2005 2:03:24 PM | Stip & Order | Delivery Method: By Clerkby Mair Mair, et al and Calvo:  BoS to file oppostion to motion by Axelrod to disqualify Calvo filing deadlines. |
| 11/2/2005 2:03:27 PM | Order | Delivery Method: By Clerkmodifying briefing schedule (to file opposition to motion to disqualify counsel (by Frink) |
| 11/2/2005 2:46:00 PM | Proof of Service | |
| 11/2/2005 2:57:24 PM | Stipulation | Delivery Method: By Clerkto extend time to file respond and order (by kosack re: mpla's demand for jury trial to 11/1/05 |
| 11/2/2005 3:30:00 PM | Certificate of Service | |

Certified by:_____

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 11/2/2005 3:31:00 PM | Certificate of Service | |
| 11/3/2005 10:52:42 AM | Scheduling Order | Delivery Method: By Clerkall scheduled hrngs taken off cal until further notice; motions under advisement remain under advisement and no decision will be issued until motion to disqualify is resolved; no extenison of briefing deadlines shall be implied; all motions to be extended shall be stipulated only and the motion to disqualify is set for 12/7/05 |
| 11/3/2005 3:16:00 PM | Objection | to evidence filed in support of director's so-called threshold motion |
| 11/3/2005 3:16:00 PM | Joinder | in axelrod and schwabe's objection to evidence filed in support of director's so-called threshold motion |
| 11/7/2005 1:02:00 PM | Opposition | to motion to dismiss or quash |
| 11/7/2005 1:51:00 PM | Proof of Service | |
| 11/7/2005 1:51:00 PM | Proof of Service | |
| 11/7/2005 2:35:00 PM | Defendant's | David Axelrod & schwabe, Williamson & Wyatt's Joinder and notice of Joinder in Randall T. Fennell's Motion to strike The MPLA Complaint and Demand for jury Trial |
| 11/7/2005 4:20:00 PM | Opposition | bos opposition to motion for disqualification of bank counsel |
| 11/7/2005 4:21:00 PM | Declaration | of antonio muna in support of the bos opposition to motion to disqualify bank counsel |
| 11/7/2005 4:23:00 PM | Affidavit | of michael pangelinan in support of opp to motion for disqualification of calvo and clark and mair mair |
| 11/7/2005 4:24:00 PM | Affidavit | of randall todd thompson re motion to disqualify bank counsel |
| 11/7/2005 4:26:00 PM | Declaration | of Daniel M. Benjamin in support of opposition to motion for disqualification of bank counsel |
| 11/9/2005 11:26:00 AM | Mot to Dismiss | or quash and notice of moiton by richard pierce |
| 11/14/2005 12:00:00 AM | Original for faxed filed | notice regarding supreme court order |

Certified by:_____

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 11/14/2005 4:01:00 PM | Notice | regarding supreme court order |
| 11/28/2005 11:07:00 AM | Withdrawal | of attorneys with consent of client |
| 11/29/2005 12:50:00 PM | Proof of Service | |
| 1/20/2006 3:36:29 PM | Stip & Order | Delivery Method: By Clerkto substitute counsel - gregory for quichocho |
| 5/25/2006 4:34:00 PM | Defendant's | david axelrod and schwabe, williamson and wyatt's request to coordinate briefing and hearings on bank directors' motion to disqualify judge juan t. lizama |
| 5/26/2006 4:03:00 PM | Opposition | plaintiff's opposition to axelrod and schwabe's request to coordinate disqualification motions |
| 5/31/2006 11:49:00 AM | Declaration of Service | |
| 6/1/2006 4:00:00 PM | Plaintiff's | opposition to Axelrod and Schwabe's request to coordinate disqualifiation motions |
| 6/8/2006 11:05:00 AM | Withdrawal | of request for disqualification |
| 6/9/2006 4:39:00 PM | Withdrawal | of request for disqualification |
| 7/10/2006 4:41:00 PM | Defendant's | David W. Axelrod ANd Schwabe, Williamson & Wyatts Memorandum Of Points & Authorities In Support Of Its Motion To Strike The Board Of The Marianas Public Lands Authority ANd The Marianas Public lands Authoritys Improper Complaint. |
| 7/10/2006 4:42:00 PM | Defendant's | David W. Axelrod And Schwabe, Williamson & Wyatts Notice Of Motion And Motion To Dismiss Intervenors Complaints |
| 7/10/2006 4:43:00 PM | Defendant's | David Axelrod and schwabe Williamson & Wyatts Memorandum Of Points & Authorities In Support Of Motion Complaint and Memorandum Of Points Nd Authorities |
| 7/10/2006 4:44:00 PM | Req for Judicial Notice | In Support Of Defendants David Axelrod And Schwabe Williamson & Wyatt Motion To Dismiss Intervenors Complaint |
| 8/4/2006 9:52:00 AM | Joinder | in Axelrod and Schwabe's motion to Dismiss Intervenors' Complaint. |

