Braddock J. Huesman, F#0367
Assistant Attorney General
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP 96950-8907
Telephone:    (670) 664-2341
Fax:          (670) 664-2349

Attorney for Defendants Matthew T. Gregory, Gregory Baka, Anthony Welch and Tom Schweiger.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| RANDALL T. FENNELL,<br><br>    Plaintiff,<br><br>    vs.<br><br>MATTHEW T. GREGORY, former Attorney General, GREGORY BAKA, Acting Attorney General, ANTHONY WELCH, Assistant Attorney General, TOM J. SCHWEIGER, Assistant Attorney General, and DOES 1-20, in their official and individual capacities,<br><br>    Defendants. | CIVIL ACTION NO. 09-0019<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date:   Sep. 10, 2009<br>Time:   9:00 a.m.<br>Judge:  Hon. Alex R. Munson |

LA/576564v1

-i-

# OVERVIEW

Based on the Motion to Dismiss and the Opposition thereto, Mr. Fennell and the Attorney General Defendants agree on the following. Mr. Fennell cannot establish: a Fifth Amendment claim;[1] an equal protection claim;[2] or a due process claim allowing him to choose his counsel or have his counsel paid for.[3] All of these claims are contained, either outright or impliedly, in Mr. Fennell's complaint. Moreover, all of these claims were either ignored or abandoned in Mr. Fennell's Opposition. Based on this, the Attorney General Defendants are entitled to a dismissal of these claims and any conspiracy claims associated with them.

What remains, by Mr. Fennell's own admission, are just two claims: a due process claim based on conflict-free representation; and a First Amendment claim based on retaliation. For the reasons discussed below, both of these claims are without merit and must fail.

# ARGUMENT

**I. Mr. Fennel's Fourteenth Amendment due process claim must be dismissed.**

"Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."[4] Due process merely requires that the state provide a fair procedure before depriving an individual of a protected liberty or property interest. But, "to have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."[5]

Thus, Mr. Fennell must plead that the complained of conduct deprived him of "some right

---

[1] COMPLAINT DEMAND FOR JURY TRIAL, at ¶ 64.
[2] *Id.,* at ¶ 72.
[3] *Id.,* at ¶ 55(e); *Cf* 7 CMC § 2304(a) (2004) repealed.
[4] *Olim v. Wakinekona,* 461 U.S. 238, 250 (1983).
[5] *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972).

protected by the Constitution or laws of the United States."[6] Mr. Fennell, however, fails to show how he was deprived of his right to conflict-free counsel or how the deprivation was effected without due process. Instead of satisfying these requirements, Mr. Fennell cites *Dunton v. County of Suffolk,*[7] and *Smiley v. Office of Worker's Compensation Programs* for the proposition that he is entitled to conflict-free representation.[8] These cases are unhelpful to Mr. Fennell's cause.

For example, in *Dunton*, a police officer (the municipality's employee) and a municipality were sued for violations of 42 U.S.C. § 1983. As the *Dunton* court noted, the Supreme Court's decision in *Monell v. Department of Social Services*,[9] allowed municipalities to be held liable under section 1983 for employees' actions taken pursuant to municipal policy. Thus, for the municipality's attorney who represents both the employee and the municipality there is a conflict. This is so because the municipality may attempt to avoid liability by claiming that the employee was not acting within the scope of his official duties. Likewise, the employee may partially or completely avoid liability by showing that he was acting within the scope of his official duties. This conflict creates a problem for the attorney representing both parties. That is not the fact pattern involved in the case at bar.

Likewise, *Smiley* dealt with a single attorney having conflicting obligations. In *Smiley,* plaintiff had a claim for disability. Plaintiff worked for the Navy and was denied her disability compensation. She retained an attorney, Sanford Killip to represent her. At some point, Gates, McDonald & Co., the Navy's insurance plan administrator and a named defendant in plaintiff's proceeding, also became a client of Killip's. In discussing this fact pattern, the court found that plaintiff was entitled to a conflict free counsel.

