Braddock J. Huesman
F#00367
Assistant Attorney General
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP 96950-8907
Telephone:   (670) 664-2341
Fax:   (670) 664-2349

Attorney for Defendants Matthew T. Gregory, Gregory Baka, Anthony Welch and Tom Schweiger.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| RANDALL T. FENNELL,<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>MATTHEW T. GREGORY, former Attorney General, GREGORY BAKA, Acting Attorney General, ANTHONY WELCH, Assistant Attorney General, TOM J. SCHWEIGER, Assistant Attorney General, and DOES 1-20, in their official and individual capacities,<br><br>　　　　Defendants. | CIVIL ACTION NO. 09-0019<br><br>**DEFENDANTS' NOTICE OF SUPPLEMENTAL CITATION OF AUTHORITY.** |

LA/576564v1

## NOTICE OF SUPPLEMENTAL CITATION OF AUTHORITY.

As discussed at the hearing on Defendants' Motion to Dismiss, Matthew T. Gregory, Gregory Baka, Anthony Welch, and Tom Schweiger file this Supplemental Citation of Authority.

Under Ninth Circuit case law, when a plaintiff's claim can be analyzed under, "an explicit textual source of rights in the Constitution," a court may not analyze that claim under the "more subjective standard of substantive due process." *Hufford v. McEnaney*, 249 F.3d 1142, 1151 (9th Cir.2001) (internal quotation marks and citations omitted) (declining to consider a plaintiff's substantive due process claim where the rights violated were protected under the First Amendment).

In *Hufford*, Mr. Hufford alleged that the defendants violated his clearly established rights when they discharged him for reporting that fellow firefighters had downloaded a large cache of hard core pornographic files on the firestation's computers. Mr. Hufford's claim also indicated a substantive due process claim; his liberty interest in his job. *See Id.,* at 1151. The Ninth Circuit, however, ruled that the defendants were entitled to qualified immunity on the due process property claim because "plaintiff's claim can be analyzed under an explicit textual source of rights in the Constitution, a court should not resort to the "more subjective standard of substantive due process." *See, id.* The Court went on to say that "because the First Amendment explicitly covers Hufford's claim, the First Amendment, 'not the Fourteenth Amendment's guarantee of substantive due process, should guide the analysis of the [plainitff's] claims.'" *See id,* (citations omitted).

Similarly, Mr. Fennell complains that the acts taken by the Attorney General Defendants deprived him of both his First Amendment right to free speech and his substantive property right to "conflict free counsel". Mr. Hufford alleged that he lost his property rights due to retaliation

for the exercise of his free speech.  Similarly, Mr. Fennell has stated that the motive behind the alleged deprivation of his property interest was retaliation for the exercise of his free speech. Thus, under *Hufford,* Mr. Fennell's due process claim should be dismissed because of the First Amendment claim.[1]

>
> Respectfully submitted
> Wednesday, August 06, 2009
> OFFICE OF THE ATTORNEY GENERAL
>
>
> _____*/S/*_____
> Braddock Huesman, F#00367

---

[1]  Additionally, other courts have affirmed that when plaintiffs have asserted a substantive due process and a viable First Amendment claim for the very same conduct, they "have declined to 'enter the uncharted thicket of substantive due process to find an avenue of relief.'"  *Ramirez v. Arlequin*, 447 F.3d 19, 25 (1st Cir.2006) (*quoting Nestor Colon-Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 46 (1 st Cir.1992)); *see also Corales v. Bennett*, 488 F.Supp.2d 975, 985 (C.D.CA. 2007) (holding that a substantive due process claim based on a First Amendment violation "is duplicative of [the] First Amendment claim and is not actionable under the rubric of 'substantive due process' "); *Marras v. City of Livonia*, No. 07-12562, 2007 U.S. Dist. LEXIS 80884, *7-8, 2007 WL 3227594 (E.D.Mich. Nov. 1, 2007) (dismissing the plaintiffs' substantive due process claims where the allegedly unconstitutional actions fall under First Amendment protections); *Williams v. Luttrell*, No. 06-2777, 2007 U.S. Dist. LEXIS 81408, *22, 2007 WL 3236662 (W.D.Tenn. Nov. 1, 2007) (dismissing as duplicative a substantive due process claim based on allegations of retaliation for exercising First Amendment rights); *Battiste v. Lamberti*, 571 F.Supp.2d 1286, 1292, n. 2 (S.D.Fla.2008) (noting that because the First Amendment provides an explicit source of protection against violations of free speech rights, the First Amendment and not the more generalized right to substantive due process governs the constitutionality of the events"); *Kasprzycki v. DiCarlo*, 584 F.Supp.2d 470, 478 (D.Conn.2008) (holding that where a plaintiff asserts a First Amendment claim and a substantive due process claim based on the same events, "these events must be analyzed under the elements of a First Amendment retaliation claim and not the more general theory of substantive due process").

## CERTIFICATE OF SERVICE

I certify that a copy of Defendants' Motion to Enlarge Time was served on Mark Hanson who is the attorney in charge for plaintiff, Mr. Fennell, and whose address is PMB 738, PO Box 10000, Saipan, MP 96950, (670) 233-8600, by electronic filing on Tuesday, September 15, 2009.

           /s/
Braddock J. Huesman

LA/576564v1

-4-