Certified by:_____

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 8/4/2006 9:53:00 AM | Joinder | in Axelrod and Schwabe's Motion to Strike the Board of MPLA and MPLA's Improper Complaint |
| 8/8/2006 1:33:00 PM | Proof of Service | |
| 8/10/2006 1:47:00 PM | Declaration of Service | |
| 8/10/2006 1:47:00 PM | Declaration of Service | |
| 8/10/2006 1:48:00 PM | Declaration of Service | |
| 8/11/2006 12:41:00 PM | Defendant's | Delivery Method: Defendant's AttorneyDavid W. Axelrod & Schwabe, Willimson & Wyatt's Request to Appear Telephonically at he August 15, 2006 Hearing and Order. |
| 8/11/2006 3:16:00 PM | Declaration of Service | |
| 8/14/2006 4:54:00 PM | Defendant's | Delivery Method: By ClerkAxelrod, etal's request to appear telephonically at 8/15/06 hrng - granted |
| 8/15/2006 8:30:00 AM | Motion | for continuance filed by G. Baka |
| 8/15/2006 4:19:00 PM | Scheduling Order | Delivery Method: By ClerkDPL has 10 days to submit briefing on issue of DPL's standing to pursue claims of now defunct MPLA. defendants have 5 days to respond. |
| 8/21/2006 1:43:00 PM | Not. of Entry of Appearance | of Counsel Antonio M. Atalig, Esq. |
| 8/25/2006 12:00:00 AM | Memorandum | re: standing of intervenor-plaintiffs; certificate of service |
| 8/29/2006 3:42:00 PM | Defendant's | Axelrod and Schwabe's response to memo re: standing of intervenor plaintiffs |
| 8/31/2006 1:28:00 PM | Request | to set this Case for Evidentiary Hearing. |
| 8/31/2006 3:55:00 PM | Order | Delivery Method: By Clerkrecognizing DPL's standing to litigate MPLA's claims; DPL to file successor's motion for substitution w/in 5 working days and on-point |
| 9/5/2006 3:10:00 PM | Declaration of Service | |
| 9/5/2006 3:20:00 PM | Notice | of change of address |
| 9/5/2006 3:27:00 PM | Defendant's | David Axelrod and Schwabe's opposition to the bank director's request to set this for evidenciary hearing |

Certified by:_____

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 9/7/2006 4:55:00 PM | Notice | re change of address |
| 9/12/2006 8:30:00 AM | Plaintiff's | reply brief in suppt of request to set case for evidentiary hearing |
| 9/12/2006 10:01:00 AM | Scheduling Order | Delivery Method: By Clerksc 9/19/06 to determine whether there is need for evidentiary hrng. |
| 9/13/2006 10:06:00 AM | Order | REQUESTNG TO SET THIS CASE FOR EVIDENTIARY HEARING |
| 9/14/2006 12:00:00 AM | Motion | to substitute parties: certificate of service |
| 9/14/2006 10:59:00 AM | Motion | to continue status conference |
| 9/14/2006 11:42:00 AM | Not. of Appearance | Colin M. Thompson, Esq. & Thomas C. Sterling, Esq. |
| 9/14/2006 1:20:00 PM | Declaration | of Antonio M. Atalig |
| 9/14/2006 2:29:00 PM | Motion | TO SHORTEN TIME/order (sc continuance) |
| 9/15/2006 1:20:00 PM | Amended Declaration | |
| 9/18/2006 10:54:00 AM | Order | Delivery Method: By Clerkcontinuing sc to 9/26/06 |
| 9/19/2006 2:24:00 PM | Amended Certificate of Service | |
| 9/20/2006 1:02:00 PM | Stip & Order | Delivery Method: By Clerkto move date for sc to 10/3/06 |
| 9/21/2006 4:55:00 PM | Defendant's | David Axelrod and Schwabe, Williamson & Wyatt's Reply in Support of Motion to Dismiss Intervenor's Complaint and Motion to Strike/Opposition to Motion to Substitute Parties. |
| 9/21/2006 5:06:00 PM | Proof of Service | |
| 9/25/2006 8:30:00 AM | Memorandum | of points and authorities in suppt of defendant's motions to dismiss, request for judicial notice, motion for summary judgment, motion to strike, motion to transfer, and overruling defendants' evidentiary objections. |