---

[6] *Id.*
[7] 729 F.2d 903, 907-908 (2d. Cir. 1984)
[8] 984 F.2d 278, 282 (9th Cir. 1993)
[9] 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)

Both of these cases stand for a proposition the Attorney General Defendants agree with: an attorney cannot take actions against his or her client's interest. This, however, is not what Mr. Fennell has alleged. To be clear, Mr. Fennell has alleged that Mr. Lochabay was his attorney subject to "reservation of rights" by the Commonwealth.[10] In his Opposition, Mr. Fennell also claims he spoke to the former Attorney General. It is important to note that there is no allegation that Mr. Lochabay or former Attorney General Brown: took any action against his interest; conferred with any of the Attorney General Defendants; or allowed access to Mr. Fennell's files, *if any*. Mr. Fennell has not even alleged that Mr. Lochabay, or any other attorney in the Office, ever made an argument, filed a paper, or entered an appearance on his behalf. Importantly, Mr. Fennell has never made an indication that he wanted Mr. Lochabay to act on his behalf. Moreover, Mr. Fennell has not alleged that he had any attorney/client relationship with Mr. Gregory, Mr. Baka, Mr. Schweiger, or Mr. Welch. Additionally, he has never even alleged contact with three of the four defendants and the contact he did have with Mr. Gregory could not be construed as attorney/client.[11] In fact, he never alleges that any of the Attorney General Defendants acted as his attorney, because he cannot. Instead, he continues to insist that once he was represented by David Lochabay, that the Office of the Attorney General, and all the attorneys within the Office, could not take adverse position to his. To be clear, there are no facts Mr. Fennell can plead that will demonstrate or show that Mr. Fennell had a due process interest in the Office of the Attorney General refraining from taking adverse positions to him.

Again, it is common knowledge that the Attorney General's office is not bound by the same restrictions as a private law firm when representing parties with adverse interests; even the

---

[10] COMPLAINT DEMAND FOR JURY TRIAT, at H-11
[11] COMPLAINT DEMAND FOR JURY TRIAL, at ¶ 34.

ABA Model Rules allow for this.[12]  In fact, "[a] majority of states have permitted ... the AG to concurrently represent conflicting interests when the AG can ensure independent representation for the competing parties."[13]  In response to this, Mr. Fennell, without citation, claims this only applies to large and diverse offices.[14]  Importantly, Mr. Fennell has not directed this Court to any CNMI authority that disallows the Office of the Attorney General from litigating conflicting interests.  Instead, he directs this court to *Deukmejian v. Brown*.[15]

Mr. Fennell cites *Deukmejian* for the proposition that "there is no law constitutional, statutory or ethical authority allowing the Attorney General to represent a client one day, give him legal advice with regard to pending litigation, then sue the same client the next day on a purported cause of action arising out of the identical controversy."  Mr. Fennell neglects to mention that the California Supreme Court also stated: "We recognize there are cases in other jurisdictions that permit their attorneys general to sue any state officer or agency, presumably without restriction.  Such opinions arise, however, under the peculiarities of the prevailing law in those several states, and are not persuasive here."[16]  Importantly, Mr. Fennell cannot claim a due process right in the Northern Mariana Islands under California law, he must cite to NMI law and he has utterly failed to do so.

---

[12] AMERICAN BAR ASSOCIATION MODEL RULES OF PROFESSIONAL CONDUCT, PREAMBLE AND SCOPE at 18 ("Also, lawyers under the supervision of [Attorney General] may be authorized to represent several government agencies in intragovernmental legal controversies in circumstances where a private lawyer could not represent multiple private clients. These Rules do not abrogate any such authority.")

[13] *State v. Klattenhoff,* 71 Haw. 598, 801 P.2d 548, 551 (1990), *citing Superintendent of Ins. v. Attorney Gen.*, 558 A.2d 1197, 1202-03 (Me. 1989); *Connecticut Comm'n on Special Revenue v. Connecticut Freedom of Information Comm'n*, 174 Conn. 308, 387 A.2d 533, 537 (1978); *Feeney v. Commonwealth*, 373 Mass. 359, 366 N.E.2d 1262, 1266 (1977); E.*P.A. v. Pollution Control Bd.*, 69 Ill.2d 394, 14 Ill.Dec. 245, 372 N.E.2d 50 (1977); *Commonwealth ex rel. Hancock v. Paxton*, 516 S.W.2d 865 (Ky.1974); *Humphrey ex rel. State v. McLaren,* 402 N.W.2d 535 (Minn.1987); *State ex rel. Allain v. Mississippi Pub. Serv. Comm'n*, 418 So.2d 779 (Miss.1982); *State ex rel. McLeod v. Snipes*, 266 S.C. 415, 223 S.E.2d 853, 855-56 (1976); *Contra, City of York v. Pennsylvania Public Utility Commission*, 444 Pa. 136, 295 A.2d 825 (1972).