Certified by: _____

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 9/25/2006 8:43:34 AM | Declaration | of Sean E. Frink in Support of Defendants David W. Axelrod and Schwabe Williamson & Wyatt's Application for an Order Shortening Time for a Hearing on Defendants' Motions to Dismiss, Request for Judicial Notice, Motion for Summary Judgment, Motion to Strike, Motion to Transfer, and Overruling Defendants' Evidentiary Objections. |
| 9/25/2006 4:00:00 PM | Defendant's | axelrod and schwabe's not of mot and mot to strike the bank director's proposed order denying motions to dismiss, request for judicial notice, motion for summary judgment, motion to strike, motion to transfer, and overruling defendants' evidentiary objections. |
| 9/26/2006 9:48:00 AM | Order Shortening Time | Delivery Method: By Clerkfor a hearing on defendants' motion to strike the bank Directors' proposed order denying motions to dismiss, requests for judicial notice, motion for summary judgment, motion to strike, motion to transfer, and overruling defendants' evidentiary objections - 10/3/06 |
| 9/27/2006 12:00:00 AM | Proof of Service | |
| 9/27/2006 8:53:34 AM | Joinder | in Axelrod and schwabe's motion to strike bank directors' proposed order |
| 9/28/2006 3:26:00 PM | Response | to court's suggestion that pending motions be calendared |
| 9/28/2006 3:43:00 PM | Proof of Service | |
| 10/2/2006 4:49:00 PM | Opposition | to schwabe, williamson & Wyatt's mot to strike the bank of saipan's proposed order; and request to vacate hearing |
| 10/3/2006 2:55:00 PM | Response | to the court's suggestion that pending mot be calendared |
| 10/3/2006 3:09:00 PM | Joinder | axelrod and schwabe'smot to strike bank director's proposed order |

Certified by:_____

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 10/3/2006 4:10:00 PM | Reply | in suppt of mot to strike bank director's proposed order denying motions to dismiss, request for judicial notice, motion for summary judgment, motion to strike, motion to transfer, and overruling defendants' evidentiary objections. |
| 10/5/2006 4:27:00 PM | Order Granting | Delivery Method: By ClerkDef. Axelrod and Schwabe, et al motion to strike pltf's propsed order denying motions to dismiss, requests for judicial notice, motion for summary judgment, motion to strike, motion to transfer and overruling defendants' evidentiary objections |
| 10/11/2006 5:16:00 PM | Errata | Delivery Method: By Clerkcorrecting incorrect caption on order of self recusal in 02-0268, should have been in 04-0449 |
| 10/11/2006 5:23:00 PM | Amended Order | Delivery Method: By Clerkof self-recusal - should have been in instant case and not 02-0268-cv |
| 10/19/2006 12:03:00 PM | Case Assignment Order | AJJTLizama recused on 10/11/06 and PJ reassigned the matter to AJDAWiseman. |
| 10/30/2006 2:15:00 PM | Order of Self Recusal | Delivery Method: By ClerkJdaw |
| 10/31/2006 10:41:00 AM | Case Assignment Order | rereassigned to AJRVM |
| 12/12/2006 11:09:00 AM | Order of Self Recusal | AJRM recuses pursuant to 1 CMC 3308(a).  She participated as counsel in prior governmental employment in related case, CA 02 -0268B. |
| 4/16/2007 8:51:08 AM | Not. of Substitution of Counsel | David W. Axelrod retained Timothy H. Bellas, Esq replaced Sean E. Frink, Esq. |
| 12/13/2007 8:00:34 AM | Entry of Appearance | William M. Fitzgerald, Esq. |
| 12/13/2007 8:00:34 AM | Substitution of Counsel | William M. Fitzgerald substitutes in for Mair, Mair, Spade & Thompson. |
| 12/13/2007 4:11:58 PM | Request | for Appointment of Judge or Certification for Appointment of Judge |
| 1/25/2008 10:17:07 AM | Case Assignment Order | assigning to Judge Govendo |
| 1/25/2008 4:35:15 PM | Order of Self Recusal | AJKLG |