[14] Opposition to the Motion to Dismiss, p. 6.

[15] 624 P.2d 1206 (Cal. 1981).

[16] 624 P.2d at 1209 (citations omitted).

The Supreme Court noted in *Board of Regents v. Roth*, that property interests are determined and created by state laws that "secure certain benefits and that support claims of entitlement to those benefits."[17] Thus, "to have a legally cognizable property-type interest in a governmental benefit, an applicant 'must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'"[18] Mr. Fennell has utterly failed to cite any statute, regulation or case law from the CNMI that forbids the Office of the Attorney General in general, or the Attorney General Defendants in particular, from taking an adverse position to his interests. Because of this, his due process claim must fail.

Even if Mr. Fennell was entitled to conflict free representation by the entire Office of the Attorney General, and he is not, Mr. Fennell waived those rights in 2005. According to Mr. Fennell's own pleading, the Judicial Branch, in August of 2005, declined to pay for Mr. Kosack.[19] Instead, the Commonwealth provided Mr. Fennell the legal services of David Lochabay, if he wanted those services.[20] He did not. This is confirmed by Mr. Fennell's counsel in the Opposition to the Motion to Dismiss when he states:

> While Mr. Fennell frankly believed the OAG to be out gunned by the numerous law firms retained by the well financed Bank Board of Directors, and as a result hired the Kosack firm to act as lead counsel with limited insurance funds available to him, Mr. Fennell advised the OAG that if the initial motions to dismiss the Bank Lawsuit were unsuccessful (there are at least eight motions that have been pending for over four years in the CNMI Superior Court), Mr. Fennell would need the further assistance of the OAG, and possibly require the OAG to substitute in, and the OAG agreed.

Mr. Fennell's letter to Presiding Judge Naraja confirms this sentiment in that Mr. Fennell was not interested in David Lochabay as his attorney; he was interested in the Commonwealth

---

[17] *Id.* at 577, 92 S.Ct. 2701.

[18] *Id.,* 408 U.S. at 577, 92 S.Ct. 2701

[19] COMPLAINT DEMAND FOR JURY TRIAL AT EXHIBIT H-10.

[20] COMPLAINT DEMAND FOR JURY TRIAL AT EXHIBIT H-10.

paying for Mr. Kosack.[21]  Now, years later, Mr. Fennell claims he didn't reject using Mr. Lochabay as his attorney, as his letter indicates, but that he was using Mr. Lochabay in case he ran out of insurance money.  Under PELDIA, however, there is no entitlement to secondary coverage.  Rather, Mr. Fennell was only entitled to the Judicial Branch making a decision on how to conduct his defense, and nothing more.  Mr. Lochabay's services were all Mr. Fennell was entitled to and he rejected those services and used Mr. Kosack based on the same argument he uses now, but with a different government client.  In other words, as far back as 2005, Mr. Fennell claimed the Office to be conflicted due to its representation of the Secretary of Commerce.[22]  Once Mr. Fennell decided to keep using Mr. Kosack due to the "conflict" with the Secretary of Commerce, however, he waived any rights he had to an attorney at the Office of the Attorney General.  That Mr. Fennell continued to use Mr. Kosack at that time is not the fault of the Judicial Branch or the Office of the Attorney General.  Mr. Fennell's remaining "substantive limitations" argument is similarly without merit.

    Mr. Fennell correctly states that there can be substantive limitations on official discretion.[23]  Mr. Fennell then argues that the Model Rules and PELDIA limit the Attorney General Defendants' discretion.  This is without basis.  As noted above, Mr. Fennell has not alleged or claimed that the Attorney General Defendants ever acted in a capacity as his attorney.  As such, they did not run afoul of the Model Rules.  Moreover, they have provided this court with documentation indicating who Mr. Fennell's attorney was and that the Office took appropriate steps to avoid conflicts.  These documents are not an inappropriate factual argument,[24] and more

---

[21] MOTION TO DISMISS AT EXHIBIT 1.

[22] COMPLAINT DEMAND FOR JURY TRIAL AT EXHIBIT H-10; MOTION TO DISMISS AT EXHIBIT 1.