Certified by:_____

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 3/10/2008 4:19:49 PM | Case Assignment Order | assigning to PJ Robert C, Naraja |
| 3/11/2008 11:37:32 AM | Order | setting matter for status conference on 03/26/08 9am |
| 3/25/2008 3:26:32 PM | Opposition | |
| 3/26/2008 3:29:32 PM | Entry of Appearance | John Spencer Stewart/Calvo & Clark |
| 3/26/2008 4:58:45 PM | Objection | To March 26, 2008 Proposed Order Submitted By Randall T. Fennell |
| 4/2/2008 4:25:38 PM | Defendant's | response toobjection lodged by plaintiff bank of saipan |
| 4/4/2008 12:57:27 PM | Joinder | Efiling: of Randall T. Fennell in the response filed by the schwabe frim to objection lodged by the bank of saipan |
| 4/4/2008 12:57:27 PM | Reply | Efiling: in support of objection to march 26, 2008 proposed order submitted by randall t. fennell |
| 4/4/2008 12:57:27 PM | Proof of Service | efiling |
| 4/8/2008 9:42:30 AM | Intervenor's | Joinder in Objection to March 26, 2008 Proposed Order submitted by Randall Fennell |
| 4/9/2008 11:45:00 AM | Defendant's | efiling: David W. Axelrod and Schwabe, Williamson & Wyatt's response to bank of saipan's reply in support of objection to march 26,2008 proposed order |
| 4/14/2008 1:00:14 PM | Joinder | efiling of Randall T. Fennell In the response filed by the schwabe firm to bank of Saipan's reply in support of objection to march 26, 2008 prosposed order |
| 4/14/2008 1:06:35 PM | Proof of Service | efiling |
| 4/18/2008 11:58:01 PM | Order of Self Recusal | PJ Naraja recusing |
| 4/23/2008 4:07:12 PM | Withdrawal | efiling of joinder in objection to march 26, 2008 proposed order submitted by randall t. fennell filed by paul m. calvo, edward m. calvo and thomas j. m calvo |
| 5/1/2008 4:14:17 PM | Response | Efiling by the bak of Saipan to the court's questions at the hearing of march 26, 2008 regarding the rule of necessity |
| 5/1/2008 4:23:18 PM | Joinder | Intervenor-Plaintiff's Joinder in Response Made by Bank of Saipan |

Certified by:_____

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 5/1/2008 6:27:00 PM | Joinder | in response made by bank of saipan |
| 5/2/2008 12:00:00 PM | Joinder | of randall T. Fennell in brief filed by defendant;s David W. Axelrod and scheabe, Williamson and Wyatt on the rule of necessity |
| 5/2/2008 12:00:30 PM | Defendant's | David W. Axelron and schwabe, williamson and wyatt's brief on the rule of necessity |
| 5/8/2008 10:38:14 AM | Stipulation | efiling to continue hearing date on the rule of necessity |
| 5/8/2008 3:41:14 PM | Order | efiling |
| 5/8/2008 3:41:42 PM | Order | efiling proposed order continuing from 05/07/08 to 05/14/08 |
| 9/16/2008 3:12:00 PM | Proof of Service | |
| 9/16/2008 3:51:50 PM | Defendant's | David W. Axelrod and Schwabe, Williamson & Wyatt's Response to Renewed Request by The Bank of Saipan for Certification to the Chief Justice of the Supreme Court for Appointment of Pro Tem Judge |
| 9/16/2008 3:56:56 PM | Joinder | of Randall T. Fennell in Response filed by David W. Axelrod and Wyatt to the Renewed Request filed by the Bank of Saipan |
| 9/18/2008 9:34:56 AM | Letter | efiled Request for a Judge Pro Tem |
| 9/18/2008 9:52:50 AM | Order | efiled Granting Renewed Request by the bank of saipan for certification to the chief justice of the supreme court for appointing of Pro tem judge |
| 9/25/2008 2:37:42 PM | Order | Order Appointing Judge Pro Tem - Arthur R. Barcinas, Judge of the Superior Court of Guam |
| 12/2/2008 1:19:41 PM | Comments | on request for scheduling conference by defendant fennel |
| 12/9/2008 10:41:00 AM | Proof of Service | |
| 12/16/2008 2:06:47 PM | Defendant's | david w. alexrod and schwabe, williamson & whatt's response to the bank of saipan's conference |
| 12/18/2008 1:26:13 PM | Notice | of declination to act on defendant fennell's req for certification |