[23] *Kentucky Dept. of Corrections v. Thompson,* 490 U.S. 454, 462 (1989).

[24] While a court must generally refrain from considering extrinsic evidence in deciding a 12(b)(6) motion, it may consider documents on which the complaint 'necessarily relies' and whose 'authenticity ... is not contested.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). ...   While a court must accept all factual allegations

LA/576564v1

importantly, a factual argument is not needed because Mr. Fennell failed to plead facts to support his lawsuit.

Similarly, Mr. Fennell claims that PELDIA states that the Attorney General cannot unreasonably withhold approval of the appointment of any attorney acceptable to the public employee.  Such an argument assumes Mr. Fennell has any claim to public employee status.  The Attorney General Defendants submit that it is not unreasonable to be reluctant to call a receiver a government employee.  As noted before, court appointed receiver does not exercise a public trust,[25] or assert public rights on behalf of the people of a state or municipality,[26] even when the receiver is a state official.[27]  Moreover, a receiver is not considered a representative of the state,[28] and does not possess the receivership property in a sovereign capacity.[29]  Importantly, a receiver is not generally considered a public officer within the meaning of constitutional and statutory provisions relating to public officers.[30]  As such, Mr. Fennell's claims cannot be saved and must be dismissed.

## II. First Amendment

The substance of Mr. Fennell's First Amendment complaint is in paragraph 57 where Mr. Fennell claims that the Attorney General Defendants: "intended and continue to intend that their concerted actions and inaction intimidate, frustrate and hinder Mr. Fennell's defense in the Lawsuit for, among other purposes, the purpose of inhibiting Mr. Fennell from further divulging

---

as true, it need not accept as true any 'legal conclusions merely because they are cast in the form of factual allegations.' W. *Mining Council* [*v. Watt*], 643 F.2d [618] at 624 [9th Cir. 1981]." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 &n.5 (9th Cir. 2003).

[25]  *Kluckhuhn v. Ivy Hill Ass'n, Inc.*, 55 Md. App. 41, 461 A.2d 16 (1983), *cert. granted*, 297 Md. 317, 466 A.2d 38 (1983)  *judgment aff'd*, 298 Md. 695, 472 A.2d 77 (1984); *State v. Whitehurst*, 212 N.C. 300, 193 S.E. 657, 113 A.L.R. 740 (1937)

[26]  *Kluckhuhn v. Ivy Hill Ass'n, Inc.,* 461 A.2d at 16

[27]  *Id*.

[28]  *Blum v. State*, 94 Md. 375, 51 A. 26 (1902)

[29]  *Kluckhuhn v. Ivy Hill Ass'n, Inc.,* 461 A.2d at 16.

[30]  *State v. Whitehurst*, 212 N.C. 300, 193 S.E. 657, 113 A.L.R. 740 (1937); *Baird v. Lefor*, 52 N.D. 155, 201 N.W. 997, 38 A.L.R. 807 (1924).

what he knows among other things about: [salacious allegations about Governor Fitial.]"[31]  This free speech claim is, apparently, intertwined with the due process claim.  In other words, the same conduct that "violated" Mr. Fennell's due process rights (the Attorney General Defendants taking adverse positions to him) also was in "retaliation" for free speech.  This claim must fail.

A plaintiff must show three elements to sustain a First Amendment retaliation claim: "(1) defendants possessed an impermissible motive to interfere with his First Amendment rights, (2) defendants' conduct would have chilled a [receiver] of ordinary firmness from future First Amendment activities, and (3) the defendants would not have engaged in the conduct in question but for the retaliatory motive."[32]  There are insufficient facts to satisfy these elements.

To survive a motion to dismiss, Mr. Fennell's pleading must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[33]  In considering a motion to dismiss, the Court must accept as true all the factual allegations in the complaint.[34]  "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."[35]  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."[36]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[37]  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

---

[31] *See* COMPLAINT DEMAND FOR JURY TRIAL, P. 10-11, lns. 27-28 & lns. 1-18.

[32] *Hartman v. Moore*, 547 U.S. 250, 258-260 (2006); *Seven Star, Inc. v. Elluz Corp.*, 933 F.2d 791 (9th Cir.1991).

[33] *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

[34] *Id*.

[35] *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994).

[36] *Twombly,* 550 U.S. at 570.