Certified by:_____

# CNMI SUPERIOR COURT

## Case Proceedings

| | | |
|---|---|---|
| 12/24/2008 8:52:26 AM | Reply | Bank of Saipan's Reply to the Defendant's Request to Scheduling Conference |
| 12/29/2008 9:48:31 AM | Defendant's | efiled David W. axelrod and schwabe, williamson & Wyatt's reponse to the Bank of saipan's reply to the defendants' response to its request for scheduling conference |
| 1/12/2009 3:05:23 PM | Petition | Former Temporary Receiver Randall T. Fennell's Petition for Certification Pursuant to P.L. 15-22 |
| 1/12/2009 3:06:46 PM | Response | Former Temporary Receiver Randall T. Fennell's Response to the Bank of Saipan's Reply to his Comments on Requests for Scheduling Conference |
| 1/14/2009 3:29:28 PM | Proof of Service | |
| 1/23/2009 3:46:00 PM | Response | The Bank of Saipan's Response to Randall Fennell's Petition under P.L.15-22 and Renewed Request for Threshold Hearing. |
| 1/29/2009 8:49:54 AM | Joinder | filed by schweiger in request for scheduling conference |
| 2/4/2009 3:13:04 PM | Proof of Service | |
| 2/6/2009 2:32:44 PM | Reply | by randal fennel to BOS response |

I certify that the above printed records as true and correct according to the official court records.

**Total Case Proceedings:**     **329**

Certified by:_____

Click to Print                                    Printed on: Tuesday, August 25, 2009 16:42:56 UTC+1000

**Case History Search**
Search Created:
Tuesday, August 25, 2009 16:42:56
UTC+1000

| Submitted By: | Court | Plaintiff | Defendant |
|---|---|---|---|

| Court: | MP CNMI Superior Court | Judge: | Naraja, Robert C | File & Serve Live Date: | 8/15/2006 |
|---|---|---|---|---|---|
| Division: | N/A | Case Number: | 04-0449-CV | Document(s) Filed: | 110 |
| Case Type: | Damages | Case Name: | Bank of Saipan vs Randall T Fennell et al | Date Range: | All |