[37] *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868, ---- (2009) (citing Twombly, 550 U.S. at 556).

LA/576564v1

acted unlawfully."[38]  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[39]

Apparently, Mr. Fennell's lawsuit is based on the MPLA, now DPL, lawsuit.  This lawsuit is currently pending before the Commonwealth Superior Court and to the extent Mr. Fennell wants this court to declare the lawsuit wrongful, he isn't entitled to such a finding.  It is clear Mr. Fennell believes this suit to be wrongful,[40] but this is not his decision to make.  That decision is left to a Commonwealth judge or jury.  Moreover, the only concrete acts that can be found in Mr. Fennell's pleading are that the Attorney General Defendants filed papers on behalf of DPL or opposed Mr. Fennell's interests.[41]

Because of this, the First Amendment claim must be dismissed because it contains only vague and conclusory allegations of misconduct and does nothing more than publish salacious allegations.  Mr. Fennell has failed to show the deprivation of any First Amendment right and his First Amendment claim under 42 U.S.C. § 1983 fails as a matter of law.

**VII. The Facts Alleged Do Not Show a Violation of Constitutional Rights.  Therefore, the Attorney General Defendants are entitled to Qualified Immunity.**

As demonstrated frequently in earlier sections of the brief, Mr. Fennell has failed to allege he was denied due process of any kind and has failed to allege a First Amendment claim.  In this case, however, even if Mr. Fennell could demonstrate a constitutional right was violated, he cannot show that his rights were clearly defined as required by the second step of the *Saucier* test. In determining whether the right here was clearly established, the court asks "whether it would be

---

[38] *Id.*
[39] *Id.* (*citing Twombly*, 550 U.S. at 557).
[40] Opposition to Defendant's Motion to Dismiss, p. 6, lns. 7-8.
[41] *Id.,* at H-2 & H-3.

clear to a reasonable [attorney] that his conduct was unlawful in the situation he confronted."[42] All Mr. Fennell has ever alleged in this lawsuit is that the Attorney General Defendants took actions against his interests. In other words, Mr. Gregory filed a lawsuit, Mr. Schweiger filed a notice, Mr. Welch filed a joinder and Mr. Baka opposed a motion. These acts, however, are what attorneys do. The question before this court is: would a reasonable attorney understand that by taking the described acts they were breaking the law? Remember, of course, that none of these individuals ever had an attorney/client relationship with Mr. Fennell. He admits as much by framing his claim as he was the client of "the Office." Moreover, in determining whether Mr. Fennell's rights were clearly established, the parties are to refer the court to cases with similar factual situations,[43] and Mr. Fennell cites *Bradshaw v. Commonwealth of the Northern Marian Islands,* (D.N.M.I. Sept 8, 2006).

*Bradshaw,* as this Court knows, was a pro se litigant who brought claims for 1983 claims for a failure to defend (he also brought a host of legal malpractice claims as well as immigration and other statutory claims). To be clear, Mr. Fennell isn't complaining about a failure to defend because he wasn't interested in Mr. Locabay's services.[44] Rather he is complaining that the Attorney General Defendants took adverse positions to him when he was not their client. Mr. Fennell can provide this Court with no case law where, absent an attorney/client relationship, a lawyer was forbidden from taking a position adverse to a non-client.

**CONCLUSION**

WHEREFORE, based upon the foregoing, this Court should grant, in whole or in part, Attorney General Defendants' Motion to Dismiss and that all costs be taxed to Mr. Fennell.

---

[42] *Saucier*, 533 U.S. at 202, 121 S.Ct. 2151.

[43] *See generally Brosseau v. Haugen,* 543 U.S. 194, 199-200, 125 S.Ct. 596, 599 - 600 (2004) (The parties point us to only a handful of cases relevant to the "situation [Brosseau] confronted").

[44] MOTION TO DISMISS AT EXHIBIT 1.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted
Thursday, September 03, 2009
OFFICE OF THE ATTORNEY GENERAL


                    */S/*
Braddock Huesman, F#0367


CERTIFICATE OF SERVICE

   I certify that a copy of this Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss was served on Mark Hanson who is the attorney in charge for plaintiff, Mr. Fennell, and whose address is PMB 738, PO Box 10000, Saipan, MP  96950, (670) 233-8600, by electronic filing on September 3, 2009.

                    */S/*
Braddock Huesman

LA/576564v1

-11-