1-50 of 83 transactions   <<Prev Page 1 of 2 Next>>

| Transaction ▽ | Date/Time | Option | Case Number Case Name | Authorizer Organization | Document Type | Document Title | Size |
|---|---|---|---|---|---|---|---|
| 23583308 | 2/3/2009 9:31 AM GST | File Only | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Glenn Allen Jewell, Kosack, Rexford C-Saipan | Proof of Service | PROOF OF SERVICE | 0.1MB |
| 23564407 | 2/2/2009 5:11 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Glenn Allen Jewell, Kosack, Rexford C-Saipan | Response | FORMER TEMPORARY RECEIVER RANDALL T. FENNELL'S REPLY TO THE BANK OF SAIPAN'S JANUARY 21, 2009 RESPONSE | 0.1MB |
| 23499053 | 1/28/2009 1:58 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Thomas J Schweiger, CNMI Office of the Attorney General | Joinder | Joinder in Request for Scheduling Conference | 0.1MB |
| 23388915 | 1/21/2009 5:22 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Daniel M Benjamin, Calvo & Clark LLP | Response | The Bank of Saipan's Response to Randall Fennell's Petition Under P.L. 15-22 and Renewed Request for a Threshold Hearing | 0.2MB |
| | | | | | Exhibit | Attachment A- Part 1 to The Bank of Saipan's Response to Randall Fennell's Petition Under P.L. 15-22 and Renewed Request for a Threshold Hearing | 1.9MB |
| | | | | | Exhibit | Attachment A- Part 2 to The Bank of Saipan's Response to Randall Fennell's Petition Under P.L. 15-22 and Renewed Request for a Threshold Hearing | 1.5MB |
| | | | | | Exhibit | Attachment A- Part 3 to The Bank of Saipan's Response to Randall Fennell's Petition Under P.L. 15-22 and Renewed Request for a Threshold Hearing | 2.0MB |
| 23277786 | 1/13/2009 12:46 PM GST | File Only | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Glenn Allen Jewell, Kosack, Rexford C-Saipan | Proof of Service | PROOF OF SERVICE | 0.1MB |
| 23231706 | 1/9/2009 4:50 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Glenn Allen Jewell, Kosack, Rexford C-Saipan | Response | FORMER TEMPORARY RECEIVER RANDALL T. FENNELL'S RESPONSE TO THE BANK OF SAIPAN'S REPLY TO HIS COMMENTS ON REQUEST FOR SCHEDULING CONFERENCE | 0.1MB |
| 23231704 | 1/9/2009 4:42 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Glenn Allen Jewell, Kosack, Rexford C-Saipan | Request | FORMER TEMPORARY RECEIVER RANDALL T. FENNELL'S PETITION FOR CERTIFICATION PURSUANT TO P.L. 15-22 | 0.1MB |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 23049082 | 12/24/2008 9:25 AM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Kevin Rosen, Gibson Dunn & Crutcher LLP- Los Angeles | Response | Defendants David W. Axelrod and Schwabe, Williamson & Wyatt's Response to the Bank of Saipan's Reply to the Defendants' Response to its Request for Scheduling Conference | 1.1MB |
| 22948804 | 12/17/2008 5:45 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Daniel M Benjamin, Calvo & Clark LLP | Reply | The Bank of Saipan's Reply to the Defendants' Responses to its Request for a Scheduling Conference | 0.1MB |
| | | | | | Exhibit | Attachments A thru C to The Bank of Saipan's Reply to the Defendants' Responses to its Request for Scheduling Conference | 0.2MB |
| 22882163 | 12/12/2008 5:11 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Thomas J Schweiger, CNMI Office of the Attorney General | Proof of Service | Proof of Service | 0.1MB |
| 22882153 | 12/12/2008 5:06 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Thomas J Schweiger, CNMI Office of the Attorney General | Notice | Notice of Declination to Act on Defendant Fennell's Request for Certification | 0.1MB |
| 22860525 | 12/11/2008 2:33 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Timothy H Bellas, Bellas, Timothy H LLC | Response | Response To Request for Scheduling Conference | 0.1MB |
| 22794402 | 12/8/2008 10:39 AM GST | File Only | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Rexford Colin Kosack, Kosack, Rexford C- Saipan | Proof of Service | Proof of Service | 0.1MB |
| 22685581 | 12/1/2008 5:48 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Rexford Colin Kosack, Kosack, Rexford C- Saipan | Memorandum | COMMENTS ON REQUEST FOR SCHEDULING CONFERENCE BY DEFENDANT FENNELL | 0.1MB |
| 22465768 | 11/14/2008 11:50 AM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Daniel M Benjamin, Calvo & Clark LLP | Request | Request for Scheduling Conference | 0.1MB |
| | | | | | Proposed Order | [Proposed] Scheduling Order | 0.1MB |
| | | | | | Proposed Order | Proposed Order Granting Plaintiff's request for Scheduling Conference. | 0.1MB |
| 21677255 | 9/25/2008 2:32 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Robert C Naraja, MP CNMI Superior Court | Order | Order Appointing Judge Pro Tem | 0.1MB |
| 21580771 | 9/18/2008 9:52 AM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Robert C Naraja, MP CNMI Superior Court | Order | Order | 0.1MB |
| | | | | | Memorandum | Letter to Chief Justice Demapan | 0.1MB |
| 21539662 | 9/16/2008 3:12 PM GST | File Only | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Glenn Allen Jewell, Kosack, Rexford C- Saipan | Proof of Service | PROOF OF SERVICE | 0.1MB |
| 21520091 | 9/15/2008 1:11 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Glenn Allen Jewell, Kosack, Rexford C- Saipan | Joinder | JOINDER OF RANDALL T. FENNELL IN RESPONSE FILED BY DAVID W. AXELROD AND SCHWABE, WILLIAMSON & WYATT TO THE "RENEWED REQUEST" FILED BY THE BANK OF SAIPAN | 0.1MB |
| 21478608 | 9/12/2008 9:55 AM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T | Timothy H Bellas, Bellas, Timothy | Response | Defendants David W. Axelrod and Schwabe, Williamson & Wyatt's Response to Renewed Request by | 0.1MB |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | Fennell et al | H LLC | | the Bank of Saipan for Certification to the Chief Justice of the Supreme Court for Appointment of Pro Tem Judge | |
| 21389960 | 9/8/2008 1:14 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Rodney J Jacob, Calvo & Clark LLP | Request | Renewed Request By The Bank of Saipan For Certification To The Chief Justice Of The Supreme Court For Appointment of Pro Tem Judge | 0.1MB |
| | | | | | Proposed Order | [PROPOSED] Order Certifying Matter for Appointment of Judge Pro Tem Under 1 CMC § 3305(g) | 0.1MB |
| | | | | | Exhibit | Tabs 1-7 to Renewed Request By The Bank of Saipan For Certification To The Chief Justice Of The Supreme Court For Appointment of Pro Tem Judge | 0.9MB |
| | | | | | Exhibit | Tabs 8-11 to Renewed Request By The Bank of Saipan For Certification To The Chief Justice Of The Supreme Court For Appointment of Pro Tem Judge | 0.8MB |
| 19741294 | 5/8/2008 3:41 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Robert C Naraja, MP CNMI Superior Court | Order | Granted ([Proposed] ORDER) <br> • Linked to (1) | 0.1MB |
| 19718920 | 5/7/2008 11:10 AM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Timothy H Bellas, Bellas, Timothy H LLC | Stipulation | Stipulation to Continue Hearing Date on the Rule of Necessity | 0.1MB |
| | | | | | Proposed Order | [Proposed] ORDER <br> • Linked from (1) | 0.1MB |
| 19678849 | 5/5/2008 4:19 PM GST | File Only | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Timothy H Bellas, Bellas, Timothy H LLC | Ex Parte Motion | Ex Parte Motion to Appear Telephonically by Counsel for David W. Axelrod and Schwabe, Williamson & Wyatt | 0.1MB |
| | | | | | Declaration | Declaration of Timothy H. Bellas in Support of Motion to Appear Telephonically | 0.1MB |
| | | | | | Proposed Order | [Proposed] Oder Granting Motion to Appear Telephonically | 0.1MB |
| 19661017 | 5/2/2008 10:43 AM GST | File Only | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Glenn Allen Jewell, Kosack, Rexford C-Saipan | Proof of Service | PROOF OF SERVICE | 0.1MB |
| 19642783 | 5/1/2008 5:25 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Glenn Allen Jewell, Kosack, Rexford C-Saipan | Joinder | JOINDER OF RANDALL T. FENNELL IN BRIEF FILED BY DEFENDANTS DAVID W. AXELROD ND SCHWABE, WILLIAMSON & WYATT ON THE RULE OF NECESSITY | 0.1MB |
| 19642766 | 5/1/2008 4:47 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Timothy H Bellas, Bellas, Timothy H LLC | Brief | Defendants David W. Axelrod and Schwabe, Williamson & Wyatt's Brief on the Rule of Necessity | 2.3MB |
| 19642750 | 5/1/2008 4:23 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | R Anthony Welch, CNMI Office of the Attorney General | Response | Response | 0.1MB |
| 19642634 | 5/1/2008 2:54 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Daniel M Benjamin, Calvo & Clark LLP | Response | Response by the Bank of Saipan to the Court's Questions at the Hearing of March 26, 2008 Regarding the Rule of Necessity | 0.3MB |
| 19526274 | 4/23/2008 3:51 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Robert J O'Connor, O'Connor Berman Dotts & Banes- | Notice | WITHDRAWAL OF JOINDER IN OBJECTION TO MARCH 26, 2008 PROPOSED ORDER SUBMITTED BY RANDALL T. FENNELL FILED BY PAUL M. CALVO, EDWARD M. | 0.1MB |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | Saipan | | | CALVO AND THOMAS J.M. CALVO | |
| 19464269 | 4/18/2008 1:11 PM GST | File Only | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Juan T Lizama, MP CNMI Superior Court | Order | Order of Self Recusal - Presiding Judge Robert C. Naraja | 0.1MB |
| 19365661 | 4/11/2008 5:41 PM GST | File Only | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Rexford Colin Kosack, Kosack, Rexford C- Saipan | Proof of Service | PROOF OF SERVICE | 0.1MB |
| 19365601 | 4/11/2008 3:33 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Rexford Colin Kosack, Kosack, Rexford C- Saipan | Joinder | JOINDER OF RANDALL T. FENNELL IN THE RESPONSE FILED BY THE SCHWABE FIRM TO BANK OF SAIPAN'S REPLY IN SUPPORT OF OBJECTION TO MARCH 26, 2008 PROPOSED ORDER | 0.1MB |
| 19306748 | 4/8/2008 6:07 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Timothy H Bellas, Bellas, Timothy H LLC | Response | Schwabe Response to Reply | 0.1MB |
| 19287070 | 4/7/2008 3:19 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Robert J O'Connor, O'Connor Berman Dotts & Banes- Saipan | Joinder | Intervenors' Joinder in Objection to March 26, 2008 Proposed Order Submitted by Randall T. Fennell | 0.1MB |
| 19250151 | 4/3/2008 3:51 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Rodney J Jacob, Calvo & Clark LLP | Reply | Reply in Support of Objection to March 26, 2008 Proposed Order Submitted by Randall T. Fennell | 0.3MB |
| | | | | | Proposed Order | [PROPOSED] Order Certifying Matter for Appointment of Judge Pro Tem Under 1 CMC § 3305(g) | 0.1MB |
| 19249511 | 4/3/2008 9:43 AM GST | File Only | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Glenn Allen Jewell, Kosack, Rexford C- Saipan | Proof of Service | PROOF OF SERVICE | 0.1MB |
| 19231696 | 4/2/2008 4:08 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Glenn Allen Jewell, Kosack, Rexford C- Saipan | Joinder | JOINDER OF RANDALL T. FENNELL IN THE RESPONSE FILED BY THE SCHWABE FIRM TO OBJECTION LODGED BY THE BANK OF SAIPAN | 0.1MB |
| 19195442 | 3/31/2008 4:25 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Timothy H Bellas, Bellas, Timothy H LLC | Response | Defendants Response to Objection Lodged by Plaintiff Bank of Saipan | 0.7MB |
| 19141412 | 3/26/2008 4:58 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Rodney J Jacob, Calvo & Clark LLP | Objection | Objection to March 26, 2008 Proposed Order Submitted by Randall T. Fennell | 0.7MB |
| 19141387 | 3/26/2008 3:12 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Rexford Colin Kosack, Kosack, Rexford C- Saipan | Proposed Order | [PROPOSED] ORDER | 0.1MB |
| 19141359 | 3/26/2008 2:36 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Rexford Colin Kosack, Kosack, Rexford C- Saipan | Proposed Order | [PROPOSED] ORDER | 0.1MB |
| 19141185 | 3/26/2008 10:27 AM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Rodney J Jacob, Calvo & Clark LLP | Entry of Appearance | Entry of Appearance | 0.1MB |
| 17568233 | 12/7/2007 4:11 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T | Rodney J Jacob, Calvo & Clark | Request | Request for Appointment of Judge or Certification for Appointment of Judge | 0.1MB |

| | | | Fennell et al | LLP | | | |
|---|---|---|---|---|---|---|---|
| 17568231 | 12/7/2007 4:08 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Rodney J Jacob, Calvo & Clark LLP | Entry of Appearance | Entry of Appearance | 0.1MB |
| 17568219 | 12/7/2007 4:00 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Rodney J Jacob, Calvo & Clark LLP | Substitution of Counsel | Substitution of Counsel | 0.1MB |
| 14455914 | 4/12/2007 3:29 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Timothy H Bellas, Bellas, Timothy H LLC | Notice | Notice of Substition of Counsel | 0.5MB |
| 12757425 | 10/30/2006 2:12 PM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Juan T Lizama, MP CNMI Superior Court | Order | Order of Self Recusal | 0.1MB |
| 12561043 | 10/6/2006 8:58 AM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Juan T Lizama, MP CNMI Superior Court | Order | Granted (Requested Proposed Order Granting Schwabe and Axelrod Motion to Strike Plaintiff's Proposed Order ) <br> • Linked to (1) | 0.1MB |
| 12547911 | 10/5/2006 8:29 AM GST | File And Serve | 04-0449-CV Bank of Saipan vs Randall T Fennell et al | Sean Emory Frink, Frink, Sean E LLC | Proposed Order | Requested Proposed Order Granting Schwabe and Axelrod Motion to Strike Plaintiff's Proposed Order <br> • Linked from (1) | 0.1MB |

1-50 of 83 transactions   <<Prev **Page 1 of 2** Next>>